Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RIVKA ("REBECCA") SPIVAK,

Plaintiff,

v.

ALPHABET INC., FACEBOOK INC., BRIAN LEE JOHNSRUD, SHAWN JASON BAYERN, RAYMOND LESLIE BLESSEY, AYAN RAY KAYAL, DAVID ANDREW RUSSCOL, DIANA RUTH SHERMAN, MAX RAYMOND CHO; DOES I THROUGH X, AND ROE BUSINESS ENTITIES I THROUGH X,

Defendants.

Case No. 2:20-cv-01480-MJP

DEFENDANTS GOOGLE LLC AND BRIAN LEE JOHNSRUD'S MOTION TO STRIKE ALLEGATIONS IN PLAINTIFF'S COMPLAINT (FED. R. CIV. PROC. 12(F))

Noted on Motion Calendar: Dec. 4, 2020



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

## TABLE OF CONTENTS

I. INTRODUCTION ........ 1

II. RELEVANT BACKGROUND AND ALLEGATIONS ........ 1

III. LEGAL STANDARD FOR FRCP 12(f) MOTION TO STRIKE ........ 4

IV. THE COURT SHOULD STRIKE PLAINTIFF'S ALLEGATIONS THAT SEEK TO RE-LITIGATE CLAIMS AND ISSUES THAT WERE OR COULD HAVE BEEN LITIGATED IN THE UNDERLYING ARBITRATION, AND AS TO WHICH PLAINTIFF FAILED TO TIMELY CHALLENGE UNDER THE FAA ........ 5

A. Plaintiff's Attempt To Relitigate Claims And Issues That The Arbitrator Decided Is Precluded Under The Doctrines Of Claim And Issue Preclusion. ........ 5

1. The Prior Proceedings Involved The Same Transaction. ........ 5

2. The Prior Proceedings Reached A Final Judgment On The Merits. ........ 6

3. The Prior Proceedings Involved The Same Parties Or Privies. ........ 6

4. Alternatively, Issue Preclusion Bars Plaintiff's Attempt To Relitigate Decided Issues. ........ 7

B. Plaintiff Failed To Seek Timely Review Of The Dismissal Of Her Arbitration Under the FAA, Which Is The Exclusive Grounds For Challenging An Arbitration Award Within Its Purview. ........ 8

V. THE COURT SHOULD STRIKE PLAINTIFF'S ALLEGATIONS PREMISED ON LITIGATION ACTIVITY AND CONDUCT INCIDENTAL TO LITIGATION ........ 9

VI. THE COURT SHOULD STRIKE ALLEGATIONS THAT ARE NOT FACIAL PLAUSIBLE ........ 12

VII. CONCLUSION ........ 12



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

## TABLE OF AUTHORITIES

**Cases**

*Allen v. McCurry*,
449 U.S. 90 (1980) .......... 7

*In re Bays*,
No. 01-05127, 2008 WL 5501075 (Bankr. E.D. Wash. Sept. 3, 2008) .......... 7

*Beard v. Sheet Metal Workers Union, Local 150*,
908 F.2d 474 (9th Cir. 1990) .......... 6

*Cal. Motor Transp. Co. v. Trucking Unlimited*,
404 U.S. 508 (1972) .......... 11

*Clark v. Bear Stearns & Co.*,
966 F.2d 1318 (9th Cir. 1992) .......... 6, 7

*Columbia Pictures Indus., Inc. v. Prof'l Real Estate Inv'rs, Inc.*,
944 F.2d 1525 (9th Cir. 1991) .......... 10

*Entrepreneur Media, Inc. v. Dermer*,
No. SACV 18-1562JVS(KESx), 2019 WL 4187466 (C.D. Cal. July 22, 2019) .......... 11

*Eurotech, Inc. v. Cosmos European Travels Aktiengesellschaft*,
189 F.Supp.2d 385 (E.D. Va. 2002) .......... 11

*Fantasy, Inc. v. Fogerty*,
984 F.2d 1524 (9th Cir. 1993) .......... 4, 5

*First Pac. Bancorp, Inc. v. Helfer*,
224 F.3d 1117 (9th Cir. 2000) .......... 5

*Florer v. Johnson*,
No. C06-5561 RJB/KLS, 2009 WL 1259076 (W.D. Wash. May 4, 2009) .......... 6

*Freeman v. Lasky, Haas & Cohler*,
410 F.3d 1180 (9th Cir. 2005) .......... 11, 12

*Heiser v. Woodruff*,
327 U.S. 726 (1946) .......... 5

*Henry v. Farmer City State Bank*,
808 F.2d 1228 (7th Cir. 1986) .......... 7



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

*Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*,
791 F.2d 1334 (9th Cir. 1986) ....................9

*Owens v. Kaiser Found. Health Plan, Inc.*,
244 F.3d 708 (9th Cir. 2001) ....................6

*Plotner v. AT & T Corp.*,
224 F.3d 1161 (10th Cir. 2000) ....................7

*Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*,
508 U.S. 49 (1993)....................11

*ProShipLine Inc. v. Aspen Infrastructures Ltd.*,
609 F.3d 960 (9th Cir. 2010) ....................5

*Quezada v. Bechtel OG & C Constr. Servs., Inc.*,
946 F.3d 837 (5th Cir. 2020) ....................5

*Sander v. Weyerhaeuser Co.*,
966 F.2d 501 (9th Cir. 1992) ....................9

*Semtek Int'l Inc. v. Lockheed Martin Corp.*,
531 U.S. 497 (2001)....................5

*Sosa v. DIRECTV, Inc.*,
437 F.3d 923 (9th Cir. 2006) ....................9, 10, 12

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency*,
322 F.3d 1064 (9th Cir. 2003) ....................6

*Taylor v. Sturgell*,
553 U.S. 880 (2008)....................5

*Theme Promotions, Inc. v. News Am. Mktg. FSI*,
546 F.3d 991 (9th Cir. 2008) ....................12

*Viriyapanthu v. California*,
2018 WL 6136150 (C.D. Cal. Sept. 24, 2018) ....................11

*Wilson v. Leigh Law Grp., P.C.*,
No. 20-CV-03045-MMC, 2020 WL 3972574 (N.D. Cal. July 14, 2020) ....................12



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

**Statutes**

9 U.S.C. Sec 1, *et seq.*....................8

9 U.S.C. § 12....................1, 5, 8, 9

9 U.S.C. § 9....................5

18 U.S.C. § 1964....................3

42 U.S.C. § 1985....................3, 9, 12

RCW 7.04A.180....................8

RCW 7.04A.240....................8

**Rules**

FRCP 12(f)....................1, 4, 12



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

## I. INTRODUCTION

Plaintiff Rivka Spivak ("Plaintiff") wants a second bite at the litigation apple. She concedes she is "a former Google employee ***who previously raised allegations*** that Google and their lawyers obstructed justice in a federal EEOC Investigation and in other legal proceedings," and whose later "arbitration was ***dismissed with prejudice*** on July 22, 2019." (Dkt. #3 at ¶¶ 1, 19 (emphasis added).)Yet nearly all the allegations in her Complaint against defendants Google LLC ("Google")[1] and its counsel, Brian Lee Johnsrud ("Johnsrud"), try to improperly relitigate issues that Plaintiff could have raised—or *did* raise—in prior proceedings.

Rather than challenging her prior arbitration through the exclusive procedures provided by the Federal Arbitration Act, 9 U.S.C. § 12 ("FAA"), Plaintiff seeks to squander judicial and party resources in an impermissible bid to relitigate decided issues or issues that could have been resolved in prior forums. Her allegations about the prior litigation between Plaintiff and Google are "immaterial" and "impertinent" under FRCP 12(f) because they are barred by claim preclusion; they are an attempted end-run around FAA procedure; and they try to premise liability on protected litigation conduct. Defendants Google and Johnsrud thus respectfully request that the Court strike the material shown on the attached Exhibit A.

## II. RELEVANT BACKGROUND AND ALLEGATIONS

Plaintiff alleges that Google and Johnsrud acted improperly by: (1) petitioning a federal court to compel arbitration; (2) responding to Plaintiff's Charge of Discrimination filed with the Equal Employment Opportunity Commission; and (3) arbitrating Plaintiff's claims against Google.[2] Johnsrud represented Google at each stage. (Dkt. #3 at ¶ 10.)

**Petition to Compel Arbitration.** Plaintiff alleges that Google's petition in Federal court was "unwarranted" because she "had not done anything that justified Google filing the petition

[1] Alphabet Inc. is erroneously named as a defendant. Google LLC, a subsidiary of Alphabet Inc., was Plaintiff's employer and the defendant in the prior proceedings Plaintiff alleges. (*See generally* Dkt. #3.)

[2] Defendants Google and Johnsrud deny the allegations of wrongdoing in Plaintiff's Complaint.



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

against her"; "The case law that Google cited to justify the petition was not applicable to the facts"; Google "made public unnecessary and misleading detail that was prejudicial to Plaintiff" and submitted a declaration "knowing that it contained false statements." (Dkt. #3 at ¶¶ 35-43.)

**Response to Plaintiff's EEOC Charge of Discrimination.** Plaintiff alleges that in its response to her EEOC Charge, Google and Johnsrud made a "false and material" allegation and submitted "altered" emails. (Dkt. #3 at ¶¶ 50-79.) Plaintiff also alleges that during the EEOC investigation, "Google made additional material misrepresentations and withheld the pay-data requested by the EEOC to establish Plaintiff's damages." (*Id.* at ¶¶ 82-24.)

**Arbitration Conduct.** Plaintiff alleges Google submitted the same "altered" emails in the arbitration and "was uncooperative with Plaintiff throughout discovery and made false material statements in their discovery pleadings." (Dkt. #3 at ¶¶ 81, 89.) Plaintiff alleges Google engaged in "witness intimidation" by emailing certain Google employees stating that "the arbitrator has ordered that we furnish Spivak with a list of employees who have requested not to be contacted by her" and requesting they reply if they did not want to be contacted by Spivak. (*Id.* at ¶ 90.) In his Order, the Arbitrator, Hon. Robert A. Baines (Ret.), had noted the "unprofessional and demeaning nature" of Plaintiff's communications with Google employees and concluded "[t]here is nothing improper in Respondent's counsel seeking the individual's wishes on the 'contact' issue." (*See* Request for Judicial Notice In Support Of Defendants Google LLC and Brian Lee Johnsrud's Motion To Dismiss For Failure To State A Claim; and Motion To Strike Allegations In Plaintiff's Complaint ("RJN") (Dkt. #32), Ex. A (Pre-Hearing Order No. 8).)

Plaintiff also alleges that she brought a motion for sanctions, which the Arbitrator denied, because Google "continued to lie, mislead, submit false evidence, and make material misrepresentations of fact." (Dkt. #3 at ¶¶ 104, 106 108, 118, 121.) The Arbitrator's Order addresses six actions Plaintiff alleged warranted sanctions: (1) Google's petition to compel arbitration; (2) Google's submission of purportedly altered emails to the EEOC and in



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

arbitration; (3) Google's submission of purportedly "fabricated" evidence to the EEOC and in arbitration; (4) Google's purported misrepresentation of its employee Code of Conduct; (5) Google's no-contact email to certain employees; and (6) Google's alleged concealment of information relating to an adverse employment action. (*See* RJN, Ex. B (Pre-Hearing Order No. 10).) The Arbitrator not only denied Plaintiff's request for sanctions against Google, but imposed sanctions *against Plaintiff* in the amount of $12,500.00. (*Id.*)

In May, 2019, the Arbitrator denied Plaintiff's request for a protective order, which was based on allegations that Google was "improperly pursuing discovery in an attempt to gather evidence to support a request to law enforcement to file criminal charges against her" and that Google was engaging in "psychological abuse/warfare." (*See* RJN, Ex. C (Pre-Hearing Order No. 13).) The Arbitrator held that Google's "complained-of discovery efforts" were "commonplace and appropriate in any contested matter." (*Id.* at p. 4.) The Arbitrator ultimately dismissed Plaintiff's arbitration with prejudice. (*See* Dkt. #3 at ¶ 211; RJN, Ex. E (Order Dismissing Arbitration Proceeding With Prejudice).)

Incorporating all of these allegations, Plaintiff's Complaint alleges claims under 42 U.S.C. § 1985, premised in part on allegations that Google "intimidated potential Plaintiff-side witnesses"; that Google made an "effort to shut down Plaintiff's arbitration"; that Google "was willing to settle Plaintiff's claims for more than they otherwise believed them to be worth in arbitration, on the condition that Plaintiff be utterly discredited and humiliated in the process"; and that as a result, "Plaintiff has been injured in her property in that her claims in arbitration were dismissed with prejudice." (Dkt. #3 at ¶¶ 315, 317, 321.) Based on much of the same alleged conduct, Plaintiff also claims a violation of the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964 ("RICO"), in which she alleges that Google, Johnsrud and others "formed an enterprise with the purpose of covering up Google's past and ongoing misconduct in multiple legal proceedings and investigations"; that "[t]he purpose of the enterprise also included shutting down a California-based arbitration"; and that she "suffered



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

injury to her property in that her Title VII and State Claims were dismissed with prejudice." (Dkt. #3 at ¶¶ 331, 333-34.) As predicate acts of racketeering, Plaintiff alleges that Google "generat[ed] false or misleading evidence"; that "Google influenced and intimidated Google employees who were potential Plaintiff-side witnesses" in arbitration; and that Johnsrud "engaged in multiple repeated acts of obstruction in Plaintiff's arbitration." (*Id.* at ¶¶ 336, 349, 350.)

## III. LEGAL STANDARD FOR FRCP 12(f) MOTION TO STRIKE

The Court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter," either on its own motion or on motion made by a party before responding to a pleading. FRCP 12(f). Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (affirming striking of "superfluous historical allegations" barred by res judicata) (citation and quotation marks omitted), *rev'd on other grounds*, 510 U.S. 517 (1994). Impertinent matter includes "statements that do not pertain, and are not necessary, to the issues in question." *Id.* at 1527 (citation and quotation marks omitted).

The purpose of a motion to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Id.* (citation and quotations omitted). Thus, a court may "properly grant [a] motion to strike for the purpose of streamlining the ultimate resolution of the action and focusing the jury's attention on the real issues in the case." *Fogerty*, 984 F.2d at 1528. Here, the Court should strike Plaintiff's immaterial and impertinent allegations regarding prior legal proceedings against Google. These allegations improperly attempt to relitigate decided issues, collaterally attack the arbitration process, and premise liability on litigation and incidental conduct.



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

## IV. THE COURT SHOULD STRIKE PLAINTIFF'S ALLEGATIONS THAT SEEK TO RE-LITIGATE CLAIMS AND ISSUES THAT WERE OR COULD HAVE BEEN LITIGATED IN THE UNDERLYING ARBITRATION, AND AS TO WHICH PLAINTIFF FAILED TO TIMELY CHALLENGE UNDER THE FAA

### A. Plaintiff's Attempt To Relitigate Claims And Issues That The Arbitrator Decided Is Precluded Under The Doctrines Of Claim And Issue Preclusion.

A Court may properly rule on preclusion on a motion to strike where the grounds appear in the pleadings and matters judicially noticeable. *Fantasy, Inc.*, 984 F.2d at 1529. Claim preclusion bars "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) (citing *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)).[3] A prior proceeding has preclusive effect where it (1) involved the same claim or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies. *First Pac. Bancorp, Inc. v. Helfer*, 224 F.3d 1117, 1128 (9th Cir. 2000). All of these criteria are met here.

#### 1. The Prior Proceedings Involved The Same Transaction.

To determine identity of claims, courts consider: (1) whether the two suits arose out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in both actions. *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010) (quotation and citation omitted). Claim preclusion applies "not only as to all matters litigated and decided . . . but as to all relevant issues *which could have been* but were not raised and litigated in the suit." *Heiser v. Woodruff*, 327 U.S. 726, 735 (1946).

---

[3] After the Arbitrator's dismissal with prejudice, either party could have applied "to the United States court in and for the district within which such award was made" for an order confirming the award under 9 U.S.C. § 9. To determine jurisdiction to confirm an arbitration award, the majority view is that federal courts apply a "look-through approach" that examines whether underlying dispute presents a federal question. *See Quezada v. Bechtel OG & C Constr. Servs., Inc*., 946 F.3d 837, 843 (5th Cir. 2020) (describing circuit split). Plaintiff alleged state and federal claims in her arbitration. (*See* Dkt. # 3 at ¶ 315.) Federal common law determines the preclusive effect of a federal-court judgment in a federal question case. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507–508 (2001).



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

Here, Plaintiff previously alleged claims of employment discrimination and retaliation, but the proceedings also encompassed multiple allegations of improper conduct by Google and Johnsrud, including allegations of ulterior and improper motives for litigation conduct. (*E.g.*, RJN Exhibit C (Pre-Hearing Order No. 13).) Plaintiff's instant allegations about Google and Johnsrud's conduct relate to the same nucleus of facts at issue in the arbitration. Plaintiff could have *and did* raise almost all the allegations at issue. Accordingly, relitigation of Plaintiff's claims of litigation misconduct would impair the interests established in the arbitration by reopening decided disputes, involving the same rights, and involving substantially the same evidence. Plaintiff cannot simply avoid claim preclusion by alleging the same underlying issues under a new legal theory. *Florer v. Johnson*, No. C06-5561 RJB/KLS, 2009 WL 1259076, at *5 (W.D. Wash. May 4, 2009) ("A change in the legal theory underlying claims brought in the first round of litigation will not defeat *res judicata*.").

**2. The Prior Proceedings Reached A Final Judgment On The Merits.**

A dismissal with prejudice is a final adjudication on the merits for claim preclusion purposes. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001); *Beard v. Sheet Metal Workers Union, Local 150*, 908 F.2d 474, 477 n.3 (9th Cir. 1990) (voluntary dismissal with prejudice would have res judicata effect). Final judgments in the context of arbitration have res judicata effect. *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1321 (9th Cir. 1992). The Arbitrator dismissed Plaintiff's claims with prejudice (*see* RJN Exhibit D), and therefore reached a final judgment on the merits.

**3. The Prior Proceedings Involved The Same Parties Or Privies.**

Privity exists where "there is substantial identity between parties, that is, when there is sufficient commonality of interest." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) (internal quotations and citations omitted). Google was a party to the prior proceedings, and Johnsrud represented Google in those proceedings. As client and attorney, Google and Johnsrud had a common interest in defending



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

Plaintiff's claims. *See, e.g.*, *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1169 (10th Cir. 2000) (privity exists between attorneys and clients for res judicata purposes); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1235 n.6 (7th Cir. 1986) (same); *see also In re Bays*, No. 01-05127, 2008 WL 5501075, at *3 (Bankr. E.D. Wash. Sept. 3, 2008) (same).

**4. Alternatively, Issue Preclusion Bars Plaintiff's Attempt To Relitigate Decided Issues.**

"[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). A non-party may use the doctrine "'offensively' against the party who lost on the decided issue in the first case." *Id.* Issue preclusion requires: (1) that the issue be identical to the prior litigation; (2) that the issue was actually litigated in the prior litigation; and (3) that the determination of the issue was a critical and necessary part of the judgment in the earlier action. *Clark*, 966 F.2d at 1320. Issue preclusion applies to prior arbitration proceedings. *Id.*

Here, Plaintiff's allegations regarding Google and Johnsrud's conduct are the same issues she raised in arbitration. For example, as for the petition to compel arbitration (Dkt. # 3 at ¶¶ 36-44), the Arbitrator ruled, "there was nothing improper in Google's decision to promptly seek a court's ruling on the proper venue for that arbitration" and "no challenge whatever was made to the propriety of the court filing in 2015." (*See* RJN, Ex. B (Pre-Hearing Order No. 10) at p. 3.) Addressing the purportedly "altered" emails (Dkt. # 3 at ¶¶ 58-83), the Arbitrator concluded that "Google did not make any representations [about the emails] other than they appeared to be authored by Spivak … it does not appear that Google did anything other than submit the emails it received" and "there is no evidence of harm to Spivak's EEOC proceedings or to this arbitration from Google submitting the emails" because Plaintiff "promptly submitted the full originals … over a year before the EEOC completed its investigation." (RJN Ex. B at p. 4.) As for allegedly "fabricated" emails from Plaintiff's supervisor (*see* Dkt. # 3 at ¶ 117), the Arbitrator found



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

"Spivak has not demonstrated that Google 'fabricated' evidence that was submitted to the EEOC." (RNJ Ex. B at p. 6.) With respect to the employee who allegedly did not want to be on the "no-contact" list (Dkt. # 3 at ¶¶ 90-94), the Arbitrator found no evidence "that Google intentionally misrepresented [the employee's] response on the no-contact issue." (RJN Ex. B at p. 8.) Finally, as to Plaintiff's claims that Google was uncooperative in discovery, made false statements in discovery pleadings, and that Google requested she make a settlement demand (Dkt. # 3 at ¶¶ 89, 293-94), the Arbitrator concluded the "discovery efforts [were] commonplace and appropriate" and that "seeking a settlement demand … is typical and appropriate." (RJN, Ex. C (Pre-Hearing Order No. 13) at p. 4.)

Google and Plaintiff litigated all of these issues, and they were a necessary part of the judgment because the Arbitrator issued a final judgment on the merits of Plaintiff's claims. Plaintiff's allegations about her previous proceedings against Google and Johnsrud should be stricken because they are immaterial and impertinent to the claims at issue here.

**B. Plaintiff Failed To Seek Timely Review Of The Dismissal Of Her Arbitration Under the FAA, Which Is The Exclusive Grounds For Challenging An Arbitration Award Within Its Purview.**

The Arbitrator dismissed Plaintiff's claims with prejudice. (Dkt. #3 at ¶ 19.) Under the JAMS Employment Arbitration Rules & Procedures governing the arbitration, "[p]roceedings to enforce, confirm, modify or vacate an Award will be controlled by and conducted in conformity with the Federal Arbitration Act, 9 U.S.C. Sec 1, et seq., or applicable state law." (*See* RJN Ex. E (JAMS Rule 25).) The FAA requires that a motion to vacate an arbitration award be served on the adverse party within three months from the filing of the arbitration award, so Plaintiff's deadline was October 22, 2019.[4] 9 U.S.C. § 12. Rather than challenging the arbitration through

[4] The outcome would be the same under Washington or California law. RCW 7.04A.240 provides that a motion to vacate, modify or correct an award must be filed within 90 days and applies to court enforcement of a preaward ruling by an arbitrator. RCW 7.04A.180. Under California Code of Civil Procedure section 1288, the statute of limitations on petitions to vacate arbitration awards runs for 100 days from service of the arbitration award.



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

the proper procedure, Plaintiff instead waited *over a year* and filed this separate action, recasting her litigated claims and issues as conspiracy and RICO claims.

However, "[t]he federal Arbitration Act provides the ***exclusive*** grounds for challenging an arbitration award within its purview." *Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1338 (9th Cir. 1986) (emphasis added). The Ninth Circuit "has been ***extremely unwilling*** to upset the streamlined nature of arbitration by permitting the launching of collateral attacks" in the form of independent lawsuits alleging misconduct during arbitration. *Sander v. Weyerhaeuser Co.*, 966 F.2d 501, 503 (9th Cir. 1992) (citing *Corey v. New York Stock Exchange*, 691 F.2d 1205, 1213 (6th Cir.1982)) (emphasis added). In *Sander*, the plaintiff sought to challenge an arbitration award, claiming that the defendant obtained a fraudulent arbitration award by withholding information. *Id.* The Ninth Circuit held that even if the information was withheld improperly, the plaintiff needed to timely challenge the award under the FAA. *Id.* The Ninth Circuit reasoned that the FAA deadline "is meaningless if a party to the arbitration proceedings may bring an independent direct action asserting such claims outside of the statutory time period" and that allowing such a claim would "open[] up the possibility for unending collateral attacks on the results of adjudications on grounds that some piece of discovery or another was withheld or improperly represented. We find that quite inappropriate." *Id.*

As in *Sander*, Plaintiff failed to timely challenge the arbitration award under the exclusive FAA procedure. Her collateral attacks are immaterial and impertinent, and should be stricken.

## V. THE COURT SHOULD STRIKE PLAINTIFF'S ALLEGATIONS PREMISED ON LITIGATION ACTIVITY AND CONDUCT INCIDENTAL TO LITIGATION

The *Noerr–Pennington* doctrine derives from the First Amendment's petition clause. Under the doctrine, "those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." *Sosa v. DIRECTV, Inc.*,



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

437 F.3d 923, 929 (9th Cir. 2006) (citing *Empress LLC v. City & Cnty. of S.F.*, 419 F.3d 1052, 1056 (9th Cir. 2005)). *Noerr-Pennington* "stands for a generic rule of statutory construction, applicable to any statutory interpretation that could implicate the rights protected by the Petition Clause." *Id.* at 931. Such conduct includes "conduct incidental" to litigation. *Columbia Pictures Indus., Inc. v. Prof'l Real Estate Inv'rs, Inc.*, 944 F.2d 1525, 1528 (9th Cir. 1991), *aff'd*, 508 U.S. 49 (1993). Here, Plaintiff seeks to burden protected petitioning conduct by premising liability on litigation and incidental conduct by Google and Johnsrud.

<u>Petition to Compel Arbitration</u>. Plaintiff alleges that Google's petition was "unwarranted" because she "had not done anything that justified Google filing the petition against her"; "The case law that Google cited … was not applicable to the facts"; Google "made public unnecessary and misleading detail that was prejudicial to Plaintiff" and Google submitted a declaration that Plaintiff believed contained false statements. (Dkt. #3 at ¶¶ 35-43.) Google and Johnsrud's decision to petition a Federal court falls within the protection of *Noerr-Pennington*. There would be an impermissible chilling effect if litigants were subject to liability for petitioning a court to compel compliance with contractual obligations.

<u>Settlement Negotiations</u>. Plaintiff also impermissibly seeks to premise liability on settlement negotiations. She alleges that Google (through its counsel Johnsrud) "told Plaintiff … that they were ready to settle"; "never accepted [her settlement] demands"; and that "Google was willing to settle Plaintiff's claims for more than they otherwise believed them to be worth in arbitration, on the condition that Plaintiff be utterly discredited and humiliated in the process." (Dkt. #3 at ¶¶ 293-94, 317.) These allegations concern decisions about whether to make a settlement offer or reject a settlement demand. This conduct is incidental to the litigation and thus protected under *Noerr-Pennington*. *See Columbia Pictures Indus., Inc. v. Prof'l Real Estate Inv'rs, Inc.*, 944 F.2d 1525, 1528 (9th Cir. 1991) ("A decision to accept or reject an offer of settlement is conduct incidental to the prosecution of the suit."), *aff'd*, 508 U.S. 49 (1993).



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

EEOC Charge of Discrimination. *Noerr-Pennington* also protects Google and Johnsrud's petitioning activity with the EEOC. (Dkt. #3 at ¶¶ 50-57 (alleging a "false and material" allegation in EEOC response).) Plaintiff alleges that Google provided the EEOC with emails that "had been altered" (*id*. at ¶¶ 58-79), and that during the EEOC investigation, "Google made additional material misrepresentations and withheld the pay-data requested by the EEOC to establish Plaintiff's damages" (*id*. at ¶¶ 82-24). Google and Johnsrud's decisions about the content of Google's response to Plaintiff's Charge of Discrimination are protected petitioning activity. *See Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510–11 (1972) (*Noerr-Pennington* doctrine applies when petitioning state and federal agencies).

Arbitration Conduct. The bulk of Plaintiff's allegations regarding Google and Johnsrud focus on their defense of Plaintiff's claims in arbitration. (*See* Dkt. #3 at ¶¶ 81, 89-94, 104-121.) Google and Johnsrud's decisions in arbitration—including which documents to submit, evidence preservation requests, and efforts to protect Google employees from unwanted contact—are all conduct incidental to litigation protected by *Noerr-Pennington*. *See Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1184-85 (9th Cir. 2005) (applying *Noerr-Pennington* to discovery conduct); *Viriyapanthu v. California*, 2018 WL 6136150, at *7 (C.D. Cal. Sept. 24, 2018) (*Noerr-Pennington* "is not limited to lawsuits; it has also been applied to quasi-judicial proceedings.").[5]

Finally, Plaintiff cannot establish the "sham exception" to the *Noerr-Pennington* doctrine. The sham exception requires showing that the protected activity was "objectively baseless" and brought for an unlawful purpose. *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60–61 (1993). "The existence of probable cause to institute legal proceedings precludes the sham exception." *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1185 (9th

[5] *Accord Entrepreneur Media, Inc. v. Dermer*, No. SACV 18-1562JVS(KESx), 2019 WL 4187466, at *2 (C.D. Cal. July 22, 2019) (*Noerr-Pennington* has been applied to quasi-judicial proceedings); *Eurotech, Inc. v. Cosmos European Travels Aktiengesellschaft*, 189 F.Supp.2d 385, 392–93 (E.D. Va. 2002) ("WIPO proceedings, a form of arbitration, are part of the adjudicatory process and thus warrant *Noerr–Pennington* immunity").



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

Cir. 2005). Here, Google and Johnsrud prevailed in the arbitration rulings, thus precluding the sham exception as matter of law. *Id.* ("Prevailing on a defense …is evidence of probable cause").

Under *Noerr-Pennington*, courts must "construe federal statutes so as to avoid burdening conduct that implicates the protections afforded by the Petition Clause unless the statute clearly provides otherwise." *Freeman*, 410 F.3d at 1185. The Court thus should conclude that the litigation and incidental conduct alleged by Plaintiff cannot be a basis for liability under RICO, 42 U.S.C. § 1985, or invasion of privacy under Washington law, and strike those allegations from the Complaint. *See Sosa*, 437 F.3d at 942 (dismissing RICO claims based on protected petitioning activity barred by *Noerr-Pennington* doctrine); *Wilson v. Leigh Law Grp., P.C.*, No. 20-CV-03045-MMC, 2020 WL 3972574, at *4 (N.D. Cal. July 14, 2020) (litigation conduct immune from liability under 42 U.S.C. § 1985); *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1007 (9th Cir. 2008) (*Noerr-Pennington* immunity extends to state law tort claims).

## VI. THE COURT SHOULD STRIKE ALLEGATIONS THAT ARE NOT FACIAL PLAUSIBLE

As explained in Defendants' Motion to Dismiss, the Complaint includes multiple allegations that fail to state viable or facially plausible claims. All such allegations should be stricken as immaterial and impertinent. (*See* Dkt. #31 (Google LLC and Brian Lee Johnsrud's Motion to Dismiss Plaintiff's Complaint).)

## VII. CONCLUSION

For these reasons, Defendants Google and Johnsrud ask the Court to grant this motion under FRCP 12(f) and strike the material designated in the attached Exhibit A.



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

DATED this 10th day of November, 2020.

*By: s/ Kellen A. Hade*
Kellen A. Hade, WSBA No. 44535
Katie Loberstein, WSBA No. 51091
MILLER NASH GRAHAM & DUNN LLP
Pier 70, 2801 Alaskan Way Ste. 300
Seattle, WA 98121-1128
Tel: (206) 624-8300
Fax: (206) 340-9599
Email: kellen.hade@millernash.com
katie.loberstein@millernash.com

Attorneys for Alphabet Inc. and Brian L. Johnsrud

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered users.

I declare under penalty of perjury under the laws of the United States of America and the state of Washington that the foregoing is true and correct.

Signed at Seattle, Washington this 10th day of November, 2020.

*s/ Edgar Y. Rosales*
Edgar Y. Rosales, Legal Assistant
edgar.rosales@millernash.com

4839-6275-7073.2



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121