Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RIVKA ("REBECCA") SPIVAK,

Plaintiff,

v.

ALPHABET INC., FACEBOOK INC., BRIAN LEE JOHNSRUD, SHAWN JASON BAYERN, RAYMOND LESLIE BLESSEY, AYAN RAY KAYAL, DAVID ANDREW RUSSCOL, DIANA RUTH SHERMAN, MAX RAYMOND CHO; DOES I THROUGH X, AND ROE BUSINESS ENTITIES I THROUGH X,

Defendants.

Case No. 2:20-cv-01480-MJP

DEFENDANTS GOOGLE LLC AND BRIAN LEE JOHNSRUD'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (FED. R. CIV. PROC. 12(B)(6))

Noted on Motion Calendar: Dec. 4, 2020



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

**TABLE OF CONTENTS**

I. INTRODUCTION ....................................................1

II. RELEVANT BACKGROUND AND ALLEGATIONS ....................................................2

III. LEGAL STANDARD FOR FRCP 12(b)(6) MOTION TO DISMISS ....................................................5

IV. THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS WITH PREJUDICE BECAUSE THEY ARE PRECLUDED AND AN UNTIMELY CHALLENGE ARE IMPROPER ATTEMPTS TO RE-LITIGATE CLAIMS AND ISSUES THAT WERE OR COULD HAVE BEEN LITIGATED IN THE UNDERLYING ARBITRATION, AND WHICH PLAINTIFF FAILED TO TIMELY CHALLENGE UNDER THE FAA ....................................................5

A. Plaintiff's Allegations Against Google And Johnsrud Concern Issues And Claims That Were Or Could Have Been Raised In The Arbitration. ....................................................5

B. Plaintiff's Attempt To Relitigate Claims And Issues That The Arbitrator Decided Is Precluded Under The Doctrines Of Claim And Issue Preclusion. ....................................................6

C. Plaintiff Failed To Seek Timely Review Of The Dismissal Of Her Arbitration Under the FAA, Which Is The Exclusive Grounds For Challenging An Arbitration Award Within Its Purview. ....................................................8

V. THE COMPLAINT FAILS TO STATE ANY CLAIM FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. 1985 FOR MANY ADDITIONAL REASONS ....................................................8

A. All Three Section 1985 Claims Should Be Dismissed Because Plaintiff Cannot Adequately Plead A Plausible Conspiracy. ....................................................9

B. The Section 1985(3) Claim Should Be Dismissed Because It Is Not Based On Any Substantive And Actionable Violation Of A Federal Right. ....................................................10

1. The Supreme Court Has Ruled That Section 1985(3) Cannot Be Invoked To Redress Alleged Title VII Violations. ....................................................10

2. Nor Can Plaintiff Premise A Section 1985(3) Claim On An Alleged Violation Of The Fourteenth Amendment Absent State Action. ....................................................11

C. The Section 1985(2) Claims For Interference With The Arbitration Fail Because The Arbitration Was Not A Proceeding In A Federal Or State Court. ....................................................11

D. Plaintiff Cannot Plead Interference With Federal Court By "Force, Intimidation, Or Threat" As Required To State A Claim Under The First Clause Of Section 1985(2). 12

E. Individual Defendant Johnsrud Is Immune From Liability Under Section 1985 Because His Alleged Conduct Relates To His Representation Of Google. ....................................................13



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

VI. THE COMPLAINT FAILS TO STATE A RICO CLAIM FOR MANY ADDITIONAL REASONS ....14

A. Plaintiff Lacks Standing To Pursue RICO Claims Because Her Allegations Cannot Establish A Cognizable Injury. ....14

1. The Dismissal With Prejudice of Plaintiff's Arbitration Is Not A Cognizable Injury. ....14

2. The Loss Of Plaintiff's Employment Is Not A Cognizable Injury....15

3. Speculative Future Employment And Business Opportunities Are Not Cognizable Injuries....16

B. Plaintiff's Allegations Fail to State a RICO Claim....16

1. The Complaint Alleges Parallel Conduct, Not A Plausible RICO "Enterprise." ....16

2. Plaintiff Cannot Establish That Google Or Johnsrud Conducted The Affairs Of A RICO Enterprise. ....17

3. Plaintiff's Allegations Fail to Plead a "Pattern Of Racketeering Activity." ....18

4. Plaintiff's Allegations Fail To Establish Predicate Racketeering Activity. ....19

a. All Of The Alleged Obstruction Of Justice And Witness Tampering Predicate Acts Fail As A Matter Of Law....19

b. Each Of The Other Enumerated Predicate Acts Is Based On Nothing More Than A Sheer Possibility And Thus Fails To State A Claim. ....20

5. The RICO Conspiracy Claim Under Section 1962(d) Falls With The Claim Under Section 1962(c)....22

VII. THE INVASION OF PRIVACY CLAIM SHOULD BE DISMISSED ....22

A. Plaintiff's Allegations Fail To Establish That Google Or Johnsrud Engaged In The Alleged Misconduct. ....22

B. Johnsrud Is Immune From Liability For Alleged Conduct In Connection With The Arbitration And Related Proceedings. ....23

VIII. THE COMPLAINT SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND ....23

IX. CONCLUSION....24



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

## TABLE OF AUTHORITIES

**Cases**

*Akmal v. City of Kent*,
2014 WL 1648475 (W.D. Wash. Apr. 24, 2014)....22, 23

*Am. Title Ins. Co. v. Lacelaw Corp.*,
861 F.2d 224 (9th Cir. 1988)....23

*Anders Karlsson v. Connie Josephine Troncale*,
No. CV 19-8681 FMO (EX), 2020 WL 5525166 (C.D. Cal. Aug. 5, 2020)....10, 13

*Anza v. Ideal Steel Supply Corp.*,
547 U.S. 451 (2006)....14, 15

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....5, 13, 20

*Baumer v. Pachl*,
8 F.3d 1341 (9th Cir. 1993)....18

*Beck v. Prupis*,
529 U.S. 494 (2000)....15

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....5, 17

*Bowen v. Oistead*,
125 F.3d 800 (9th Cir. 1997)....14, 16

*Boyle v. United States*,
556 U.S. 938 (2009)....16, 17

*Bulan v. JP Morgan Chase Bank*,
No. C-10-05952 EDL, 2011 WL 13266527 (N.D. Cal. Apr. 6, 2011)....22

*California Architectural Bldg. Prod., Inc. v. Franciscan Ceramics, Inc.*,
818 F.2d 1466 (9th Cir. 1987)....24

*Canyon Cty v. Syngenta Seeds, Inc.*,
519 F.3d 969 (9th Cir. 2008)....14

*Carpenters 46 N. Cal. Ctys. Conference Bd. v. Meddles*,
535 F. Supp. 775 (N.D. Cal. 1981)....8

*Cascade Yarns, Inc. v. Knitting Fever, Inc.*,
No. C10-861RSM, 2012 WL 2565067 (W.D. Wash. June 29, 2012)....22



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

*Cedric Kushner*,
533 U.S. at 163 .......... 18

*Cholla Ready Mix, Inc. v. Civish*,
382 F.3d 969 (9th Cir. 2004) .......... 9

*Clark v. Bear Stearns & Co.*,
966 F.2d 1318 (9th Cir. 1992) .......... 7

*Cobb v. JPMorgan Chase Bank, N.A.*,
No. 13-CV-01955-JSW, 2013 WL 6201414 (N.D. Cal. Nov. 27, 2013) .......... 14, 16, 20, 21

*Congdon v. Wells Fargo Bank, N.A.*,
No. C18-394 RAJ, 2018 WL 3533337 (W.D. Wash. July 23, 2018) .......... 24

*Craig Outdoor Advertising, Inc. v. Viacom Outdoor, Inc.*,
528 F. 3d 1001 (8th Cir. 2008) .......... 21

*Curow-Ray v. City of Tumwater*,
No. C09-5633RJB, 2010 WL 3222505 (W.D. Wash. Aug. 12, 2010) .......... 12

*Dominguez v. County of Kernz*,
No. 1:14–cv–00419 LJO JLT, 2014 WL 2574798 (E.D. Cal. June 9, 2014) .......... 12

*Dooley v. Reiss*,
736 F.2d 1392 (9th Cir. 1984) .......... 12

*Eclectic Properties E., LLC v. Marcus & Millichap Co.*,
751 F.3d 990 (9th Cir. 2014) .......... 11, 13

*Ellis v. J.P. Morgan Chase & Co.*,
2015 WL 78190 (N.D. Cal. Jan. 6, 2015) .......... 17

*Farese v. Scherer*,
342 F.3d 1223 (11th Cir. 2003) .......... 13

*First Pacific Bancorp, Inc. v. Helfer*,
224 F.3d 1117 (9th Cir. 2000) .......... 6

*Florer v. Johnson*,
No. C06-5561 RJB/KLS, 2009 WL 1259076 (W.D. Wash. May 4, 2009) .......... 7

*Garity v. APWU Nat'l Labor Org.*,
655 Fed. Appx. 523 (9th Cir. 2016) .......... 10

*In re Gilead Scis. Sec. Litig.*,
536 F.3d 1049 (9th Cir. 2008) .......... 10, 13, 20



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

*Great Am. Fed. Sav. & Loan Ass'n v. Novotny*,
442 U.S. 366 (1979) .......... 10

*Guzman v. Van Demark*,
651 F. Supp. 1180 (C.D. Cal. 1987) .......... 12

*Heffernan v. Hunter*,
189 F.3d 405 (3d Cir. 1999) .......... 13

*Heiser v. Woodruff*,
327 U.S. 726 (1946) .......... 7

*High v. Choice Mfg. Co.*,
No. C-11-5478 EMC, 2012 WL 3025922 (N.D. Cal. July 24, 2012) .......... 18

*Howard v. Am. Online Inc.*,
208 F.3d 741 (9th Cir.2000) .......... 19

*Ismail v. Cty. of Orange*,
693 Fed. Appx. 507 (9th Cir. 2017) .......... 23

*In re Jamster Mktg. Litig.*,
No. 05CV0819 JM (CAB), 2009 WL 1456632 (S.D. Cal. May 22, 2009) .......... 17

*Jeckle v. Crotty*,
120 Wn. App. 374 (2004) .......... 23

*Johnson v. Fed. Home Loan Mortg. Corp.*,
793 F.3d 1005 (9th Cir. 2015) .......... 5, 9

*Kearney v. Kearney*,
95 Wn. App. 405 (1999) .......... 23

*Kim v. Kimm*,
884 F.3d 98 (2d Cir. 2018) .......... 7

*Kush v. Rutledge*,
460 U.S. 719 (1983) .......... 11

*Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*,
791 F.2d 1334 (9th Cir. 1986) .......... 8

*Lambert v. Andrews*,
79 Fed. Appx. 983 (9th Cir. 2003) .......... 24

*Little v. Washington*,
No. C11-1387JLR 2011 WL 5877779 (W.D. Wash. Nov. 23, 2011) .......... 23



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

*Loadholt v. Obama*, No. 2:13-CV-2607-MCE-EFB PS, 2015 WL 848549, at *4 (E.D. Cal. Feb. 26, 2015)....................9

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982)....................11

*Medallion Television Enterprises v. SelecTV of California, Inc.*, 833 F.2d 1360 (9th Cir.1988)....................19

*Nelson v. Nelson*, 833 F.3d 965 (8th Cir. 2016)....................16

*Odom v. Microsoft Corp.*, 486 F.3d 541 (9th Cir.2007) (*en banc*)....................16

*Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916 (9th Cir. 2004)....................9

*Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708 (9th Cir. 2001)....................7

*Pearce v. Romeo*, 299 Fed. Appx. 653 (9th Cir. 2008)....................15, 21

*Plotner v. AT & T Corp.*, 224 F.3d 1161 (10th Cir. 2000)....................7

*ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960 (9th Cir. 2010)....................6

*PTP OneClick, LLC v. Avalara, Inc.*, No. C19-0640JLR, 2020 WL 4729174 (W.D. Wash. May 27, 2020)....................15

*Raffaelly v. Siskiyou Cty. Bd. of Sup'rs*, No. CIV.S-06-0165 FCD DAD PS, 2006 WL 1932978 (E.D. Cal. July 12, 2006)....................7

*Reddy v. Litton Indus., Inc.*, 912 F.2d 291 (9th Cir. 1990)....................15

*Reed v. Peterson*, 255 Fed. Appx. 279 (9th Cir. 2007)....................11

*Reves v. Ernst Young*, 507 U.S. 170 (1993)....................18

*Robinson v. Schnuck Markets, Inc.*, No. 4:19-CV-1314 PLC, 2019 WL 2996013 (E.D. Mo. July 9, 2019)....................12



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

*Rygg v. Hulbert*,
No. C14-237 MJP, 2014 WL 5023627 (W.D. Wash. Oct. 8, 2014) ........ 17

*Sander v. Weyerhaeuser Co.*,
966 F.2d 501 (9th Cir. 1992) ........ 8

*Sanford v. Memberworks, Inc.*,
No. 02CV0601-MMA (AJB), 2009 WL 10700858 (S.D. Cal. Mar. 6, 2009) ........ 19

*Scheidler v. National Organization for Women, Inc.*
537 U.S. 393 (2003) ........ 21

*Schreiber Dist. Co. v. ServWell Furniture Co.*,
806 F.2d 1393 (9th Cir.1986) ........ 21

*Smithson v. Puckett*,
No. C19-1672-RAJ-MLP, 2020 WL 6151372 (W.D. Wash. Sept. 30, 2020) ........ 15

*Snow Ingredients, Inc. v. SnoWizard, Inc.*,
833 F.3d 512 (5th Cir. 2016) ........ 19

*Sosa v. DIRECTV, Inc.*,
437 F.3d 923 (9th Cir. 2006) ........ 7

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) ........ 5, 11, 13

*Steele v. Hosp. Corp. of Am.*,
36 F.3d 69 (9th Cir. 1994) ........ 14

*Thomas v. Daneshgari*,
997 F.Supp.2d 754 (E.D. Mich. 2014) ........ 15, 19

*Turner v. Cook*,
362 F.3d 1219 (9th Cir. 2004) ........ 18

*United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*,
463 U.S. 825 (1983) ........ 11

*United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't, AFL-CIO*,
770 F.3d 834 (9th Cir. 2014) ........ 20

*United States v. Bingham*,
653 F.3d 983 (9th Cir. 2011) ........ 16

*United States v. McGill*,
815 F.3d 846 (D.C. Cir. 2016) ........ 16



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

*Walker v. Beaumont Indep. Sch. Dist.*,
938 F.3d 724 (5th Cir. 2019) ..... 16

*Wall v. Arend*,
No. C17-5453 BHS, 2017 WL 3534577 (W.D. Wash. Aug. 17, 2017) ..... 14

*Walter v. Drayson*,
538 F.3d 1244 (9th Cir. 2008) ..... 17, 18

*Williams v. Goelitz Candy Co.*,
131 F.3d 150 (9th Cir. 1997) ..... 7

*Woodell v. Expedia Inc.*,
No. C19-0051JLR, 2019 WL 3287896 (W.D. Wash. July 22, 2019) ..... 17

*Woody v. Stapp*,
146 Wn. App. 16 (2008) ..... 16

*Yagman v. Garcetti*,
852 F.3d 859 (9th Cir. 2017) ..... 14

*Ziglar v. Abbasi*,
137 S. Ct. 1843 (2017) ..... 9

**Statutes**

9 U.S.C. § 12 ..... 1, 5, 8

18 U.S.C. § 1512 ..... 15

18 U.S.C. § 1951(b)(2) ..... 21

18 U.S.C. § 1962(c) ..... *passim*

42 U.S.C. § 1985 ..... *passim*

42 U.S.C. § 1985(2) ..... *passim*

42 U.S.C. § 1985(3) ..... *passim*



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

## I. INTRODUCTION

Plaintiff Rivka Spivak ("Plaintiff")'s 90-page Complaint rehashes claims and issues that were, or could have been, decided in a prior arbitration and related proceedings between defendant Google LLC ("Google")[1] and its counsel, Brian Lee Johnsrud ("Johnsrud"). Rather than challenging the result of the arbitration through the exclusive procedure provided by the Federal Arbitration Act, 9 U.S.C. § 12 ("FAA"), Plaintiff instead waited over a year and filed this impermissible collateral attack, recasting her grievances as claims under 42 U.S.C. § 1985, the Racketeer Influenced Corrupt Organization Act ("RICO"), and invasion of privacy. These claims are legally barred, and Plaintiff's allegations cannot state any claim for multiple other reasons.

The premise of Plaintiff's Complaint is that she was the subject of a conspiracy between various disparate actors—Google, Johnsrud, Facebook, another attorney who happened to represent someone else named Spivak, and several college alumni acquaintances. The alleged twin aims of the conspiracy were (i) to influence her to abandon her arbitration against Google—***which the Arbitrator dismissed with prejudice in July 2019*** (and for which Plaintiff now seeks $90,000,000); and (ii) to seek to have her declared "legally insane" to prevent her from testifying in an unspecified future criminal proceeding she believes might arise from obstruction of justice allegations she made against Google and Johnsrud in the arbitration—***which the Arbitrator considered and rejected in May 2019*** (and for which Plaintiff now seeks $270,000,000).

Plaintiff's claims should be dismissed with prejudice because they are barred by claim preclusion and conflict with FAA exclusivity. On top of these fatal legal defects, the Complaint allegations cannot state a claim for multiple other reasons:

- <u>42 U.S.C. § 1985(2) (first clause – conspiracy to interfere with a Federal Court).</u> Plaintiff bases this claim on interference with the arbitration, but Section 1985 prohibits interference with a Federal Court proceeding, not an arbitration. The Complaint allegations also fail to establish a plausible conspiracy or the required "force, intimidation, or threat."

[1] Alphabet Inc. is erroneously named as a defendant. Google LLC, a subsidiary of Alphabet Inc., was Plaintiff's employer and the defendant in the prior arbitration proceedings. (*See generally* Dkt. #3.)



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

• 42 U.S.C. § 1985(2) (second clause – conspiracy to interfere with a State Court). This claim likewise fails because it assumes alleged interference with an arbitration, not a State Court proceeding. Plaintiff's allegations also cannot allege a plausible conspiracy.

• 42 U.S.C. § 1985(3) (civil rights conspiracy). Plaintiff claims defendants conspired to deny her Title VII and Fourteenth Amendment rights. Neither alleged substantive predicate is legally cognizable. Section 1985(3) cannot be invoked to redress Title VII violations, nor an alleged Fourteenth Amendment violation absent state action. And once again, Plaintiff's allegations cannot establish a plausible conspiracy.

• 42 U.S.C. § 1985 (as to Johnsrud). All of the Section 1985 claims against Johnsrud fail as a matter of law because Plaintiff's allegations concern conduct within the scope of his representation of Google, for which he is immune from liability.

• RICO. Plaintiff lacks standing because her alleged injuries are not cognizable under RICO. Her allegations also cannot establish that Google or Johnsrud (or any other defendant) conducted the affairs of a RICO enterprise through a pattern of racketeering activity.

• Invasion of Privacy. This claim is based on speculation that Google and Johnsrud spied on Plaintiff during the arbitration "through her refrigerator's integrated technology" and other improbable ways. Plaintiff's beliefs are not actionable, and in any event the conclusory allegations cannot state a claim against Google or Johnsrud. Furthermore, Johnsrud cannot be liable for invasion of privacy for conduct related to his representation of Google in the arbitration.

## II. RELEVANT BACKGROUND AND ALLEGATIONS

Plaintiff alleges that Google and Johnsrud acted improperly by: (1) petitioning a federal court to compel arbitration; (2) responding to Plaintiff's Charge of Discrimination filed with the Equal Employment Opportunity Commission; and (3) arbitrating Plaintiff's claims against Google.[2] Johnsrud represented Google at each stage. (Dkt. #3 at ¶ 10.)

**Petition to Compel Arbitration.** Plaintiff alleges that Google's petition in Federal court was "unwarranted" because she "had not done anything that justified Google filing the petition against her";

[2] Defendants Google and Johnsrud deny the allegations of wrongdoing in Plaintiff's Complaint.



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

"The case law that Google cited to justify the petition was not applicable to the facts"; Google "made public unnecessary and misleading detail that was prejudicial to Plaintiff" and submitted a declaration "knowing that it contained false statements." (Dkt. #3 at ¶¶ 35-43.)

**Response to Plaintiff's EEOC Charge of Discrimination.** Plaintiff alleges that in its response to her EEOC Charge, Google and Johnsrud made a "false and material" allegation and "w[ere] intentionally lying." (Dkt. #3 at ¶¶ 50-57.) Plaintiff also alleges that Google provided the EEOC with emails that "had been altered." (*Id.* at ¶¶ 58-79.) Plaintiff further alleges that during the EEOC investigation, "Google made additional material misrepresentations and withheld the pay-data requested by the EEOC to establish Plaintiff's damages." (*Id.* at ¶¶ 82-24.)

**Arbitration Conduct.** Plaintiff alleges Google submitted the same "altered" emails in the arbitration and "was uncooperative with Plaintiff throughout discovery and made false material statements in their discovery pleadings." (Dkt. #3 at ¶¶ 81, 89.) Plaintiff alleges Google engaged in "witness intimidation" by emailing certain Google employees" stating that "the arbitrator has ordered that we furnish Spivak with a list of employees who have requested not to be contacted by her" and requesting they reply if they did not want to be contacted by Spivak. (*Id.* at ¶ 90.) In his Order, the Arbitrator, Hon. Robert A. Baines (Ret.), noted the "unprofessional and demeaning nature" of Plaintiff's communications with Google employees and concluded "[t]here is nothing improper in Respondent's counsel seeking the individual's wishes on the 'contact' issue." (*See* Request for Judicial Notice In Support Of Defendants Google LLC And Brian Lee Johnsrud's Motion To Dismiss For Failure To State A Claim And Motion To Strike Allegations In Plaintiff's Complaint ("RJN"), Ex. A at 3 (Pre-Hearing Order No. 8).)

Plaintiff also alleges that she brought a motion for sanctions, which the Arbitrator denied, because Google "continued to lie, mislead, submit false evidence, and make material misrepresentations of fact." (Dkt. #3 at ¶¶ 104, 106-08, 118, 121.) The Arbitrator's Order addresses six actions Plaintiff alleged warranted sanctions: (1) Google's petition to compel arbitration; (2) Google's submission of purportedly altered emails to the EEOC and in arbitration; (3) Google's submission of purportedly "fabricated" evidence to the EEOC and in arbitration; (4) Google's purported misrepresentation of its employee Code



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

of Conduct; (5) Google's no-contact email to certain employees; and (6) Google's alleged concealment of information relating to an adverse employment action. (*See* RJN, Ex. B (Pre-Hearing Order No. 10).) The Arbitrator not only denied Plaintiff's request for sanctions against Google, but imposed sanctions *against Plaintiff* of $12,500.00. (*Id.* at 9)

The Arbitrator denied Plaintiff's request for a protective order, which was based on allegations that Google was "improperly pursuing discovery in an attempt to gather evidence to support a request to law enforcement to file criminal charges against her" and that Google was engaging in "psychological abuse/warfare." (*See* RJN, Ex. C at 2-3 (Pre-Hearing Order No. 13).) The Arbitrator held that Google's "complained-of discovery efforts" were "commonplace and appropriate in any contested matter." (*Id.* at 4.) The Arbitrator ultimately dismissed Plaintiff's arbitration with prejudice. (*See* Dkt. #3 at ¶ 211; RJN, Ex. D (Order Dismissing Arbitration Proceeding With Prejudice).)

**Plaintiff's Conspiracy Theory.** Despite the Arbitrator's actual rulings denying her sanctions and a protective order, she alleges that "despite appearances, Plaintiff had actually won on the sanctions motion" (Dkt #3 at ¶ 122); that the Arbitrator "tacitly confirm[ed] in his order that Google had committed obstruction of justice" (*id.* at ¶ 126); and "Google was now facing the possibility of some kind of criminal referral or future prosecution at the conclusion of the arbitration" (*id.* at ¶ 122). Plaintiff claims the "stakes skyrocketed after her sanctions motion because Google and their lawyers now faced the *possibility* of future criminal prosecution." (*Id.* at ¶ 124 (emphasis added).) Based on this "possibility," Plaintiff alleges the conspiracy was formed to stop her from pursuing the arbitration and to disqualify her "as a potential witness in any future criminal prosecutions of Google's obstruction." (*Id.* at ¶ 1.)

**The Restraining Order and Criminal Prosecution.** Plaintiff also alleges that the conspiracy is responsible for a restraining order Defendant Bayern obtained against her based on "terrible" emails she admittedly sent (*see* Dkt. #3 at ¶¶ 233, 253, 308, 319), and for felony criminal charges pending against her in Florida related to her interactions with Bayern (*see id* at ¶¶ 272-273, 276, 300, 319). Plaintiff further alleges she was fired from an unidentified employer in September 2020 because of the felonies she is facing in Florida. (*Id.* at ¶ 310.)[3]

[3] Plaintiff has requested to dismiss Bayern because communications with him exacerbate her PTSD. (*See* Dkt. #24.)



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

## III. LEGAL STANDARD FOR FRCP 12(b)(6) MOTION TO DISMISS

Under Rule 12(b)(6), a defendant may move to dismiss for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). If a complaint pleads facts "that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. In other words, "where the well-pleaded facts do not permit the court to infer more than mere possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief." *Id*. at 679.

The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The Court also "need not accept as true allegations contradicting documents that are referenced in the complaint." *Johnson v. Fed. Home Loan Mortg. Corp*., 793 F.3d 1005, 1008 (9th Cir. 2015) (affirming dismissal of breach of contract claim where contractual language contradicted allegation in pleading).

## IV. THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS WITH PREJUDICE BECAUSE THEY ARE PRECLUDED AND AN UNTIMELY CHALLENGE ARE IMPROPER ATTEMPTS TO RE-LITIGATE CLAIMS AND ISSUES THAT WERE OR COULD HAVE BEEN LITIGATED IN THE UNDERLYING ARBITRATION, AND WHICH PLAINTIFF FAILED TO TIMELY CHALLENGE UNDER THE FAA

### A. Plaintiff's Allegations Against Google And Johnsrud Concern Issues And Claims That Were Or Could Have Been Raised In The Arbitration.

Plaintiff's Section 1985 claims posit a conspiracy to interfere with the prior arbitration or deny Plaintiff her Title VII rights, and a conspiracy to prevent Plaintiff's testimony in a future criminal proceeding against Google. These same issues and claims actually were, or could have been, raised in the arbitration. Plaintiff submitted to the Arbitrator the issue of whether Google obstructed justice by submitting false evidence to the EEOC and in arbitration, and the Arbitrator determined there was no impropriety by Google and *sanctioned Plaintiff*. (RJN, Ex. B (Pre-Hearing Order No. 10).) The



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

Arbitrator also dismissed the arbitration of Plaintiff's Title VII claims with prejudice. (RJN, Ex. D (Order Dismissing Arbitration Proceeding With Prejudice).)

Likewise, the alleged RICO predicate acts are primarily allegations of impropriety during arbitration. (*See*, *e.g.*, Dkt. #3 at ¶¶ 336 (Facebook creating fake evidence), 337 (weakening her resolve in arbitration), 338 (same; and state bar complaint against Johnsrud), 340 (inducing her to request an indefinite stay), 343 (psychological activity that was raised and rejected in her request for a protective order), 351 (same), 349 (Google's alleged witness tampering that was litigated in a protective order), 350 (alleged obstruction that was litigated in the sanctions motion), 353 (alleged gaslighting in connection with the arbitration), 335 (the *Gonzalez* case, which Plaintiff raised during the arbitration).) Plaintiff again alleges that the RICO conspiracy was directed to silence her about the submission of "altered" emails to the EEOC and the Arbitrator, an issue the Arbitrator already adjudicated against Plaintiff. (RJN, Ex. B (Pre-Hearing Order No. 10).) Based entirely on conjecture, Plaintiff implausibly attempts to tie Bayern's restraining order and the Florida criminal charges to the arbitration-related conspiracy. (*See* Dkt. #3 at ¶¶ 346-348.)

Finally, the claimed invasion of privacy is premised on alleged "hacking" to intimidate Plaintiff into dismissing the arbitration, which is another allegation of impropriety Plaintiff herself alleges she raised to the Arbitrator. (Dkt. #3 at ¶¶ 161-162, 356.) Plaintiff is precluded from relitigating all of these allegations she raised or could have raised with the Arbitrator.

### B. Plaintiff's Attempt To Relitigate Claims And Issues That The Arbitrator Decided Is Precluded Under The Doctrines Of Claim And Issue Preclusion.

A prior proceeding has preclusive effect where it (1) involved the same claim or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies. *First Pacific Bancorp, Inc. v. Helfer*, 224 F.3d 1117, 1128 (9th Cir. 2000). Identity of claims depends on whether: (1) the two suits arose out of the same transactional nucleus of facts; (2) rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) the two suits involve infringement of the same right; and (4) substantially the same evidence is presented in both actions. *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010) (quotation and citation omitted).



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

Claim preclusion also encompasses claims that *could have been asserted* in the previous litigation. *Heiser v. Woodruff*, 327 U.S. 726, 735 (1946) ("In general a judgment is *res judicata* not only as to all matters litigated and decided by it, but as to all relevant issues which could have been but were not raised and litigated in the suit.") "A change in the legal theory underlying claims brought in the first round of litigation will not defeat *res judicata*." *Florer v. Johnson,* No. C06-5561 RJB/KLS, 2009 WL 1259076, at *5 (W.D. Wash. May 4, 2009).

Here, Plaintiff's Section 1985, RICO and privacy claims are premised on alleged conduct by Google and Johnsrud in the arbitration and related legal proceedings.[4] The Arbitrator dismissed Plaintiff's claims with prejudice, which constitutes a final judgment on the merits for purposes of claim preclusion. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001). The prior proceedings also involved the same parties (Google) or privies (Johnsrud), as required. *See Plotner v. AT & T Corp.*, 224 F.3d 1161, 1169 (10th Cir. 2000) (privity existed between attorneys and clients for *res judicata* purposes).

Alternatively, Plaintiff's attempt to relitigate decided issues is barred by issue preclusion, which applies to arbitration proceedings and requires: "(1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action." *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992). As discussed above, the allegations regarding Google and Johnsrud's conduct during prior proceedings were actually litigated, as Plaintiff brought unsuccessful motions for a protective order and for sanctions against Google on these issues. Additionally, these issues were a necessary part of the judgment because as discussed above, the Arbitrator issued a final judgment on the merits of Plaintiff's claims.[5]

---

[4] If Plaintiff tries to premise liability on litigation or incidental conduct, courts must "construe federal statutes so as to avoid burdening conduct that implicates the protections afforded by the Petition Clause unless the statute clearly provides otherwise." *Sosa v. DIRECTV, Inc*., 437 F.3d 923, 929 (9th Cir. 2006). *See* Defendants Google LLC and Brian Lee Johnsrud's Motion To Strike Allegations In Plaintiff's Complaint. (Dkt. #29 at 8-11.)

[5] Plaintiff cannot avoid preclusion by relabeling previously-litigated issues and claims. *E.g., Williams v. Goelitz Candy Co.*, 131 F.3d 150 (9th Cir. 1997) (affirming dismissal of 1985(3) claims based on unsuccessful Title VII claims); *Raffaelly v. Siskiyou Cty. Bd. of Sup'rs,* No. CIV.S-06-0165 FCD DAD PS, 2006 WL 1932978, at *2 (E.D. Cal. July 12, 2006) (dismissing Section 1985 claim under *res judicata* because allegations were "virtually indistinguishable from the allegations in the initial action"); *see also Kim v. Kimm,* 884 F.3d 98, 104 (2d Cir. 2018) (affirming dismissal of RICO claims predicated on prior litigation activity between parties; permitting RICO claims premised on prior litigation activity "would



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

### C. Plaintiff Failed To Seek Timely Review Of The Dismissal Of Her Arbitration Under the FAA, Which Is The Exclusive Grounds For Challenging An Arbitration Award Within Its Purview.

Under the JAMS Employment Arbitration Rules & Procedures, the FAA provides the avenue to challenge the arbitration award. (*See* RJN, Ex. E (JAMS Rule 25).) The FAA deadline to move to vacate or modify the arbitration award is three months from the filing of the award. 9 U.S.C. § 12. The FAA procedure "provides the ***exclusive*** grounds for challenging an arbitration award within its purview. *Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1338 (9th Cir. 1986) (emphasis added). The Ninth Circuit "has been ***extremely unwilling*** to upset the streamlined nature of arbitration by permitting the launching of collateral attacks" in the form of independent lawsuits alleging misconduct during arbitration. *Sander v. Weyerhaeuser Co*., 966 F.2d 501, 503 (9th Cir. 1992) (refusing to allow independent lawsuit alleging prior arbitration result was procured by fraud) (citation omitted).

Plaintiff did not challenge the arbitration award, but instead waited over a year to file this improper end-run around the FAA's exclusive procedure. Her claims are not properly before this Court. *See Carpenters 46 N. Cal. Ctys. Conference Bd. v. Meddles,* 535 F. Supp. 775, 777–78 (N.D. Cal. 1981) ("In the absence of a timely motion or petition to vacate the arbitration award, respondent's motion to vacate the award is not properly before the Court, and must be denied.").

## V. THE COMPLAINT FAILS TO STATE ANY CLAIM FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. 1985 FOR MANY ADDITIONAL REASONS

Even setting aside issue and claim preclusion, Plaintiff's Section 1985 claims fail as a matter of law. Plaintiff's three claims under Section 1985—Section 1985(2), first clause; Section 1985(2), second clause; and Section 1985(3)—are discussed collectively and in turn below.

---

erode the principles undergirding the doctrines of res judicata and collateral estoppel, as such claims frequently call into question the validity of documents presented in the underlying litigation as well as the judicial decisions that relied upon them" and "would chill litigants and lawyers and frustrate the well-established public policy goal of maintaining open access to the courts because any litigant's or attorney's pleading and correspondence in an unsuccessful lawsuit could lead to drastic RICO liability").



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

### A. All Three Section 1985 Claims Should Be Dismissed Because Plaintiff Cannot Adequately Plead A Plausible Conspiracy.

All of Plaintiff's civil rights claims require that she plead a plausible conspiracy. 42 U.S.C. § 1985(2), (3); *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1868 (2017) ("To state a claim under § 1985(3), a plaintiff must first show that the defendants conspired—that is, reached an agreement—with one another."). Plaintiff's allegations cannot clear this bar.

First, Plaintiff's allegations cannot establish that Google, Johnsrud, or any other defendant conspired to violate her constitutional rights. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 929-30 (9th Cir. 2004) (affirming dismissal of Section 1985(3) claim; the "complaint is devoid of any discussion of an agreement amongst the appellees to violate her constitutional rights" and "failed to allege sufficiently that the appellees conspired to violate her civil rights"); *Loadholt v. Obama*, No. 2:13-CV-2607-MCE-EFB PS, 2015 WL 848549, at *4 (E.D. Cal. Feb. 26, 2015) (dismissing Section 1985(2) claims for failure to "allege any facts demonstrating that defendants conspired to deter plaintiffs or any other individual from testifying in federal court proceedings or that any defendant denied them access to state courts"). Here, Plaintiff's conclusory allegations fail to allege any facts to establish that defendants conspired to deny her constitutional rights.

Second, Plaintiff's allegations fail to establish an agreement. *Loadholt*, 2015 WL 848549, at *4 (E.D. Cal. Feb. 26, 2015) (dismissing complaint lacking allegations "that there was any agreement or 'meeting of the minds'"). Plaintiff's conclusory allegation that "the conspiracy was formed by explicit agreement" (Dkt. #3 at ¶ 312), has no factual support. The allegations do not establish specifically how the various individuals and legal entities came to a "meeting of the minds," *Loadholt*, 2015 WL 848549, at *4, who from Facebook and Google met with the other alleged conspirators, or when they formed this "explicit agreement." (*See* Dkt. #3 at ¶ 312.)

Third, Plaintiff's allegations about the genesis of the conspiracy—Google thought it might be facing criminal charges and therefore needed to discredit Plaintiff (*see* Dkt. #3 at ¶¶ 122-127)—"contradict[] documents that are referenced in the complaint," *Johnson*, 793 F.3d at 1008, and depend on "unwarranted deductions of fact" and "unreasonable inferences." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). Specifically, Plaintiff's allegations contradict the Arbitrator's Order



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

denying her sanctions motion. (*See* RJN, Ex. B (Pre-Hearing Order No. 10).) Despite losing her motion and being sanctioned herself, Plaintiff incredulously alleges that, "despite appearances, Plaintiff had actually won the sanctions motion, and that Google was now facing the possibility of some kind of criminal referral or future prosecution at the conclusion of the arbitration." (Dkt. #3 at ¶ 122.) She then makes the unwarranted leap that Google conspired with her Plusmail acquaintances to defeat her arbitration claims and to pay Plaintiff off "for formal legal proof of her insanity." (*Id.* at ¶ 133.) The Court need not credit these allegations because they directly contradict the record, *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008), and are purely speculative. *See Anders Karlsson v. Connie Josephine Troncale*, No. CV 19-8681 FMO (EX), 2020 WL 5525166, at *5 (C.D. Cal. Aug. 5, 2020) (dismissing 1985 claim where allegations of conspiracy were "based on mere speculation").

Accordingly, all three of Plaintiff's claims under Section 1985 should be dismissed because Plaintiff cannot allege a plausible conspiracy.

**B. The Section 1985(3) Claim Should Be Dismissed Because It Is Not Based On Any Substantive And Actionable Violation Of A Federal Right.**

"Section 1985(3) provides no substantive rights itself; it merely provides a remedy for violation of the rights it designates." *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 372, 376 (1979). Here, Plaintiff bases her Section 1985(3) claim on alleged violations of her rights under Title VII (the same rights she litigated in the arbitration) and the Fourteenth Amendment. (Dkt. #3 at ¶¶ 318-19.) Neither of these is a viable predicate for Section 1985(3).

**1. The Supreme Court Has Ruled That Section 1985(3) Cannot Be Invoked To Redress Alleged Title VII Violations.**

Even if the law permitted Plaintiff a second bite at her Title VII claims (it does not, as shown above), the Supreme Court has made clear that "1985(3) may not be invoked to redress violations of Title VII." *Novotny*, 442 U.S. at 378.[6]

[6] Any other alleged "violations [would] arise from the same set of facts that ground her Title VII claim and [would] not represent a separately remediable claim." *Garity v. APWU Nat'l Labor Org.*, 655 Fed. Appx. 523, 526 (9th Cir. 2016). This is especially true because Plaintiff incorporates all of her allegations into each claim. (Dkt. #3 at ¶¶ 311, 323, 355.)



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

### 2. Nor Can Plaintiff Premise A Section 1985(3) Claim On An Alleged Violation Of The Fourteenth Amendment Absent State Action.

Plaintiff also alleges that "defendants conspired to deny her Fourteenth Amendment Due Process Rights in attempting to control and influence the criminal justice process in Tallahassee, Florida" (Dkt. #3 at ¶ 319.) However, a Fourteenth Amendment violation requires state action. *See Lugar v. Edmondson Oil Co*., 457 U.S. 922, 924 (1982); *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 831 (1983) (Section 1985(3) conspiracies to violate the First and Fourteenth Amendments require state action). Here, Plaintiff's allegations cannot establish any state action. Her suspicion that she "was facing the *possibility* that Google had unduly influenced a judge in a jurisdiction where Plaintiff was now facing criminal charges" (Dkt. #3 at ¶ 289 (emphasis added)), is not an actual allegation of State action and, even if it were, this speculation "stops short of the line between possibility and plausibility." *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). Plaintiff alleges this "possibility" of judicial conspiracy because the Judge in Florida told her she "needed to go into rehab and that it needed to be *inpatient.*" (Dkt. #3 at ¶ 284 (emphasis in original).) To jump from judicial concern about substance abuse to judicial conspiracy is, at best, an unwarranted deduction of fact, *Sprewell*, 266 F.3d at 988, and, at worse, a violation of her obligations under Rule 11 of the Federal Rules of Civil Procedure.[7]

### C. The Section 1985(2) Claims For Interference With The Arbitration Fail Because The Arbitration Was Not A Proceeding In A Federal Or State Court.

Plaintiff's claims for interference with the arbitration under Section 1985(2) (Dkt. #3 at ¶¶ 315, 317), fail as a matter of law because the arbitration was not a proceeding in either Federal or State Court. *See Reed v. Peterson*, 255 Fed. Appx. 279, 280 (9th Cir. 2007) (affirming dismissal for failure "to state a claim under 42 U.S.C. § 1985(2), because [plaintiff] failed to allege defendants interfered with court proceedings"). The "first portion of Section 1985(2)" concerns conspiracies involving conduct relating to "federal judicial proceedings" and "the second part of § 1985(2) applies to conspiracies to obstruct the course of justice in state courts." *Kush v. Rutledge*, 460 U.S. 719, 724-25 (1983). Here, because Plaintiff

[7] Rule 11 requires that an attorney or unrepresented party certify that factual contentions in pleadings have evidentiary support and authorizes the Court to impose sanctions. Plaintiff is a member of the California bar (Dkt. #3 at ¶ 7), and was sanctioned in the arbitration. (RJN, Ex. B at 9.) Google and Johnsrud have sent a letter to Plaintiff reminding her of her obligations under Rule 11 in connection with her Complaint.



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

alleges interference with an *arbitration*, her Section 1985(2) claims fail on their face. *See Robinson v. Schnuck Markets, Inc.*, No. 4:19-CV-1314 PLC, 2019 WL 2996013, at *3–4 (E.D. Mo. July 9, 2019) (dismissing claims of interference with judicial proceedings in State and Federal Courts because "Plaintiff's complaint lack[ed] any allegation that Defendants' conduct [was] related to any court proceeding, and focuse[d] entirely on Defendants' alleged interference with an arbitration proceeding"); *see also Dooley v. Reiss*, 736 F.2d 1392, 1395 (9th Cir. 1984) (holding that "[t]he second part [of 1985(2) pertaining to state courts] [was] inapplicable [to plaintiff's claim] because the parent case did not involve proceedings in state court").[8]

**D. Plaintiff Cannot Plead Interference With Federal Court By "Force, Intimidation, Or Threat" As Required To State A Claim Under The First Clause Of Section 1985(2).**

Plaintiff's claim of interference with a Federal court also fails because she cannot plead interference through "force, intimidation, or threat." *See* 42 U.S.C. § 1985(2).

First, Plaintiff's allegations about false and misleading evidence submitted in arbitration (Dkt. #3 at ¶¶ 95-107, 315), are not legally cognizable. *Dooley v. Reiss*, 736 F.2d 1392, 1396 (9th Cir. 1984) (allegations that "defendants conspired to commit perjury and to conceal evidence fail to state a claim for relief under section 1985(2)" because such actions did not influence by force, intimidation, or threat); *Guzman v. Van Demark*, 651 F. Supp. 1180, 1185 (C.D. Cal. 1987) (allegation of destroying evidence failed to show influence by force, intimidation, or threat); *Dominguez*, 2014 WL 2574798, at *9 ("the allegations of destruction of evidence and falsification of police reports do not . . . state a claim" of interference with Federal Court).

Second, the claim that Google intimidated witnesses (Dkt. #3 at ¶ 90), cannot plausibly allege "force, intimidation, or threat" because Google sent the no-contact email under the Arbitrator's Order. (RJN, Ex. A, at 3 (Arbitrator Order No. 8) ("There is nothing improper in [Google]'s counsel seeking the individual's wishes on the 'contact' issue"; Google "may furnish [Plaintiff] a list of those current and former employees who have requested not to be contacted by [Plaintiff], and [Plaintiff] is to honor those

---

[8] If Plaintiff premises her Section 1985(2) claim on being discredited as a witness in a future criminal proceeding (*see* Dkt. #3 at ¶ 316), there is no cognizable injury. This future proceeding has not happened, and thus she has not been injured. *See Curow-Ray v. City of Tumwater*, No. C09-5633RJB, 2010 WL 3222505, at *12 (W.D. Wash. Aug. 12, 2010). As Plaintiff herself alleges, "no one was knocking on Plaintiff's door asking her to be a witness." (Dkt. #3 at ¶ 298.)



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

requests").) The Court need not credit Plaintiff's allegation of witness intimidation because it contradicts a document referenced in the Complaint, *In re Gilead*, 536 F.3d at 1055, and is an "unreasonable inference." *Sprewell*, 266 F.3d at 988.

Third, Plaintiff's conclusory allegation that "Bayern, Plusmail, and Google purposely scared and gaslighted Plaintiff" (Dkt. #3 at ¶ 315), is unsupported with factual allegations, and untied to Google or Johnsrud. *Iqbal*, 556 U.S. at 678 (plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). This allegation appears to turn on receiving messages from acquaintances and anonymous spam messages, and then speculating that the alleged conspirators were threatening Plaintiff and her children. (Dkt. #3 at ¶¶ 142-60.) The Court should not credit these unwarranted deductions of fact and unreasonable inferences. *Sprewell*, 266 F.3d at 988. And Plaintiff cannot plead facts that would exclude the "obvious alternative explanation" that she simply received spam in her email. *Eclectic*, 751 F.3d at 996.

### E. Individual Defendant Johnsrud Is Immune From Liability Under Section 1985 Because His Alleged Conduct Relates To His Representation Of Google.

All of Plaintiff's allegations against Johnsrud relate to his representation of Google in the prior judicial, administrative, and arbitration proceedings. (Dkt. #3 at ¶ 10 ("Johnsrud was outside counsel for Google on the federal case *Google v. Spivak*, in the EEOC investigation of Plaintiff's claims, and in the JAMS arbitration *Spivak v. Google*.").) However, an attorney cannot be liable under Section 1985 for conduct within the scope of a client representation. *Farese v. Scherer*, 342 F.3d 1223, 1232 (11th Cir. 2003) ("as long as an attorney's conduct falls within the scope of the representation of his client, such conduct is immune from an allegation of a § 1985 conspiracy"); *Heffernan v. Hunter*, 189 F.3d 405 (3d Cir. 1999) (Section 1985 conspiracy cannot exist when an attorney's conduct falls within scope of representation; "[t]he right of a litigant to independent and zealous counsel is at the heart of our adversary system and, indeed, invokes constitutional concerns," and the scope of the attorney-client relationship is broad and even unethical activity does not "eliminate the exemption from a conspiracy charge under section 1985"); *see also Anders Karlsson*, 2020 WL 5525166, at *5 ("At most, as with the extortion-related claims, plaintiffs merely infer a conspiracy between defendants based on their attorney-client relationship."). The Section 1985 claims against Johnsrud thus fail as a matter of law.



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

## VI. THE COMPLAINT FAILS TO STATE A RICO CLAIM FOR MANY ADDITIONAL REASONS

### A. Plaintiff Lacks Standing To Pursue RICO Claims Because Her Allegations Cannot Establish A Cognizable Injury.

To establish standing, "a civil RICO plaintiff must show: (1) that his alleged harm qualifies as an injury to his business or property; and (2) that his harm was by reason of the RICO violation, which requires the plaintiff to establish proximate causation." *Canyon Cty v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008) (internal quotation marks and citations omitted). The "injury" requirement is stringent and requires a plaintiff to show a "concrete financial loss"—*i.e.*, a tangible loss to business or property. *Id.* at 975 (affirming dismissal on the pleadings because county's expenditure on public services not a cognizable property interest); *Steele v. Hosp. Corp. of Am.*, 36 F.3d 69, 71 (9th Cir. 1994) ("speculative injuries do not serve to confer standing under RICO") (citations omitted).

Here, Plaintiff alleges three injuries in support of RICO standing: (1) her "Title VII and State Claims were dismissed with prejudice" in the arbitration, (2) "she was involuntarily terminated from her job," and (3) she will be "limited in future employment and business opportunities." (Dkt. #3 at ¶ 334.) Each of these theories fails as a matter of law.

#### 1. The Dismissal With Prejudice of Plaintiff's Arbitration Is Not A Cognizable Injury.

Plaintiff's RICO standing cannot be based on the loss of her arbitration claims because, as shown above, she is precluded from relitigating those claims, and the alleged injury would require this Court to speculate about the value of claims that were dismissed with prejudice. *See Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 459 (2006) (finding no proximate cause of injury due in part to the "speculative nature of the proceedings that would follow"; proximate causation is "meant to prevent these types of intricate, uncertain inquiries from overrunning RICO litigation"). For this reason, the loss of prior causes of action is not a cognizable injury under RICO. *Cobb v. JPMorgan Chase Bank, N.A.*, No. 13-CV-01955-JSW, 2013 WL 6201414, at *11–12 (N.D. Cal. Nov. 27, 2013) (dismissing RICO claim in part because alleged loss of various causes of action in other cases was not a concrete injury).[9]

---

[9] Plaintiff's RICO claim also cannot be based on a civil rights violation (*e.g.*, violation of Title VII). *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017); *Bowen v. Oistead*, 125 F.3d 800, 806 (9th Cir. 1997) (same); *Wall v. Arend*, No. C17-5453 BHS, 2017 WL 3534577, at *4 (W.D. Wash. Aug. 17, 2017) (same).



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

**2. The Loss Of Plaintiff's Employment Is Not A Cognizable Injury.**

Nor does Plaintiff's alleged recent loss of employment confer RICO standing. First, the Supreme Court only recognizes injuries under RICO that are caused by an act of racketeering. *Beck v. Prupis*, 529 U.S. 494, 499 (2000). Termination of employment—even if in furtherance of a RICO conspiracy—is not an act of racketeering and does not confer standing. *Id.*

Second, Plaintiff cannot allege, as she must, that a predicate RICO act "led directly to [her] injuries." *Anza*, 547 U.S. at 461. Plaintiff does not explain what predicate act led to her termination but, if she bases it on Bayern's alleged false statement in his suit against her in Florida (Dkt. #3 at ¶ 346), perjury under state law is not a predicate act of racketeering. *Pearce v. Romeo*, 299 Fed. Appx. 653, 658 (9th Cir. 2008) ("neither perjury nor assault is within the type of state law crimes that constitute predicate acts under RICO"). If Plaintiff bases the loss of employment on Bayern's alleged witness tampering in violation of 18 U.S.C. § 1512 (Dkt. #3 at ¶ 347), obstruction of a state proceeding is not a RICO predicate act. *Thomas v. Daneshgari*, 997 F.Supp.2d 754, 762 (E.D. Mich. 2014) (dismissing RICO claim; alleged obstruction of justice was not a racketeering act because it occurred in arbitration and state court).

Plaintiff also cannot allege proximate cause because the criminal charges were not the direct cause of her termination. Rather, Plaintiff alleges she violated the temporary injunction (Dkt. #3 at ¶¶ 272-73, 276); Florida prosecutors independently filed charges (*id.* at ¶¶ 300, 304); and then Plaintiff's employer terminated her employment (*id.* at ¶ 334). *See PTP OneClick, LLC v. Avalara, Inc.*, No. C19-0640JLR, 2020 WL 4729174, at *7 (W.D. Wash. May 27, 2020) (quoting *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988)) (factual assertions in pleadings are "considered judicial admissions conclusively binding on the party who made them."). Those independent acts—apart from any alleged RICO conspiracy—caused plaintiff's loss of employment. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 294 (9th Cir. 1990) (plaintiff "lack[ed] standing to sue under § 1962(c) because the injury he suffered was the result of his alleged wrongful termination and was not caused by predicate RICO acts").

Third, loss of employment is not a cognizable RICO injury under Washington law. *Smithson v. Puckett*, No. C19-1672-RAJ-MLP, 2020 WL 6151372, at *3 (W.D. Wash. Sept. 30, 2020) (allegation



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

that plaintiff "was forced to 'resign in protest' from his employment due to threats and intimidation" was not a cognizable injury under RICO); *Woody v. Stapp*, 146 Wn. App. 16, 24 (2008) ("Generally, at-will employees do not have a business expectancy in continued employment.").

**3. Speculative Future Employment And Business Opportunities Are Not Cognizable Injuries.**

Plaintiff's allegation that "she will be limited in future employment and business opportunities" (Dkt. #3 at ¶ 334), also fails to confer standing because future impact on employment is not a concrete harm recognized under RICO. *See Cobb*, 2013 WL 6201414, at *11 (allegations that plaintiff "might not be able to obtain employment . . . would be insufficient to constitute RICO injury because the link between the conduct and the alleged injury "is 'too remote,' 'purely contingent,' and 'indirect.'") (quoting *Hemi Group*, 559 U.S. at 10). And "injury to reputation do[es] not fall within the statutory definition of 'racketeering activity' and fail[s] to state a RICO claim." *Bowen v. Oistead*, 125 F.3d 800, 806 (9th Cir. 1997). Accordingly, Plaintiff does not have standing to assert a RICO cause of action because her allegations cannot identify a legally cognizable injury.

**B. Plaintiff's Allegations Fail to State a RICO Claim.**

Even if Plaintiff had RICO standing, her allegations fail to state a RICO claim under Section 1962(c). To do so, "a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir.2007) (*en banc*). Plaintiff's allegations fail to plausibly plead any of these necessary elements.

**1. The Complaint Alleges Parallel Conduct, Not A Plausible RICO "Enterprise."**

An enterprise is "a group with a common purpose and course of conduct," *Boyle v. United States*, 556 U.S. 938, 950 (2009). Here, the Complaint just concludes an "enterprise" without alleging any facts about its "framework . . . for carrying out its objectives," *United States v. Bingham*, 653 F.3d 983, 992 (9th Cir. 2011) (quoting *Boyle*, 556 U.S. at 951); how it "function[s] together as a coherent unit," *Nelson v. Nelson*, 833 F.3d 965, 968 (8th Cir. 2016); the "decision-making structure," *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 738 (5th Cir. 2019); the "role" of each participant, *United States v. McGill*, 815 F.3d 846, 931 (D.C. Cir. 2016); and the "relationships among those associated with the



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

enterprise," *Boyle*, 566 U.S. at 951. This lack of factual support is fatal to Plaintiff's claim. *Ellis v. J.P. Morgan Chase & Co.*, 2015 WL 78190, at *5-6 (N.D. Cal. Jan. 6, 2015) ("conclusory allegations" failed to show "that the enterprise members actually knew of the alleged fraudulent common purpose, or that they 'formed' the enterprise to participate in performing" alleged fraudulent conduct).

Nor can Plaintiff's allegations show a "common purpose" because "[a]llegations that are consistent with ordinary business activities or purposes are insufficient when pleading an association-in-fact RICO enterprise." *Woodell v. Expedia Inc.*, No. C19-0051JLR, 2019 WL 3287896, at *7 (W.D. Wash. July 22, 2019); *In re Jamster Mktg. Litig.*, No. 05CV0819 JM (CAB), 2009 WL 1456632, at *5 (S.D. Cal. May 22, 2009) (dismissing RICO claim because, after plaintiff's legal conclusions were set aside, all that remained was "conduct consistent with ordinary business conduct and an ordinary business purpose").

Here, the defendants' alleged actions tracked ordinary business activities and purposes. Google defended Plaintiff's claims in arbitration through its attorney, Johnsrud. *See Rygg v. Hulbert*, No. C14-237 MJP, 2014 WL 5023627, at *4–5 (W.D. Wash. Oct. 8, 2014) (dismissing frivolous complaint based on alleged enterprise that made an agreement to defend itself and filed court documents that allegedly contained a false statement). Facebook interviewed Plaintiff and offered her employment. (Dkt. #3 at ¶ 95.) Plaintiff's acquaintances encouraged her to seek medical help and discussed the arbitration with her. (*See. e.g. id.* at ¶ 184.) Bayern sought protection from Plaintiff's "terrible emails" through the Florida Court. (*Id.* at ¶¶ 233, 253, 308, 253, 264, 272-73, 276, 300.) Defendant Blessey sent Plaintiff emails intended for a client also named Spivak. (*Id.* at ¶ 20.) These disparate allegations cannot establish a common purpose; they are consistent with the ordinary activities of independent actors responding to Plaintiff in their own independent way. *See Twombly*, 550 U.S. at 557 (plausibility requires more than alleging "parallel conduct that could just as well be independent action.").

### 2. Plaintiff Cannot Establish That Google Or Johnsrud Conducted The Affairs Of A RICO Enterprise.

Plaintiff's allegations also cannot establish that Google or Johnsrud (or any other defendant) "conduct[ed] or participate[d] . . . in the conduct" of a RICO enterprise. 18 U.S.C. § 1962(c). Participation in the conduct of the enterprise requires more than "simply being involved." *Walter v.*



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

*Drayson*, 538 F.3d 1244, 1249 (9th Cir. 2008). Each defendant "must have some part in directing [the enterprise's] affairs," *Reves v. Ernst Young*, 507 U.S. 170, 184 (1993), which means that each defendant must have exercised "some degree of control" over the enterprise. *High v. Choice Mfg. Co.*, No. C-11-5478 EMC, 2012 WL 3025922, at *8 (N.D. Cal. July 24, 2012) (dismissing RICO claim with prejudice where allegations failed to establish requisite level of direction or control). Plaintiff also must allege that Google and Johnsrud "conducted or participated in the conduct of the '*enterprise*'s affairs,' not just their *own* affairs." *Cedric Kushner*, 533 U.S. at 163 (emphases in original).

Here, Plaintiff's allegations fail to establish that Google or Johnsrud conducted or participated in the conduct of the alleged enterprise, what control (if any) they had over the enterprise, or what part (if any) they had in directing it. Moreover, Johnsrud "[s]imply performing services for the enterprise does not rise to the level of direction." *Walter*, 538 F.3d 1244, 1249 (9th Cir. 2008) (attorney-defendant was not liable for services performed for alleged RICO enterprise); *Baumer v. Pachl*, 8 F.3d 1341, 1344 (9th Cir. 1993) (attorney-defendant not liable under RICO where he wrote two letters, prepared a partnership agreement and assisted in a Chapter 7 proceeding; "[w]hether [defendant-attorney] rendered his services well or poorly, properly or improperly, is irrelevant to the *Reves* test"); *see also Reves,* 507 U.S. at 186 (accountancy firm did not direct the affairs of a RICO enterprise).

**3. Plaintiff's Allegations Fail to Plead a "Pattern Of Racketeering Activity."**

Plaintiff's allegations also fail to establish that Google or Johnsrud participated in the affairs of an enterprise through "a pattern of racketeering activity." 18 U.S.C. § 1962(c). Although "two predicate acts are required" to establish a "pattern," "they are not necessarily sufficient." *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004). Rather, "[a] 'pattern' of racketeering activity also requires proof that the racketeering predicates are related and 'that they amount to or pose a threat of continued criminal activity.'" *Id*. (quoting *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989)).

Here, Plaintiff's conclusory allegation that the "enterprise is ongoing and continues to pose a threat to Plaintiff and others" lacks any supporting factual allegations about how the threat continues or how the enterprise has injured anyone but Plaintiff. (*See* Dkt. #3 at ¶ 332.) Where, as here, the alleged scheme is singular—for example, stopping *Plaintiff* from pursuing arbitration and obstruction claims



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

against Google—and there is only one victim, the complaint fails to plead a "pattern." *Medallion Television Enterprises v. SelecTV of California, Inc.*, 833 F.2d 1360, 1363–64 (9th Cir.1988) (plaintiff failed to show a pattern of racketeering activity because the case involved a single alleged fraud against a single victim).

Moreover, the threat of continued activity is absent when the alleged wrong is complete. *Medallion*, 833 F.2d at 1363-64 (holding there was no threat of continued activity where the alleged fraud was complete). Here, the arbitration was complete when the Arbitrator dismissed Plaintiff's claims with prejudice. (*See* Dkt. #3 at ¶ 18.)[10]

**4. Plaintiff's Allegations Fail To Establish Predicate Racketeering Activity.**

RICO plaintiffs "cannot claim that a conspiracy to violate RICO existed if they do not adequately plead a substantive violation of RICO." *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir.2000). That is the case here.

**a. All Of The Alleged Obstruction Of Justice And Witness Tampering Predicate Acts Fail As A Matter Of Law.**

Plaintiff's reckless allegations of obstruction of justice and witness tampering all involve either alleged interference with the arbitration or a state bar complaint. (Dkt. #3, at ¶¶ 336-340, 345, 347, 349, 350, 353.) As such, these alleged racketeering acts fail as a matter of law. *Thomas v. Daneshgari*, 997 F. Supp. 2d 754, 762 (E.D. Mich. 2014) (dismissing RICO claim; alleged obstruction of justice was not a racketeering act because it occurred in arbitration and state court); *Sanford v. Memberworks, Inc.*, No. 02CV0601-MMA (AJB), 2009 WL 10700858, at *5 (S.D. Cal. Mar. 6, 2009) ("RICO predicate acts in § 1961(1) that pertain to obstruction of justice charges do not pertain to state proceedings."), *aff'd*, 625 F.3d 550 (9th Cir. 2010).

In addition, Plaintiff's witness tampering allegations against Google and Johnsrud (Dkt. #3 at ¶¶ 349-50, 352), fail to establish the necessary (or any) factual support. *See Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 524 (5th Cir. 2016) (plaintiff has "not pleaded sufficient facts to establish either alleged criminal act" of obstruction of justice and witness tampering). And with respect to

[10] If Plaintiff alleges an ongoing scheme to stop her from testifying against Google in a future criminal prosecution, this allegation contradicts the Arbitrator's Order rejecting her obstruction claim. (Dkt #3 at ¶¶ 107, 114, 117; RJN, Ex. B. at 1-2.)



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

Google's employees, Plaintiff's allegations are not plausible because they contradict the Arbitrator's Order that she not contact Google employees on the no-contact list. (RJN, Ex. A, at 3 (Arbitrator Order No. 8).) *In re Gilead*, 536 F.3d at 1055 (court need not "accept as true allegations that contradict matters properly subject to judicial notice").

Most the alleged predicate racketeering acts thus fail as a matter of law. (Dkt. #3, at ¶¶ 336-40, 345, 347, 349-50, 352-53.). All other alleged predicates fail as shown below.

**b. Each Of The Other Enumerated Predicate Acts Is Based On Nothing More Than A Sheer Possibility And Thus Fails To State A Claim.**

As to the other alleged predicate acts, the Complaint merely alleges "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. This is not enough to survive a motion to dismiss. Plaintiff's bald conclusions that Google bribed one or more public officials in *Gonzalez v. Spivak* (the case involving a defendant with the same last name as Plaintiff), and "may have unduly influenced the judge in *Bayern v. Spivak*" (the restraining order action in Florida) (Dkt. #3, at ¶¶ 335, 348), are rank speculation that fail the plausibility test. *See Cobb*, 2013 WL 6201414, at *13 (dismissing RICO claim premised on bribery because it was conclusory, not supported by facts, and speculative). Plaintiff in fact alleges only "possibility" (Dkt. #3 at ¶ 289), and fails to establish that *Gonzalez* is a "fake" case (*id.* at ¶ 169). It is far more plausible that *Gonzalez* is a legitimate judicial proceeding, and that the Judge in *Bayern v. Spivak* ruled against Plaintiff because she "sent some terrible emails" to Bayern. (Dkt. #3 at ¶¶ 228, 308.) *See Cobb*, 2013 WL 6201414, at *13 (plaintiff failed to adequately allege bribery as a RICO predicate act because it was "equally plausible to infer that [a commissioner's] rulings were legitimate").

Plaintiff's conclusory allegations also fail to establish that Google or Johnsrud threatened her and her children with murder and violence or otherwise harassed her. (Dkt. #3 at ¶¶ 341-43, 351-52.) Instead, she summarily asserts that she received "escalating threats of killing Plaintiff's children" (*id.* at ¶¶ 299, 309). She concedes the messages were "anonymous" and that she "***interpreted*** those messages as threats against her children." (*Id.* at ¶ 143.) *See United Bhd. of Carpenters & Joiners of Am. v. Bldg. &*



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

*Const. Trades Dep't, AFL-CIO*, 770 F.3d 834, 842 (9th Cir. 2014) (affirming dismissal of RICO claim premised on allegations of "veiled death threats" based on "interpretation of emails").[11]

Plaintiff's allegation that Johnsrud "prevent[ed] her from causing a criminal prosecution to be instituted against him" is also not plausibly pled because it fails to identify the criminal acts she intended to bring against him or how he prevented her from bringing them. (Dkt. #3 at ¶ 352.) The allegation of extortion against Johnsrud (*id.* at ¶ 351), fails because Johnsrud did not "obtain" the arbitration from her, as required under 18 U.S.C. § 1951(b)(2). *See Scheidler v. National Organization for Women, Inc*. 537 U.S. 393 (2003) (interference with property is not obtaining property for purposes of extortion because "obtain[ing]" property requires that the defendants "acquire . . . something of value from [victims] that they could exercise, transfer, or sell"). In short, Plaintiff cannot establish that Johnsrud acquired the arbitration claims from her.

The alleged predicate acts of wire fraud and money laundering are not directed at Google or Johnsrud (Dkt. #3 at ¶ 344), and therefore cannot establish RICO liability under 1962(c) as to them. *Craig Outdoor Advertising, Inc. v. Viacom Outdoor, Inc*., 528 F.3d 1001, 1027 (8th Cir. 2008) ("The requirements of § 1962(c) must be established as to each individual defendant"). These predicate acts also fail because Plaintiff cannot allege that wire fraud or money laundering actually occurred. *See Cobb*, 2013 WL 6201414, at *15 (dismissing RICO claim premised on money laundering because the allegations were "entirely conclusory and unsupported by facts"). Plaintiff's allegations also lack any particularity about the time, place, and manner of each act of fraud, as well as the role of each defendant in the alleged scheme. *See* Fed. R. Civ. P. 9(b); *Schreiber Dist. Co. v. ServWell Furniture Co*., 806 F.2d 1393, 1401 (9th Cir.1986) (requiring heightened pleading standard for fraud).[12]

---

[11] To the extent Plaintiff bases her allegations of murder threats on life insurance ads and pornographic spam from anonymous sources (Dkt. #3 at ¶ 150), inferring a murder threat from spam communications is, again, unreasonable, and she fails to plead any facts that plausibly tie the communications to Google, Johnsrud or any other defendant.

[12] Nor is the predicate act of perjury under Florida state law aimed at Google or Johnsrud (Dkt. #3 at ¶ 346) and, as shown above, perjury under state law is not cognizable under RICO. *Pearce*, 299 Fed. App'x. at 658 ("neither perjury nor assault is within the type of state law crimes that constitute predicate acts under RICO"). Plaintiff's alleged "multiple additional acts obstruction [sic], that will be surfaced through discovery," fail to establish who or what was done. (Dkt. #3 at ¶ 354.)



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

**5. The RICO Conspiracy Claim Under Section 1962(d) Falls With The Claim Under Section 1962(c).**

Plaintiff also alleges conspiracy to cause injury to plaintiff's business and property under § 1962(d). This claim fails because "where a plaintiff fails to establish a claim for a substantive RICO violation [under § 1962(c)], any claim for conspiracy to commit that violation must necessarily fail as well." *Cascade Yarns, Inc. v. Knitting Fever, Inc*., No. C10-861RSM, 2012 WL 2565067, at *5 (W.D. Wash. June 29, 2012) (citing *Sanford v. MemberWorks, Inc*., 625 F.3d 550, 559 (9th Cir. 2010)).

Even if Plaintiff plausibly alleged section 1962(c) liability as to someone other than Google or Johnsrud (she does not), her allegations fail to establish that Google and Johnsrud were part of a RICO conspiracy under section 1962(d). "In order to state a conspiracy claim, a plaintiff must allege facts that show the existence of an agreement between two or more persons that clearly amounted to a meeting of the minds." *Bulan v. JP Morgan Chase Bank*, No. C-10-05952 EDL, 2011 WL 13266527, at *7 (N.D. Cal. Apr. 6, 2011). Here, as shown above, Plaintiff's allegations cannot establish that Google or Johnsrud were part of any conspiracy.

## VII. THE INVASION OF PRIVACY CLAIM SHOULD BE DISMISSED

### A. Plaintiff's Allegations Fail To Establish That Google Or Johnsrud Engaged In The Alleged Misconduct.

Plaintiff relies on her own conclusory and speculative belief to support her claim that she was spied on. (*See, e.g.*, Dkt. #3 at ¶¶ 143, 145 (concluding she was spied on "through her refrigerator's integrated technology" and other home devices because she received an "anonymous message" about someone snacking on fruit shortly after giving her children fruit as a snack).) Such speculative belief of wrongdoing fails to state a claim. *See, e.g., Akmal v. City of Kent*, 2014 WL 1648475, at *5 (W.D. Wash. Apr. 24, 2014) (dismissing privacy claim; plaintiff's personal belief that City defendant spied on her "does not move her allegations from conceivable to plausible . . . It is merely a conclusion that is not entitled to a presumption of truth").

Plaintiff's allegations also fail to adequately connect this anonymous activity to Google or Johnsrud. (*See, e.g.*, Dkt. #3 at ¶¶ 146 ("guess[ing]" that Google was spying on her), 153 (summarily connecting Google to the alleged misconduct based on the parties' "contentious and hostile legal



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

situation" and her own "confiden[ce] that these [messages] were intentionally sent to harass, intimidate, and disorient her" and making no allegation about Johnsrud's involvement).) She alleges that these messages were sent anonymously (Dkt. #3 at ¶ 143), and is bound by that allegation. *Am. Title Ins.*, 861 F.2d at 226 ("Factual assertions in pleadings … are considered judicial admissions conclusively binding on the party who made them."). Her speculative and conclusory allegations are no more than a personal belief. *Akmal*, 2014 WL 1648475, at *4-5 (dismissing plaintiff's intrusion upon seclusion claim because plaintiff's "personal belief that the City is responsible for [stalking her], without more, is 'an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Little v. Washington*, No. C11-1387JLR 2011 WL 5877779, at *3 (W.D. Wash. Nov. 23, 2011) (dismissing plaintiff's burglary claim and finding that plaintiff's suspicion that the Washington State Bar Association broke into her car could not support an inference of liability).

### B. Johnsrud Is Immune From Liability For Alleged Conduct In Connection With The Arbitration And Related Proceedings.

Plaintiff's claim for invasion of privacy against Johnsrud is premised on alleged "hacking" to intimidate her into dismissing the arbitration. (Dkt. #3 at ¶¶ 161-162, 356.) Johnsrud, however, cannot be liable as a matter of law for acts related to his representation of Google in the arbitration. *See Jeckle v. Crotty*, 120 Wn. App. 374, 386 (2004) (upholding dismissal of various tort claims against attorneys, including invasion of privacy, on grounds that attorneys have absolute immunity from liability for acts that were "related to and pertinent to" the representation of their client in the earlier lawsuit); *Kearney v. Kearney*, 95 Wn. App. 405, 415 (1999) (upholding dismissal of invasion of privacy claim as against defendant's attorney and noting that "[a]ttorneys likewise enjoy immunity from civil liability during judicial proceedings to ensure that they have freedom to secure justice for clients").

## VIII. THE COMPLAINT SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND

Leave to amend should be denied when the plaintiff is *pro se*, if "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Ismail v. Cty. of Orange*, 693 Fed. Appx. 507, 512 (9th Cir. 2017) (quoting *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015)) (dismissing with prejudice *pro se* plaintiff's claims because the issue had already been litigated and decided in a prior proceeding).



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

Here, all of Plaintiff's claims are premised, as shown above, on allegations that were or could have been brought in the prior proceedings. Plaintiff is therefore precluded from relitigating them in this forum and no amendment of the Complaint could possibly cure this defect. *California Architectural Bldg. Prod., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir. 1987) (amendment of RICO claim futile); *Lambert v. Andrews,* 79 Fed. Appx. 983, 986 (9th Cir. 2003) (amendment futile where claims precluded by *res judicata*); *Congdon v. Wells Fargo Bank, N.A.*, No. C18-394 RAJ, 2018 WL 3533337, at *4 (W.D. Wash. July 23, 2018) (amendment futile where claims precluded by *res judicata*; "[t]his Court is not tolerant of litigants that engage in this kind of gamesmanship [of filing claims previously dismissed], even if they are litigating pro se"). Thus, all of Plaintiff's claims should be dismissed with prejudice.

## IX. CONCLUSION

For these reasons, Google and Johnsrud ask the Court dismiss the Complaint with prejudice for failure to state any claim for relief.

DATED this 10th day of November, 2020.

*By: s/ Kellen A. Hade*
Kellen A. Hade, WSBA No. 44535
Katie Loberstein, WSBA No. 51091
MILLER NASH GRAHAM & DUNN LLP
Pier 70, 2801 Alaskan Way Ste. 300
Seattle, WA 98121-1128
Tel: (206) 624-8300
Fax: (206) 340-9599
Email: kellen.hade@millernash.com
katie.loberstein@millernash.com

Attorneys for Alphabet Inc. and Brian L. Johnsrud

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered users.

I declare under penalty of perjury under the laws of the United States of America and the state of Washington that the foregoing is true and correct.

Signed at Seattle, Washington this 10th day of November, 2020.

*Edgar Y. Rosales*
Edgar Y. Rosales, Legal Assistant
edgar.rosales@millernash.com

4821-8097-2753.2



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121