Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RIVKA SPIVAK,<br><br>Plaintiff,<br><br>v.<br><br>ALPHABET INC, et al.<br><br>Defendants. | Case No. 2:20-cv-01480-MJP<br><br>NOTICE OF MOTION AND MOTION TO VACATE JUDGMENT UNDER RULE 60(d)(3)<br><br>Noted on Motion Calendar: Thursday September 24, 2026 |

NOTICE OF MOTION AND MOTION TO VACATE JUDGMENT UNDER RULE 60(d)(3)

**PLEASE TAKE NOTICE** that **on Thursday, September 24, 2026**, Plaintiff will move this Court, pursuant to **Federal Rule of Civil Procedure 60(d)(3)**, to vacate the judgment entered on **February 12, 2021**, on the ground that the judgment was procured through **fraud on the court**.



**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

## I. INTRODUCTION

In February 2021, this Court granted Google's 12(b)(6) motion and dismissed all of Plaintiff's claims with prejudice, accepting Google's argument that they were barred by claim and issue preclusion and FAA exclusivity. That judgment must be vacated under Rule 60(d)(3) because Google procured it through a deliberate scheme of deception that induced the Court to accept and rely on a falsified procedural history, corrupting the judicial machinery and resulting in a grave miscarriage of justice.

Google did not merely misdescribe the record; it constructed a procedural counterfeit and persuaded the Court to treat it as authentic. That deception was the mechanism by which Google converted a narrow Title VII arbitration into a fictitious adjudication of claims that were never present and which the arbitrator had no jurisdictional authority to decide.

Google's intentional acts of deception included (1) making knowingly false and deceptive factual assertions about the procedural record and history, (2) concealing and withholding arbitration records, including pleadings, orders, and transcripts, that would have exposed the falsity of it fictionalized procedural history,(3) concealing the record of its prior inconsistent statements to a federal investigator to block the Court from considering and applying judicial estoppel and other equitable doctrines, and (4) introducing inapplicable and false legal authority to steer Plaintiff away from recognizing the materiality of Google's withheld evidence and providing it to the Court herself.



**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

For clarity, this motion uses shorthand to refer to two claimsets. **Claimset A** refers to the claims actually submitted in the prior arbitration - specifically, Plaintiff's Title VII discrimination and retaliation claims. **Claimset B** refers to the set of claims Plaintiff later brought in this Court, alleging RICO, obstruction, intimidation, harassment, invasion of privacy, violations under 42 U.S.C. 1985, and other acts.

I. TABLE OF EXHIBITS

*(All exhibits marked "withheld" were in Google's possession and not provided to this Court.)*

1. **(withheld) Pre-Hearing Order No. 1** — Establishing the initial procedural framework and identifying the claims submitted for arbitration.
2. **(withheld) Plaintiff's Amended Notice of Claims (4/12/17)** — Establishing Claimset A as the only claims within the arbitrator's jurisdiction under JAMS Rules 9 and 10.
3. **(withheld) Google's June 27, 2018 eDiscovery Letter Brief** — Arguing that discovery must be limited to Claimset A and opposing Plaintiff's requests for discovery related to issues outside the Notice of Claims.
4. **(withheld) Google's Comparator Discovery Brief** — Insisting that the Amended Notice of Claims strictly framed the case and refusing comparator discovery on informally raised allegations.
5. **(withheld) Plaintiff's July 2018 Email to Google and the Arbitrator** — Complaining about being instructed to drop misconduct concerns and being warned it reflected poorly on her to raise issues about falsified evidence.
6. **(withheld) Plaintiff's October 2018 eDiscovery Letter** — Explaining that misconduct allegations were procedural discovery concerns, not new claims, and requesting discovery necessary to litigate Claimset A.



**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

7. **(withheld) Pre-Hearing Order No. 9** — Showing the arbitrator did not accept any misconduct allegations for merits adjudication and permitted only a limited procedural sanctions motion.
8. **(withheld) Plaintiff's September 2019 EEOC Charge** — Establishing that Plaintiff raised Claimset B with the EEOC in September 2019.
9. **(withheld) October 2019 Email Chain Between Google, Plaintiff, and the EEOC** — During the FAA challenge window, Google asserted that Claimset B was new and belonged in arbitration, contradicting its later FAA-exclusivity argument to this Court. This email chain also includes the EEOC's determination that Plaintiff's 2019 charge did not fall within the jurisdiction of the EEOC.
10. **(withheld) Email Chain Between Plaintiff and Google (including senior legal leadership)** — Showing that during the open FAA challenge window, Plaintiff promised Google she would *not* file anything in court at that time, in response to Google's threats.
11. **(withheld) Pre-Hearing Order No. 6** — Showing Plaintiff had not alleged emotional distress, that claims could not be amended without an order or stipulation, and that the arbitrator was enforcing JAMS Rule 10.
12. **(withheld) Google's Opposition to Plaintiff's Sanctions Motion** — Framing Plaintiff's motion as narrow procedural matters under JAMS Rule 29, admitting no discovery had occurred, and denying that the arbitration was in an adjudicative phase; also showing Google's ungranted request that Plaintiff be sanctioned.
13. **(withheld) Google's Opposition to Plaintiff's Discovery Protection Order Motions** — Categorizing Plaintiff's motion as governed by narrow JAMS rules, and reiterating Google's position that the arbitration remained in a limited procedural posture.



**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

14. **(withheld) Google's Motion to Dismiss for Failure to Prosecute** — Filed two days before Plaintiff's withdrawal, asserting Plaintiff had not prosecuted or litigated any claims and that Google had "little" to show for responding to her motions, contradicting Google's later assertion to this Court that misconduct issues were "actually litigated."
15. **(withheld) Arbitration Hearing Transcript (May 2019)** — Showing the arbitrator would only consider the discovery issues in Plaintiff's motion (and not allegations of witness tampering, pursuit of criminal charges, etc), denied Plaintiff's request to amend, confined the case to Title VII discrimination claims, and confirmed he had not reviewed evidence or adjudicated any misconduct.
16. **(withheld) Pre-Hearing Order No. 15** — Stating that should Plaintiff choose to withdraw, the withdrawal would be governed by JAMS Rule 13.
17. **(withheld) Arbitration Hearing Transcript (July 2019)** — Showing the arbitrator again confined the case to Title VII discrimination claims and had not and would not adjudicate misconduct.
18. **(withheld) Google's 2019 Email Requesting Conditions on Plaintiff's Withdrawal** — Demonstrating that Google sought conditions under JAMS Rule 13 but did not request any bar on Plaintiff pursuing Claimset B or any claims outside the Notice of Claims.
19. **Plaintiff's 2025 Motion for Protective Order (MPO) in State Court** — Demonstrating that when Plaintiff raised Claimset B allegations in a forum that had the procedural history, Google did not assert preclusion. Showing intentionality in this Court.
20. **Pleadings from Plaintiff's 2025 Motion for Leave to File Claims in State Court** — Evidencing Google's admission that the arbitration did not involve litigation of Plaintiff's



**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

claims, and exposing its inconsistent litigation positions and ongoing pattern of misrepresenting procedural history.

21. **(withheld) Google's 2015 Motion to Stay the Arbitration**— Evidencing Google's litigation stance that Plaintiff's arbitration was limited in scope and a duplication of the EEOC investigation.

22. **Google's 2023 Motion for Vexatious Litigant Status and Preliminary and Permanent Injunction** showing Google's representations in another forum about the findings in this Court.

## II. RULE 60(d)(3) STANDARD

Rule 60(d)(3) preserves the Court's inherent authority to set aside a judgment obtained through fraud on the court. Under Rule 60(d)(3), the inquiry focuses on whether an officer of the court engaged in knowing deception that corrupted the Court's ability to adjudicate the case. Fraud on the court is a wrong against the institutions set up to protect and safeguard the public, and a party's failure to uncover the deception earlier or lack of diligence does not excuse the fraud. *Hazel-Atlas, 322 U.S. at 246.* Likewise, the Ninth Circuit holds that fraud on the court exists whenever deception harms the integrity of the judicial process or prevents the judicial machinery from functioning in the usual manner. Once such fraud is shown, the Court is obligated to vacate the judgment.

## III. ELEMENTS OF GOOGLE'S FRAUDULENT SCHEME

### A. Google Withheld Evidence Showing It Threatened Plaintiff During the FAA Window and Told the EEOC That Claimset B Belonged in Arbitration, Preventing This Court from Applying Judicial and Equitable Estoppel



RIVKA SPIVAK, *Pro Se*
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

In its November 2020 motion (docket no. 31), Google stated that Plaintiff's complaint was impermissible, as it was a challenge to the arbitration award, which could only be made through the FAA's exclusive procedure.

> Rather than challenging the result of the arbitration through the exclusive procedure provided by the Federal Arbitration Act, 9 U.S.C. § 12 ("FAA"), Plaintiff instead waited over a year and filed this impermissible collateral attack […] These claims are legally barred […]

This Court agreed with Google in its dismissal order. However, the Court did so without the benefit of knowing that in September 2019 Plaintiff had signed an EEOC charge alleging Claimset B (Ex. 8), and that in early October 2019, Google (1) threatened to sue Plaintiff unless she filed Claimset B in arbitration and agreed not to pursue court action, (2) told an EEOC Federal Investigator that Claimset B belonged in arbitration, and (3) told the EEOC investigator that Google had a statutory right to file the petition to compel arbitration of Claimset B (Ex. 9).

Plaintiff's 2019 EEOC charge included substantially the same nucleus of facts alleged in this Court. Specifically, Plaintiff's charge signed on September 26, 2019 alleged:

> In or around January 2017 I entered into an arbitration process with Respondent. […] During the ongoing arbitration process, Respondent has engaged in obstruction and threats, including threatening to disclose my private information to the public. Respondent has also engaged in gaslighting conduct, including sending me intimidating and harassing spam emails and interfering with my cell phone apps. (Ex. 8)

On receipt of Plaintiff's EEOC charge, Google demanded that Plaintiff immediately file the claims in arbitration, threatening to sue her if she did not, stating:

> these new claims you threaten belong in arbitration and we assume you will bring them in that forum […] Please confirm that you will do so. To the extent you do



**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

> not submit them to arbitration, Google will file a petition to compel arbitration in federal court. (Ex. 9)

Plaintiff was unrepresented. Google's assertion that Claimset B "belonged in arbitration" would itself constitute misconduct (and claims under 42 USC 1985) if, as Google later argued to this Court, raising Claimset B anywhere other than federal court during the FAA window was impermissible under FAA exclusivity**.** After receiving Google's threats, Plaintiff forwarded those threats to the EEOC investigator as a new inquiry, copying Google on the email.

> Please see below for the basis of a new inquiry […] Google has now responded by telling me that, based on my filing of the EEOC charge, unless I proceed with Arbitration (in which they will seek attorney's fees and costs), they will sue me in Federal Court. (Ex. 9)

Google answered the complaint via email to the Federal Investigator:

> Ms. Spivak's message is incorrect. Google's message below states clearly that it will file a petition to compel the arbitration of Ms. Spivak's claims if she refuses to bring them in arbitration. Google has a contractual and statutory right to file a petition to compel arbitration of her newly threatened legal claims, and that is not "retaliation." (Ex. 9)

Plaintiff responded to Google's repeated threat, and cc'd its in-house senior leadership team, begging them to not sue her and promising that she would not file anything in court.

> I have <u>no present intent to file any lawsuit against Google in court</u> […] I am not taking any steps to prepare for any lawsuit against Google in any forum […] Please don't do this to me and my family. Please don't invent another excuse to humiliate me in public by casting me in a false light in a frivolous lawsuit. (Ex. 10)

Google confirmed that they would not sue her only after Plaintiff repeatedly promised that she would not take any court action.

> You have now confirmed that you will honor your arbitration agreement. In light of your confirmation, Google will not need to file a petition to compel arbitration at this time. (Ex. 10)



**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

Google told this Court that Plaintiff waited "over a year" to file her complaint in Federal Court, and that this was inherently an untimely FAA challenge. Google used the FAA window as both a sword and a shield — threatening Plaintiff with litigation if she filed in court, then faulting her for not filing in court. That contradiction was the fulcrum of Google's strategy to bar Plaintiff from every forum. But by Google's posture in this Court, a federal court receiving Plaintiff's complaint in October 2019 would have properly construed it as a challenge to the arbitration award and converted it to a timely motion to vacate under 9 U.S.C. § 10. Google's threats and statements to the EEOC in October 2019 led Plaintiff to beg Google to not follow through on its threats and to appease Google with promises and assurances that she would not pursue court action. This extorted promise locked Plaintiff out of the FAA procedure when a challenge would have been timely. Google's concealment of its prior EEOC position statement while asking this Court to fault Plaintiff for missing the FAA window is effrontery so far above the Rule 60(d)(3) bar that any analysis anchored on that bar is perfunctory, and akin to using a scale to confirm that an elephant outweighs a horse. This court would not have allowed Google to succeed on its FAA exclusivity arguments if it had known this procedural history. When the FAA window was open, Google told the EEOC that arbitration was the exclusive path to pursuing Claimset B. When the FAA window was closed, Google concealed its prior statement and instead told this Court that the FAA procedure was the exclusive path.

Judicial estoppel is "an equitable doctrine invoked by a court at its discretion," *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). Plaintiff did not need to have raised it in opposition to Google's motion to dismiss for the Court to have applied it anyway when the evidence before it supported doing so. Equitable estoppel is another applicable equitable doctrine that courts have the inherent authority to apply sua sponte in extraordinary



**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

circumstances such as this one, in the interests of justice. Here, Google concealed evidence that prevented the Court from proactively exercising its inherent authority.

### B. Google Withheld the EEOC's Finding that Claimset B Did Not Fall Under Title VII Jurisdiction and Therefore Could Not Have Been Dismissed or Adjudicated in an Arbitration that Google Limited to Title VII

When an arbitrator does not have subject matter jurisdiction over claims, the arbitration cannot be res judicata as to those claims, since they could not have been raised. *(Clark v Bear Stearns*, 966 F.2d 1318 (9th Cir. 1992))

Google's November 2020 Motion to Dismiss (docket no. 31) argued that Claimset B "*was or could have been raised in arbitration.*" Google also admitted that Plaintiff's arbitration was an arbitration of Title VII discrimination claims**,** telling this Court: *"The Arbitrator also dismissed the arbitration of Plaintiff's Title VII claims with prejudice."*(ibid at 6*)* But despite this acknowledgement, Google asserted that Claimset B was dismissed in arbitration, even though Google knew that the EEOC had already determined that Claimset B did not fall under Title VII jurisdiction. The EEOC dismissed Plaintiff's charge *"because your complaint does not fall under the jurisdiction of the EEOC."* (Ex. 9)

Google knew that the EEOC denied jurisdiction over Claimset B, and could not have had a good-faith belief that a dismissal of Title VII claims included Claimset B.

Google also withheld the procedural history showing that within the arbitration it repeatedly took the position, to Plaintiff's detriment, that Plaintiff's arbitration was no more than a duplication of her EEOC claims. In its successful 2015 Motion to Stay Arbitration (Ex. 21)- which Plaintiff opposed and which delayed arbitration for two years - Google told the arbitrator:



**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

*"Spivak is a current employee who has made a series of gender discrimination and retaliation allegations. Her claims arise under Title VII, the Washington Law Against Discrimination, and the New York State Human Rights Law."* And Google specifically replied that Plaintiff's Title VII claims *"mirror her claims under Washington's Law Against Discrimination."* The arbitrator granted the stay based on Google's representation that the arbitration was limited to those claims. Even though its 2015 stay motion cast the arbitration as a redundant and marginal proceeding constrained by Title VII jurisdiction, Google nevertheless later told this Court that sweeping criminal conspiracy and racketeering claims were somehow adjudicated and dismissed on the merits within that same narrow box.

Google withheld both the EEOC's 2019 determination that Claimset B was outside the jurisdiction of Title VII (Ex. 9), and its own 2015 insistence that the arbitration was limited in scope to Title VII claims (Ex. 21) when telling this Court that Claimset B was barred because Plaintiff "could have" raised those claims in her Title VII arbitration.

### C. Google Withheld Arbitration Documents Showing the Identity of Claims in Arbitration and the Nature of Their Withdrawal Under JAMS Rule 13

Google's Motion to Dismiss told this Court: *"Here, Plaintiff's Section 1985, RICO and privacy claims are premised on alleged conduct by Google and Johnsrud in the arbitration and related legal proceedings.* ***The Arbitrator dismissed Plaintiff's claims with prejudice****, which constitutes a final judgment on the merits for purposes of claim preclusion."* (docket no. 31, emphasis original). Google's pairing of those sentences asserts as a matter of fact that the claims dismissed with prejudice in arbitration were the same claims raised in this Court. That assertion is false. Google then reinforced that assertion by stating that "the prior proceedings also involved



**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

the same parties," a phrasing that again asserts the same point by presupposing that the claims were identical.

That assertion was legally impossible, as any review of Plaintiff's Amended Notice of Claims (Ex. 2) would demonstrate. The arbitrator did not—and under JAMS Rules 9 and 10 (docket no. 32-5) could not—dismiss any of the claims in Claimset B. The arbitrator's jurisdiction was limited to Plaintiff's Notice, which contained no allegations of, and requested no remedies for, obstruction, criminal misconduct, or any other misconduct or violation alleged in Claimset B. Furthermore, Pre-Hearing Order 1 aligned with the JAMS rules and stated: *"Claimant's claims are those described in her Notice of Claims… and are for damages for allegedly gender discrimination and retaliation… No new or different claims or defenses may be submitted except by agreement of the parties or with the Arbitrator's prior approval."* (Ex. 1)

Google withheld both Pre-Hearing Order 1 (Ex. 1) and Plaintiff's Amended Notice of Claims (Ex. 2) from this Court. Had the Court seen these, it would have recognized that Claimset B was not part of any notice of claims or otherwise within the arbitrator's jurisdiction under JAMS rules or the arbitrator's own order and therefore could not have been included in any dismissal.

Google cannot argue that Plaintiff's claims changed once she raised misconduct allegations, as the JAMS rules are clear that this is insufficient to expand the scope. Google's characterization of the case never changed even after Plaintiff complained of misconduct to the arbitrator. In a July 2018 email to Google and the arbitrator, Plaintiff said:

> On the first conference back in May, I was advised that it reflected poorly on me when I raised concerns with Google's falsification and alteration of evidence in bad faith… I



**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

> now understand that JAMS arbitration is not the right venue to raise these concerns… I respectfully request guidance on JAMS' policies regarding alteration of evidence, and how to defend properly against such evidence without violating any protocols…" (Ex. 5)

Google never recharacterized the arbitration as including misconduct claims and never offered to stipulate to an agreement to do so. In fact, regardless of how many times Plaintiff mentioned misconduct, Google repeatedly maintained its position that Plaintiff's Amended Notice of Claims narrowly defined the scope of the arbitration. For example, in an October 2018 Comparator Discovery brief, well after Plaintiff raised allegations of misconduct with the arbitrator, Google maintained its position that the arbitration was *"a single plaintiff case challenging discrete decisions by three specific managers."* (Ex. 4) This litigation stance was prejudicial to Plaintiff and blocked her access to material evidence. Google also withheld **Pre-Hearing Order 6** (Ex. 11) and **Pre-Hearing Order 15** (Ex. 16) which evidence that the arbitrator did not allow claims to be amended without a stipulation or order, and that the dismissal was governed by JAMS Rule 13, which is a withdrawal of claims (docket no. 32-5). Furthermore, although Google requested that conditions be attached to Plaintiff's withdrawal (as allowed by JAMS Rule 13), it did not ask that Plaintiff be barred from pursuing any claims or issues beyond the ones she was withdrawing (Ex. 18). By withholding their request for withdrawal conditions, Google prevented this Court from seeing that Google made no request that the arbitrator condition the withdrawal on Plaintiff signing a waiver of claims beyond those being withdrawn.

Had Google not withheld and misrepresented the identity of claims in arbitration, the Court could not have found that Claimset B was included in the dismissal or otherwise arose from the same transactional nucleus of facts as the dismissed claims. The arbitrator had no jurisdiction to consider misconduct claims outside of JAMS rules. Without jurisdiction, the



**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

identity-of-claims test was not satisfied, and Claimset B could not have been dismissed as precluded.

Had Google provided Pre-Hearing Order Nos. 1, 6, and 15, and the Amended Notice of Claims, the Court would have immediately seen that claimset B was not submitted**,** accepted**,** adjudicated**,** or waived and could not have been dismissed with prejudice. Google's false statements and concealment of these documents prevented the Court from recognizing that Claimset B was never within the allowed scope of the arbitration.

**D. Google Withheld Procedural Evidence and Misrepresented Facts Showing That Plaintiff Was Prevented From Raising Claimset B in Arbitration**

Google told this Court that Plaintiff "could have" raised Claimset B in arbitration and that her federal claims were therefore precluded. Google possessed — and withheld — documents proving the opposite. The concealed record shows that Plaintiff was repeatedly instructed not to raise misconduct allegations, was sanctioned for violating those instructions, and was explicitly denied the opportunity to amend her claims *(Ex. 15)*. Google's "could have raised" assertion was knowingly false, and the Court's reliance on that assertion resulted from Google's concealment.

As noted above, In July 2018, Plaintiff emailed Google and the arbitrator documenting explaining the arbitrators prior warning that raising misconduct allegations would "reflect poorly" on her. (Ex. 5). Google withheld this communication from the Court in its "could have" arguments. Furthermore, while Google provided the Court with the arbitrator's sanctions order, it withheld its own briefing requesting those sanctions ((Ex. 12). In that motion, Google stated:

> JAMS Employment Rule 29 is the only JAMS Rule that authorizes an award of sanctions. It authorizes the Arbitrator to award sanctions against a party 'for failure of a Party to comply with its obligations under any of these Rules or with an order



**RIVKA SPIVAK,** ***Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

> of the Arbitrator.' Spivak does not identify any failure by Google to comply with its obligations under any of the JAMS Rules, nor does she identify any failure by Google to comply with any order of the Arbitrator. (Ex. 12)

Google's own framing establishes that it did not consent to giving the arbitrator the authority to issue sanctions outside of Rule 29. The arbitrator sanctioned Plaintiff "to deter her" from raising misconduct allegations again. Under Google's own Rule 29 argument, the sanction necessarily reflected Plaintiff's violation of the arbitrator's instructions to not allege misconduct.

Google also withheld arbitration transcripts (Ex. 15, Ex. 17) showing the arbitrator repeatedly limited the case to Title VII issues and refused to consider misconduct. Even as Plaintiff complained of misconduct and requested leave to amend, the arbitrator denied the amendment request and refused to broaden the case beyondgender discrimination.

The concealed evidence shows that Plaintiff attempted to raise misconduct concerns, was repeatedly warned not to, was sanctioned for violating those warnings, was denied leave to amend, and was confined to Title VII issues by the arbitrator. But Google's deception prevented the Court from receiving this evidence, and induced it to instead rely on Google's false facts.

### E. Google Falsely Claimed That the Issue of Obstruction of Justice Was Accepted for Adjudication by the Arbitrator

Google represented to this Court that *"Plaintiff submitted to the Arbitrator the issue of whether Google obstructed justice by submitting false evidence to the EEOC and in arbitration."* Under JAMS Rule 10**,** however, no new or different claim may be submitted after appointment of the arbitrator unless the arbitrator expressly approves it. Google's statement therefore



**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

necessarily represented that the arbitrator had approved obstruction of justice as a claim within the arbitration.

Google withheld **Pre-Hearing Order 9** (Ex. 7) which was the procedural basis for Plaintiff's sanctions motion disproves this assertion. In addition, **Plaintiff's October 11, 2018 e-Discovery Brief** (Ex. 6) confirms that Plaintiff was not attempting to submit any new claims outside of claimset A to the arbitrator. In that brief, Plaintiff framed the dispute as an "open discovery issue" and begged for the opportunity to "argue my case on the merits rather than on a fiction." These statements show that Plaintiff's position was that Google was blocking access to the discovery she needed to litigate Claimset A. She was not attempting to introduce Claimset B or any new substantive claim. She had NOT asked the arbitrator for permission to litigate obstructionas an issue or claim. This brief led to Pre-Hearing Order 9, which granted Plaintiff permission to file a limited sanctions motion, and which certainly did not accept "obstruction of justice" as a claim or issue to be adjudicated on the merits. Pre-Hearing Order 9 states:

> Claimant's Motion for Sanction: Claimant Spivak contends that Respondent Google has engaged in actions in this arbitration, as well as in the earlier EEOC proceeding, that warrant the imposition of sanctions in this proceeding at this juncture. Spivak will be permitted to bring her proposed motion. (Ex. 7)

And the order's footnote makes the arbitrator's position unmistakable:

> In allowing the motion to include matters from the EEOC proceedings, the undersigned is not ruling upon the relevance of those matters to the current arbitration.

An amendment of claims required an order from the arbitrator, and the arbitrator specifically denied that he was making any such order. Thus, Google's representation to this Court—that Plaintiff "submitted" obstruction of justice to the arbitrator—was false. Plaintiff did



**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

not submit any obstruction-of-justice claim; she submitted a sanctions motion to try to overcome Google's misrepresentations that blocked her from obtaining the discovery necessary to litigate Claimset A. The arbitrator did not approve adjudication of any new claim. By withholding Pre-Hearing Order 9 while telling this Court that Plaintiff submitted the issue of obstruction to the arbitrator, Google misled this Court into believing that obstruction of justice was accepted as an amended claim or issue material to a claim.

### F. Google Misrepresented Facts and Withheld Evidence Showing That No Misconduct Issue Was Actually Litigated or Necessary to Any Claim Before the Arbitrator

Google told this Court that Plaintiff's misconduct allegations were barred by issue preclusion because Plaintiff had raised misconduct in her sanctions motion and the issues were actually litigated. But Google's own contemporaneous filings prove that the arbitrator was not at the point of adjudicating anything, that there had been no discovery, that allegations were adjudicated as possible procedural violations rather than merits issues, that Google claimed Plaintiff never prosecuted any claims, and that Google had "very little to show for" responding to Plaintiff's motions (which could not be true if those motions had adjudicated and dispensed issues material to Plaintiff's claims) (Ex. 12, Ex. 13, Ex. 14). These filings — withheld from the Court — make Google's representation that misconduct issues were "actually litigated" knowingly false.

First, Google withheld their own **Sanctions Opposition** brief to Plaintiff's sanctions motion (Ex. 12), which shows that Google opposed Plaintiff's motion as narrow allegations under JAMS Rule 29, and not under any substantive legal standard such as 18 U.S.C. § 1512. Google's brief



**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

admitted that no discovery on the allegations had been taken and denied that the arbitration was at the stage of adjudicating anything. Google's briefing stated:

- She has not established that Google violated any of the Arbitrator's orders under JAMS Rule 29. Nor has she identified any sanctionable conduct under any other JAMS Rule or Rule of Civil Procedure. (pg 1)
- Spivak has now filed a sanctions motion against Google. She insisted on doing so before receiving and reviewing Google's ediscovery production (pg 3)
- JAMS Employment Rule 29 is the only JAMS Rule that authorizes an award of sanctions. It authorizes the Arbitrator to award sanctions against a party "for failure of a Party to comply with its obligations under any of these Rules or with an order of the Arbitrator." (pg 3)
- Finally, Spivak's tortured argument ignores the fact that we are at the discovery phase, not the adjudication phase. (pg 13)
- Spivak is free to argue for her tortured reading about the Code of Conduct at the actual Arbitration (pg 13*)*
- None of this changes the fact that the Arbitrator issued an Order, Google followed it, and Spivak violated it. (pg 15)
- Her Speculation And Argument Is Not Evidence Of Any Kind, And In Any Event Does Not Support Sanctions (pg 15)
- There is no basis for Spivak to attempt to turn Google's legal argument (based on her allegations) into sanctionable conduct. Spivak's Amended Notice of Claims alleges that it was her specific managers (not Neal Mohan) who took adverse action against her. (pg 15)

Had the Court seen Google's Opposition to Sanctions, it could not have accepted Google's misrepresentation that the issues Plaintiff raised as RICO predicates were litigated in the sanctions motion.

Second, Google withheld their **Opposition Brief** to Plaintiff's motion for a protective order (Ex. 13), again showing that Google considered adjudication to be limited by JAMS procedural and discovery rules. Google described Plaintiff's allegations as distractions from "the real issue."



**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

- Spivak offers no evidence that Google or its counsel violated any JAMS Rule or any prior Order.

- Spivak's motions are nothing more than an attempt to distract from the real issue here: Google complied with the Arbitrator's Orders, at substantial time and expense, while Spivak has repeatedly defied those same Orders. (pg 5)

- she made a series of deliberate choices to defy the Arbitrator's Orders, despite repeated warnings, sanctions, and multiple opportunities to change her approach. (pg 6)

- Spivak's entire motion for a protective order is based on her paranoid misinterpretation of a halfpage email about potential resolution. (pg 7)

- She has abused any benefit of the doubt by repeatedly disregarding the Arbitrator's Orders (pg 8)

Had the Court seen Google's Opposition to Plaintiff's request for a protective order, it could not have accepted Google's misrepresentation that the issues Plaintiff raised as RICO predicates were fully and fairly litigated in that motion either.

Lastly, in Google's withheld **Motion to Dismiss for Failure to Prosecute** (Ex. 14), filed two days before Plaintiff's withdrawal, Google admitted that Plaintiff had not prosecuted or litigated her claims. Specifically, it stated

- To date, Google does not even have Spivak's initial eDiscovery production, which was due last year. (pg 1)

- Spivak brought these claims and she must be prepared to arbitrate them (pg 1)

- no meaningful progress has been made in bringing this matter to conclusion since Spivak's latest set of counsel withdrew over a year ago. (pg 4)

- Spivak has engaged in a pattern of delay and has disregarded discovery orders. Google has been prejudiced, including through time and expense incurred in responding to Spivak's misguided tactics, with very little to show for it. Google does not yet even have Spivak's initial eDiscovery production



**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

Had this Court seen Google's Motion to Dismiss where Google asserted that it "had very little to show for [responding to Plaintiff's motions]", it could not have concluded that these motions dispensed with any issues material to Claimset B or that Google had established any rights by the respective orders.

### G. Google Withheld Evidence that the "Identical Law" test under the *Clark* was Not Met

Google cited *Clark v. Bear Stearns*, 966 F.2d 1318 (9th Cir. 1992), to argue issue preclusion, and the Court adopted *Clark*'s standard. But *Clark* holds that issue preclusion is unavailable when the first proceeding applied a different legal standard than the second. Google's withheld oppositions show that the issues in Plaintiff's motions were litigated under JAMS Rule 29 - a standard requiring proof of a violation of a JAMS rule or an arbitrator's order**.** Plaintiff's federal claims, by contrast, arise under federal codes, which do not require any such proof. Thus the legal standard applied in arbitration was far more stringent: to prevail on an arbitral sanctions alleging criminal obstruction, Plaintiff would have had to, at minimum[1], prove all the elements of criminal obstruction *and*, most materially, show that the arbitrator had previously ordered Google not to engage in the specific factual predicates of criminal obstruction.

Google concealed the fact that by its own framing, the arbitrator was required to deny sanctions if Plaintiff failed to prove that Google's actions violated JAMS rules or arbitrator's orders. Thus, given this single and narrow test, and since Plaintiff had failed to even allege that criminal obstruction violated the JAMS rules or arbitrator's orders, any commentary by the

[1] Plaintiff does not concede that arbitration can produce res judicata as to criminal allegations.



**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

arbitrator that could be misconstrued as a substantive finding was, at most, dicta. As held by *Clark*, issue preclusion cannot apply when the governing law meaningfully differs: *This discrepancy would be of no moment if New York and California common law were identical, but they are not. They are as different as the Atlantic and the Pacific*. So too with JAMS Rules and the US Criminal Code.

It was Google, not Plaintiff, that asked the Court to apply Clark. But Google did so while withholding the pleadings that, under *Clark*, would contradict any finding that Plaintiff's RICO claims were precluded.

While withholding the contradictory evidence, Google affirmatively represented that the arbitration litigated the elements of the criminal legal standard. It did this by explicitly referencing Plaintiffs citations of criminal codes when telling this court that they had been litigated.

> Likewise, the alleged RICO predicate acts are primarily allegations of impropriety during arbitration. (*See, e.g.,* Dkt. #3 at ¶¶ 336 (Facebook creating fake evidence), 337 (weakening her resolve in arbitration), 338 (same; and state bar complaint against Johnsrud), 340 (inducing her to request an indefinite stay), 343 (psychological activity that was raised and rejected in her request for a protective order), 351 (same), 349 (Google's alleged witness tampering that was litigated in a protective order), 350 (alleged obstruction that was litigated in the sanctions motion)

The Court will not that the paragraphs referenced by Google point to specific criminal codes, as required to support RICO claim. Plaintiff's allegation were RICO predicates. A RICO predicate is a combination of facts and law. Google's motion necessarily represented that the arbitration adjudicated the factual predicates of 18 U.S.C.



**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

§ 1512, 18 U.S.C. § 1961, etc., and that this adjudication was material. This was false, and was contradicted by the evidence that Google possessed and concealed.

### H. Google Withheld Evidence that it Refused Discovery Outside Plaintiff's Notice of Claims, Denying Her a Full and Fair Opportunity to Litigate Any Other Issues

As discussed in prior sections, Google repeatedly framed Plaintiff's claims narrowly in its discovery pleadings (Ex. 3, Ex. 4). This is not only relevant to the identity of claims, but also to Google's assertion of issue preclusion. Plaintiff could not have had a full and fair opportunity to litigate any issue in Claimset B given Google's refusal of discovery outside the Notice of Claims. Had the Court seen these pleadings, it would have the evidence that Google's previous prevailing litigation stance prevented Plaintiff the full and fair opportunity to litigate Claimset B. This evidence would not only provide the substantive basis to defeat preclusion, but would also support the application of judicial estoppel to the same.

### I. Google Withheld its Pleading Showing that the Arbitrator's Order Was Silent on Whether Plaintiff's Misconduct Claims Were "Baseless"

Google made repeated explicit and implicit representations to this Court that the arbitrator adjudicated Plaintiff's misconduct allegations in her sanctions motion. It provided the Court with the order sanctioning Plaintiff, which stated:

> Google, in its opposition papers, reasonably requested sanctions to deter Spivak from making future misguided motions […] The requested sanctions are hereby deemed reasonable, and appropriate. Spivak's motions were not well-taken, and were more in the nature of name-calling attacks than addressing the issues of the case.

However, as noted above, Google did not include its own pleading requesting those sanctions. That pleading would have allowed this Court to see that Google made the following request:



**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

> It is time for Spivak to be sanctioned monetarily in the sum of $12,500 for filing a **baseless** motion and to deter further misconduct. (Ex 12 at pg. 16, emphasis added*)*

The omission of this pleading is material to Google's arguments that the arbitrator's sanction order was an adjudication on the merits. Google's withheld filing shows that it sought sanctions on two independent grounds, primarily and specifically requesting a determination that the motion was **baseless**. But the arbitrator acknowledged only the "deterrence" ground and categorized Plaintiff's motion as "misguided." An order that does not address a requested form or ground for relief denies it. By submitting only the order and not the underlying request, while arguing that the sanctions order was an adjudication of the issues, Google prevented the Court from seeing that the arbitrator actually denied Google's prayer for a "baseless motion" finding.

Google's representation that the arbitrator "determined there was no impropriety" was contradicted by the record Google withheld. The arbitrator refused to issue sanctions on the ground that Plaintiff's motion was baseless. Had Google not concealed its pleadings when it submitted Pre-Hearing Order 10, the Court could not have found that the arbitrator's award of sanctions was a substantive adjudication of the RICO predicates.

### J. Google Withheld the Arbitrator's Statements That He Was Not Going to Consider Criminal Misconduct, and Could Not Yet Say Whether Google Engaged in Discovery Misconduct

Google made multiple representations that the Arbitrator adjudicated misconduct claims and issues. But Google withheld the arbitration transcript from May 2019 (Ex. 15) showing what issues the arbitrator considered ripe.



**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

First, the arbitrator made clear he was only going to adjudicate the discovery misconduct and not the allegations of criminal prosecution. Therefore, all of Google's representations that the Protective Order litigated and decided any issues other than discovery issues are plainly false.

> Mr. Baines […] So my first question in terms of clarification is which basis or bases is your Protective Order request tethered to, is it the fear of criminal prosecution? Is it the other matters? Is it both?
> MS. RIVAK[SIC]: I think it's just the other matters […]
> Mr. Baines […] since you've indicated that that's not a basis currently for the Protective Order request, then we'll move off of that one.
> In terms of the alleged misconduct in the discovery process, again, I have looked closely […]

The Order of Dismissal in this Court shows that it relied on Google's assertion that the order on Plaintiff's request for a protective order was an adjudication of the non-discovery misconduct. Specficially, this Court found:

> In Pre-Hearing Order No. 13 from May 2019, the Arbitrator dealt with Spivak's request for a protective order seeking to stop Google from "attempt[ing] to gather evidence to support a request to law enforcement to file criminal charges against her." (Dkt. No. 32-3 at 3.) Spivak's motion expressed her concern for her safety and sought protection from Google's "'psychological abuse/warfare.'" (Id. at 4.) She also sought to add claims for abuse of process and emotional distress. (Id. at 5.) The Arbitrator rejected Spivak's request and found it baseless.

The arbitration transcripts show that the arbitrator denied that the arbitration was at a point where he could even make determinations on misconduct allegations. He also represented that even if he eventually reached the point of having the evidence, he would decide only the claims and defenses before him — not misconduct itself.

Specifically, the transcript shows the arbitrator stated:

> It is, perhaps, misconduct to pursue claims that a party absolutely knows has no validity whatever, but I thought -- you know, I don't -- from what I've seen so far,



**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

> I'm certainly not to the point of saying that Google is acting in bad faith as it pursues that particular affirmative defense. I suspect there's a whole lot more discovery that needs to be done […] but I suspect that we're gonna have a dispute at the end of the day, at the end of our arbitration hearing, and I'm gonna have to decide, that is if Google continues to pursue that affirmative defense, I'm gonna hear the evidence in support of it, I'm gonna hear the evidence in opposition, and I'm gonna rule as part of my award whether that defense has been sustained or not and what effect it might have. (Ex. 15)

This transcript directly contradicts Google's representation that the arbitrator "considered and rejected" even the discovery misconduct allegations at the level required for issue preclusion.

Had Google not withheld this transcript, the Court would have seen that the arbitrator did not even adjudicate allegations of discovery misconduct in the protective order, let alone any of the claims in Claimset B, and stated that even determinations regarding discovery misconduct required more discovery and a hearing.

### K. Google's False Legal Framing Was Part of Its Intentional Scheme to Conceal Material Evidence From the Court

Plaintiff does not need to argue the details of Google's false legal framings, as the Court was deceived about the facts, not the law, and this motion is for fraud on the court. However, Google's intentional introduction and use of egregiously false legal authority is evidence of scienter. When Google introduced the inapplicable *Owens v. Kaiser* it omitted the negative treatment by *Ruiz*, which explicitly denied Google's posture on "Dismissal with Prejudice." Any legal tool used by Google would have surfaced Ruiz with a warning. When Google mingled *Owens* with *Beard* it attached dicta from *Beard* as if it summarized the holding in both cases (Docket 30). This goes beyond anything that could be explained away as a careless mistake. But



**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

this was not any genuine attempt to fool the *Court* about controlling law, and thus Google recognized that these misrepresentations could be defended as immaterial.

Instead, this was deliberate misdirection intended to overwhelm Plaintiff with inapplicable legal arguments so that she would not recognize the importance of providing the Court with the factual evidence Google was withholding. Google's false legal framing was designed to divert Plaintiff's attention away from focusing on the withheld procedural record. Even though these false arguments were directed at misdirecting Plaintiff, the intent was part of a scheme to deceive the Court by preventing Plaintiff from providing the Court with the concealed material evidence.

**L. Google's Legal Assertion That Preclusion Applies Was Itself Fraud**

Google advanced a preclusion argument whose validity depended on specific historical facts about the prior proceedings. But Google had direct personal knowledge of the procedural history, and this history and the procedural record in Google's possession contradicted the factual predicates necessary for claim or issue preclusion. When Google nevertheless asserted that Claimset B was precluded, the Court recognized that Google's legal team had personal knowledge of the procedural history. Thus Google's legal arguments necessarily operated as an assertion that those factual predicates were present. Google could not have been making an aspiration legal argument with some good faith hope that discovery would later support it. Google already had firsthand knowledge of the full procedural history, and possessed the full procedural record, and the Court knew this.

Rule 11 makes an attorney's signature a substantive representation to the court about both law and fact. The Supreme Court has explained that "a signature certifies to the court that the



**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

signer has read the document, has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both." *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 542 (1991). A reasonable inquiry into a preclusion defense necessarily includes reviewing the procedural record on which the defense depends. By signing the Rule 12(b)(6) motion, Google's counsel certified that they had reviewed that record and were satisfied that the factual predicates required for preclusion were present.

Google's assertion of preclusion thus functioned as a false factual representation cast in the form of a legal argument. Google's signed filing misled the Court about the procedural history in an egregious fraudulent scheme directed at the Court itself.

## IV. Later Litigation Conduct Corroborates Google's Intentional Fraud on This Court

### A. Google's 2025 Admission and Misrepresentation of this Court's Orders Further Evidences Its Intentional Attack on the Judiciary

In 2023 Google brought an action against Plaintiff in King County Superior Court seeking a Vexatious Litigant Designation and Permanent Injunction. After the permanent injunction was granted, Plaintiff's right to pursue claims against Google were gated only in equity. On that basis, Plaintiff sought leave to file Claimset A and Claimset B—claims that had never been adjudicated on the merits in any forum. Google submitted an opposition brief stating:

> *Spivak's employment claims were substantively addressed in the first arbitration.* (Ex. 20)

After Plaintiff notified Google of this falsehood via email, Google filed errata stating:



**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

> Page 2, line 23 of Google's brief contains an inadvertent error. It should read, "Spivak's employment claims were substantively addressed in the federal case." (Ex. 20)

Google's admission in State Court that the first arbitration did not substantively address Plaintiff's employment claims is further evidence of its knowing misrepresentations to this Court about the procedural history. Google told this Court that both claimset A and claimset B were litigated in the arbitration. Google told this Court and others that all of Plaintiff's claims were employment claims. Google succeeded in getting Plaintiff's complaint in this Court dismissed as precluded based on the arbitration. But in 2025 Google admitted that the arbitration did not substantively address Plaintiff's employment claims and stated that it was this court that did.

As to Google's "corrected" statement categorizing this Court's dismissal as substantive, this Court has inherent authority to remedy any misrepresentations about its own rulings. Regardless, Google's shifting explanations in 2025 - each contradicted by the procedural record - corroborate that its misrepresentations to this Court were intentional.

**B. Google's Failure to Oppose Plaintiff's 2025 Motion for Protective Order in State Court Is Evidence That Google Knew That Its Preclusion Arguments Could Not Withstand the Procedural Record it Withheld Here**

In 2020, Google told this Court that Claimset B was barred by issue preclusion. This Court did not have access to the arbitration transcripts in Google's possession (Ex. 15, Ex. 17). However, the State Court in 2025 did have those transcripts. In that forum, when Plaintiff raised the issues in Claimset B in State Court in 2025, Google did not assert preclusion.



**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

Plaintiff's motion in State Court for a protective order (Exhibit 19), repeated many of the factual allegations in Claimset B, including the allegation that Google was attempting to discredit her for surfacing its obstruction. Google filed no opposition to the motion and did not argue claim or issue preclusion. Google did not attempt to argue that the arbitrator had already adjudicated obstruction.

Google asserted preclusion in the forum where the arbitration record was missing, and abandoned preclusion in the forum where more of the arbitration record had been submitted. This is evidence that Google knew its preclusion arguments in this Court could not have withstood the arbitration record it was concealing.

## V. The Court Relied on Google's Fraudulent Representation of the Identity of Claims

In dismissing Plaintiff's claims, the Court accepted Google's false assertion regarding the identity of claims. Google has maintained successful legal postures in other forums that made material representations about this Court's orders. In its **Complaint for Declaration of Vexatious Litigant Status and for Preliminary and Permanent Injunctive Relief** (Ex. 22), Google made the following representation:

> The federal court specifically found that all of Spivak's claims arose from her employment at Google and the first arbitration.

And Google further stated:

> On February 21, 2021, following a motion to dismiss by Google under Federal Rule of Civil Procedure 12(b)(6), the federal court dismissed Spivak's claims, with prejudice. The federal court ruled that **all of her claims** were barred by the doctrines of res judicata and collateral estoppel. (emphasis added)

Google obtained a Vexatious Litigant Designation and Injunction against Plaintiff by telling the State Court that this Court found that res Judicata and collateral estoppel barred all of



RIVKA SPIVAK, *Pro Se*
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

her claims. This representation was material, as a finding that the entirety of Plaintiff's 90-page complaint was res judicata is compelling evidence of vexatious litigation.

## VI. THE FRAUD MECHANISM AND THE NECESSITY OF VACATUR

The record establishes a single, coherent fraud mechanism: Google constricted the jurisdiction and scope of Plaintiff's arbitration to a narrow set of Title VII claims, concealed that constriction from this Court, and then misrepresented the scope of the arbitration as though it encompassed an entirely different set of claims. Inside arbitration, Google insisted that the arbitrator lacked authority to consider anything beyond Claimset A, opposed any broadening of claims, opposed discovery, threatened sanctions, and repeatedly told both Plaintiff and the arbitrator that any consideration of misconduct allegations was jurisdictionally limited to JAMS Rule 29. Outside arbitration, Google told this Court the opposite—that the arbitrator had adjudicated and dismissed Claimset B on the merits, that Plaintiff "could have" raised those claims, and that the dismissal of Title VII claims precluded federal adjudication of claims the arbitrator was forbidden to hear.

This scheme corrupted the judicial machinery in the precise manner Rule 60(d)(3) contemplates. The Court's February 2021 judgment rested on a falsified procedural history. Google's misrepresentations along with its concealment of arbitration orders, transcripts, discovery briefs, EEOC correspondence, and its own inconsistent statements prevented the Court from recognizing that Claimset B was never submitted, never accepted, never adjudicated, and never dismissed. The judgment therefore rests on a foundation that was manufactured through deception by officers of the court.



**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

<u>A judgment procured through fraud on the court cannot stand</u>.

*Hazel-Atlas, 322 U.S. at 246*

Under Rule 60(d)(3), once fraud on the court is shown, vacatur is mandatory because the integrity of the judicial process has been compromised.

Plaintiff respectfully requests that the Court vacate the February 12, 2021 judgment and restore the integrity of the judicial process.

Respectfully Submitted on August 27, 2026

<u>s/Rivka Spivak</u>

Rivka Spivak
128 NE 51st Street
Seattle, WA 98105
617.519.1100
rebeccaspivak@outlook.com

I certify that this motion contains 8,333 words, excluding the portions exempted by LCR 7(e)

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2026, I electronically filed the foregoing Motion and all accompanying exhibits through the Court's CM/ECF system. Under FRCP 5(b)(2)(E), service will be accomplished automatically via CM/ECF upon all counsel of record appearing in this action.

I declare under penalty of perjury under the laws of the United States of America and the state of Washington that the foregoing is true and correct.

Signed at Seattle, Washington this 27th day of August, 2026.

Signed,

s/Rivka Spivak
Rivka Spivak
128 NE 51st Street
Seattle, WA 98105
617.519.1100
rebeccaspivak@outlook.com