UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

Rivka Spivak,

Plaintiff,

v.

Alphabet Inc., et al.,

Defendants.

Case No. 2:20-cv-01480-MJP

EXHIBIT 2

Amended Notice of Claims (Apr. 12, 2017)

Filed in Support of Plaintiff's Motion to Vacate

Judgment Under Rule 60(d)(3)

**IN THE ARBITRATION OF**
**RIVKA SPIVAK and GOOGLE, INC.**

| | |
|---|---|
| RIVKA (REBECCA) SPIVKA,<br><br>Claimant,<br><br>vs.<br><br>GOOGLE, INC.,<br><br>Respondent. | CASE NO. 1110018238<br><br>**AMENDED NOTICE OF CLAIMS AND REMEDIES REQUESTED** |

Rivka ("Rebecca") Spivak, through her undersigned attorney, pursuant to her "At-Will Employment etc. Agreement" ("Agreement") and JAMS Employment Arbitration Rules & Procedures ("Rules"), demands arbitration of her claims against Google Inc. A copy of the Agreement is enclosed herewith.

## I. Factual Basis of Claims

A. Claims of Discrimination

1. Ms. Spivak claims that, during her employment with Google in New York, Google discriminated against her based on her gender by denying her stock grants in July 2012, and again in July 2013; and by rating her as "Meets Expectations" instead of "Exceeds Expectations."

2. Ms. Spivak further claims that Google, during her employment with Google in Seattle in 2014-2015 discriminated against her because of her gender by engaging in the following conduct:



FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798 ~ (206) 682-6711

i. Through the conduct of Jens Skakkebaek, Ms. Spivak's supervisor, promoting a less qualified male, Vince Lacey, to a position of Product Management lead in about February, 2014;

ii. In May 2014, through the conduct of Skakkebaek and Engineering Manager Doug Bentson, Engineering Manager for Frontline, by placing her on a Performance Improvement plan (PIP) and giving her a poor performance review ("Consistently Meets Expectations" instead of "Strongly Exceeds");

iii. Through the conduct of Skakkebaek, by promoting Aaron Rothman, a less qualified male, over her in July 2014;

iv. Through Mr. Rothman, limiting her presentation of Interactive Benchmarks, a tool that Ms. Spivak invented, in Neal Mohan's Media Review in September 2014;

v. Through the conduct of Skakkebaek in September 2014 rating Ms. Spivak as "Consistently Meets Expectations" instead of "Strongly Exceeds" in her November 2014 review;

vi. Through the conduct of Rothman, in February 2015, downgrading Ms. Spivak's performance rating to "Low Meets" because she took leave for her daughter's surgery, and because she took leave to match the leave taken by Michael English, a male Engineer with whom Ms. Spivak worked closely.

vii. In and after February 2015, by transferring Interactive Benchmarks, Ms. Spivak's project, to Los Angeles; insisting that she had to move to Los Angeles to continue working with Interactive Benchmarks while allowing male Product Managers to continue to work with their transferred projects without transferring, and by discouraging her from transferring;

viii. Through Mr. Rothman, in May 2015, by giving Ms. Spivak another negative performance review; and

ix. Terminating her employment on November 20, 2015.



FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798 ~ (206) 682-6711

B. Claim of Retaliation

1. On and after May 5, 2014 Ms. Spivak complained to Google Human resources on several occasions that she was being discriminated against.

i. By engaging in the conduct described in paragraphs I.A.2.iii-ix, Google retaliated against Ms. Spivak because she complained about discrimination.

C. Claim of FMLA Interference

1. Ms. Spivak claims that the conduct described in paragraph I.A.2.vi. above (regarding leave for her daughter's surgery) interfered with her right to FMLA leave.

## II. REMEDIES REQUESTED

Ms. Spivak requests the arbitrator to award her the following remedies:

A. Compensation (back pay) for stock grants, lost raises and bonuses she would have received had she not been discriminated and/or retaliated against from July 2013 to the date of the arbitration hearing, in an amount to be proved at trial;

B. Front pay from the date of the hearing until age 55 for future lost stock grants, raises and bonuses she would have received absent the discrimination;

C. Back pay and front pay damages for FMLA interference;

D. An award of attorney fees and costs she incurred in the arbitration; and

E. Such other relief as may be just and proper.

DATED this 12th day of April, 2017.

FRANK FREED SUBIT & THOMAS

By:______________________

Jillian M. Cutler, WSBA # 39305
Sean M. Phelan, WSBA # 27866
Attorneys for Claimant



FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798 ~ (206) 682-6711

**PROOF OF SERVICE BY U.S. MAIL AND ELECTRONIC MAIL**

Re: Spivak, Rivka vs. Google Inc.
Reference No. 1110018238

I, Allix DeGraff, not a party to the within action, hereby declare that on April 12, 2017, I served the attached Amended Notice of Claims and Remedies Requested to the below entities in the within action by depositing true copies thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail, Seattle, WASHINGTON, addressed as follows:

Brian L. Johnsrud Esq.
Curley, Hurtgen & Johnsrud LLP
4400 Bohannon Dr., Ste 230
Menlo Park, CA 94025
Parties Represented:
Google Inc.

Hon. Robert A. Baines
Judge of the Superior Court (Ret.)
Arbitrator, JAMS
160 West Santa Clara St, Ste 1600
San Jose, CA 95113

I declare under penalty of perjury the foregoing to be true and correct. Executed at Seattle, WASHINGTON, on April 12, 2017.

Allix DeGraff



FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798 ~ (206) 682-6711