UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

Rivka Spivak,

Plaintiff,

v.

Alphabet Inc., et al.,

Defendants.

Case No. 2:20-cv-01480-MJP

EXHIBIT 5

July 2018 Email from Rivka Spivak to Google and the Arbitrator

Filed in Support of Plaintiff's Motion to Vacate Judgment Under Rule 60(d)(3)

---

**Subject:** Re: Spivak, Rivka vs. Google Inc. - REF no. 1110018238
**Date:** Monday, July 2, 2018 at 9:47:15 PM Pacific Daylight Time
**From:** Rebecca Spivak
**To:** Lindsay Andersen, bjohnsrud@chjllp.com, psherman@chjllp.com
**CC:** Michelle Penuliar, lpola@chjllp.com, Cynthia Victory
**Category:** Yellow category
**Attachments:** image002.jpg, image003.jpg

I would also like to ask a second clarifying question which I have struggled with -

On the first conference back in May, I was advised that it reflected poorly on me when I raised concerns with Google's falsification and alteration of evidence in bad faith, some of which was submitted as valid, by sworn statement, to the EEOC. I was advised to drop it.

I now understand that JAMS arbitration is not the right venue to raise these concerns. So I have done my best to comply with this instruction, but I struggle to know what's ok to say and what is not, since Google continues to submit materially altered and misleading evidence. It's difficult to defend against accusations based on an altered document without noting that the document was altered. And it's difficult to note that a document was altered without at least an implication of it being done in bad faith. I respectfully request guidance on JAMS' policies regarding alteration of evidence, and how to defend properly against such evidence without violating any protocols in a way that would then reflect poorly on me and my case.

Thank you,
Rebecca

---

**From:** Rebecca Spivak <rebeccaspivak@outlook.com>
**Sent:** Monday, July 2, 2018 7:33:09 PM
**To:** Lindsay Andersen; bjohnsrud@chjllp.com; psherman@chjllp.com
**Cc:** Michelle Penuliar; lpola@chjllp.com; Cynthia Victory
**Subject:** Re: Spivak, Rivka vs. Google Inc. - REF no. 1110018238

Thank you.

Does JAMS have a recommended provider for court reporting? I would like to arrange for one prior to any further conferences.

With respect to pre-hearing order #6, I have a clarifying question. (If there is a formal process for asking questions like this, I can do that to if preferred.)

Google has been ordered to produce eDiscovery that I did not request and that I do not consider relevant to my claims. I have been ordered to review this unrequested eDiscovery before I can proceed to a first round of requested eDiscovery. I am disappointed by this order, but I do want to do my best to comply with it.

I ask for guidance into what this entails so that I can understand whether I am complying with the order.

Let me help explain my concern: If I receive 10,000 documents that I've requested, I would know why I requested this and what I was looking for. But I don't know how to review evidence that cannot logically address the elements of my claims. If Google sends me 10,000 documents that I didn't ask for and that cannot logically provide the evidence I need for the theory behind my claims, how do I satisfy the order to review these docs? There's no way to filter or search the set of documents without immediately eliminating almost all of it from consideration. Do I need to read through all of it? How do I satisfy the order to perform a good faith review of this unrequested eDiscovery in order to proceed to my first round of requested discovery?

Thank you,
Rebecca

---

**From:** Lindsay Andersen <landersen@jamsadr.com>
**Sent:** Monday, July 2, 2018 8:58:35 AM
**To:** bjohnsrud@chjllp.com; rebeccaspivak@outlook.com; psherman@chjllp.com
**Cc:** Michelle Penuliar; lpola@chjllp.com; Cynthia Victory
**Subject:** RE: Spivak, Rivka vs. Google Inc. - REF no. 1110018238

Dear Ms. Spivak,

Unless the parties make arrangements for a court reporter, JAMS telephonic proceedings (as well as arbitration hearings themselves) are not recorded or otherwise reported. During the time an arbitration is pending, the arbitrator will keep his or her own file for the case, which normally will include the written submissions from the parties (which you should have in your own file).

Thank you,

JAMS

**Lindsay Andersen**
Case Manager

160 W. Santa Clara St.
Suite 1600
San Jose, CA 95113
**P:** 408.346.0732
**F:** 408.295.5267

**JAMS was named the top ADR provider in the Bay Area for the 11th year in a row in *The Recorder's* 2017 "Best of" list.**
**U.S.** | **International** | **LinkedIn** | **Twitter**

---

**From:** Rebecca Spivak [mailto:rebeccaspivak@outlook.com]
**Sent:** Sunday, July 01, 2018 11:02 PM
**To:** Michelle Penuliar <MPenuliar@jamsadr.com>; bjohnsrud@chjllp.com; psherman@chjllp.com
**Cc:** lpola@chjllp.com; Cynthia Victory <cvictory@jamsadr.com>
**Subject:** Re: Spivak, Rivka vs. Google Inc. - REF no. 1110018238

Thank you, Michelle,

Can you tell me if concerns and objections raised during the call are captured/preserved? And if not, is there any kind of process to add such concerns/objections to the record?

Thank you,
Rebecca

---

**From:** Michelle Penuliar <MPenuliar@jamsadr.com>
**Sent:** Friday, June 29, 2018 2:20:16 PM
**To:** bjohnsrud@chjllp.com; rebeccaspivak@outlook.com; psherman@chjllp.com
**Cc:** lpola@chjllp.com; Cynthia Victory
**Subject:** Spivak, Rivka vs. Google Inc. - REF no. 1110018238

Dear Counsel,

Please see the attached: Pre-Hearing Order No. 6. The same will follow via U.S. Mail.
If you have any questions, please contact the Case Manager for the above referenced case, Cynthia Victory, at cvictory@jamsadr.com or at (408) 346-0736.

Thank you,

Michelle

**Michelle Penuliar, JD**
Case Coordinator

JAMS Silicon Valley
160 W Santa Clara Street
Suite 1600
San Jose, Ca 95113
**direct:** 408.346.0734
**main:** 408.288.2240
**fax:** 408.295.5267

**JAMS was named the top ADR provider in the Bay Area for the 11th year in a row in *The Recorder's* 2017 "Best of" list.**
**U.S.** | **International** | **LinkedIn** | **Twitter**