UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

Rivka Spivak,

Plaintiff,

v.

Alphabet Inc., et al.,

Defendants.

Case No. 2:20-cv-01480-MJP

EXHIBIT 10

Email Chain Between Rivka Spivak, Johnsrud, and Google Legal Leadership

Filed in Support of Plaintiff's Motion to Vacate

Judgment Under Rule 60(d)(3)

**Subject:** RE: Spivak v. Google: There is No Controversy Regarding Arbitration and Google's Actions Are Criminal
**Date:** Tuesday, October 8, 2019 at 12:31:17 PM Pacific Daylight Time
**From:** Brian Johnsrud
**To:** 'Rebecca Spivak'
**Category:** Blue category

Hi Rebecca,

You filed a new charge with the Equal Employment Opportunity Commission alleging that Google retaliated against you. Specifically, you alleged that you have "been discriminated against in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended." That is precisely the type of civil allegation covered by your arbitration agreement.

You have now confirmed that you will honor your arbitration agreement. In light of your confirmation, Google will not need to file a petition to compel arbitration at this time.

Finally, while you claim that you are trying to recover from the prior case, which has been dismissed with prejudice, you continue to engage by, among other things, making new settlement demands and false allegations against Google. If you want to move on, then move on. Google is not going to be bullied by your escalating allegations, all of which have no basis in fact or law, and no matter how many people you copy on your messages or attempt to provoke a response from.

All rights are respectfully reserved.

Best regards,

Brian

Brian Lee Johnsrud
**Curley, Hurtgen & Johnsrud LLP**
Counselors at Law
4400 Bohannon Drive, Suite 230
Menlo Park, CA 94025
(d) 650.600.5310

(c) 650.722.2733
bjohnsrud@chjllp.com
www.chjllp.com

---

**From:** Rebecca Spivak <rebeccaspivak@outlook.com>
**Sent:** Sunday, October 6, 2019 6:53 PM
**To:** kwalker@google.com; Michael Pfyl <michaelpfyl@google.com>
**Cc:** Patrick Sherman <PSherman@chjllp.com>; SHANNON DE JONG <SHANNON.DEJONG@EEOC.GOV>; ANNALIE GREER <ANNALIE.GREER@EEOC.GOV>; Intake <Intake@calbar.ca.gov>; monopoly@atg.wa.gov; Jason Clark <JClark@jamsadr.com>; Cynthia Victory <cvictory@jamsadr.com>; Jerline Justo <JJusto@jamsadr.com>; Josephine Care <jcare@jamsadr.com>; Robert Baines <rbaines@jamsadr.com>; nmohan@google.com; scottspencer@google.com; bradbender@google.com; Jillian Cutler <jcutler@frankfreed.com>; Steve Frank <sfrank@frankfreed.com>; BRYAN HOSS <BRYAN.HOSS@EEOC.GOV>; Brian Johnsrud <BJohnsrud@chjllp.com>
**Subject:** Spivak v. Google: There is No Controversy Regarding Arbitration and Google's Actions Are Criminal

Dear Kent and Mike,

I want to report that I consider the threats that Brian Johnsrud sent to me – to publicly humiliate me with a frivolous public lawsuit unless I agree to recategorize my criminal complaints as a civil matter - to be criminal, and an act of obstruction, extortion, and intimidation.

Please withdraw this threat and confirm that Google will not file a petition to Compel Arbitration against me. If Google does not withdraw this threat, I will consider it an ongoing act of criminal obstruction, extortion, and intimidation, and I will consider that criminal liability extends well beyond Google's outside counsel and to the two of you personally (and to Google's extended senior leadership team) now that you are undeniably on notice of this criminal threat made against me.

Additionally, please note the following:

## 1. There is No Controversy Regarding the Arbitration Agreement

I confirm that I have not challenged the validity of the arbitration agreement, that I continue to agree to honor my obligations under it, and that I continue to agree to all the terms of that agreement to the extent allowed by law.

Should I decide to pursue any controversy, claim, or dispute covered by the arbitration agreement, I will do so in accordance with my obligations under the arbitration agreement. Should I choose to pursue it in a forum outside of a local, state, or federal administrative body, I will file for arbitration with JAMS in Santa Clara and will agree to the venue of Santa Clara without objection. Additionally, I will do so only after I first conduct a reasonable inquiry and attempt to meet and confer with Google in good faith to ensure that such a filing is necessary.

### 2. These Are Criminal Matters

In parallel to my unequivocal agreement to honor the honor the arbitration agreement, I assert that the claims in the charge I filed with the EEOC (obstruction, extortion, gaslighting, etc.) are criminal matters. I already put the two of you on notice of these criminal complaints on September 22, 2019. I also already informally complained about some of these things in arbitration, to explain why I could not continue in arbitration. In response to this, the Arbitrator told me:

> "I can't deal with that […] But if people are making death threats to you, then you report to the authorities"

The Arbitrator has denied that arbitration was the right forum for these complaints. The EEOC has also denied that these matters fall under its jurisdiction. I am not trying to bring any lawsuit against these complaints. I am trying to work with the FBI, the State Attorney General, and local law enforcement. That is my focus. I have no plans to bring any lawsuit against Google in any forum based on these complaints of obstruction, extortion, death threats, etc. I am trying to find a way to report past and continuing crimes, and to get help and protection for me and my family. I was sincere but misguided when I begged the arbitrator and the EEOC to help me. I realize that they are not the ones to help me, and neither is any civil court.

### 3. I Have No Present Intent to File Any Lawsuit Against Google in Court

I have never threatened to bring these complaints in a lawsuit in court, so I should not need to defend on this. My assurances here are not an admission of any kind that this was ever a controversy. Still, I give you assurances in good faith that I have no present intent to file any lawsuit against Google in court. I make no such threats. I have no such plans. Google cannot force me to bring my criminal complaints in arbitration, or force me to initiate or pursue any civil claims. Given Google's history of abuse, harassment, extortion, and obstruction, the very last thing I want to do is to get involved in another civil matter with Google in any forum. I'm trying to recover from it and I am genuinely afraid for my family's safety and wellbeing. If there is any blackmail – emotional or otherwise – involved in that, I am not the perpetrator of it.

### 4. Google's Threat to File a Petition to Compel Is Criminal Obstruction and Extortion

I have not done anything to warrant Google filing a petition to Compel Arbitration against me, or to threaten to do so unless I proceed with arbitration of a criminal complaint. Google is attempting to force me to recategorize criminal complaints as civil complaints, with a threat of public humiliation unless I do so. They make this threat very clear with the gratuitous inclusion of certain quotes in the email to me demanding that I agree to proceed with arbitration – an email which they would surely attach to the petition as an exhibit as if it supported their claims that there was a controversy.

But that is obviously the real goal. "Look what we'll make public (out of context) if you don't recategorize your criminal complaint as a civil matter." There is no controversy regarding arbitration. I

am not threatening to sue Google in court or challenging any terms of the agreement. I am not taking any steps to prepare for any lawsuit against Google in any forum.

I believe that the very act of threatening to publicly humiliate with a Petition filed against me in Federal Court unless I reduce my criminal complaint to a civil one is already a criminal act of Obstruction, Extortion, and, of course, Moral Turpitude.

If Google actually proceeds to file this petition against me:

A. It will be further criminal intimidation and obstruction.
B. It will be frivolous and a violation of Rule 11, in addition to other rules
C. It will be malicious prosecution.
D. It will be Moral Turpitude.

### 5. Find Your Humanity – Or At Least Realize That I Will Fight Back Against this Illegal Criminal Threat

I suppose I will never stop being naïve about some things, but I'd like to think most people don't want to hurt other people.

Please don't do this to me and my family. Please don't invent another excuse to humiliate me in public by casting me in a false light in a frivolous lawsuit. I am trying to protect my family from criminal activity. I'm not challenging the arbitration agreement. I am not threatening to breach it. I am confirming unambiguously that I will honor it without objection should I choose to pursue any future claims.

I am just trying to recover from a tremendous amount of gaslighting, harassment, and trauma - and to get it to stop. Google has already destroyed my life. I understand why Google wants to discredit me, but I am begging you at some point to find your humanity – and if not that, then to at least follow the law, because I will fight back. I didn't do anything wrong and you are torturing me to try to cover up past mistakes that weren't my fault – and where I was the victim. At some point it needs to stop. I understand the bad-faith desire to push the manifestation of my past distress (in response to Google's harassment) out into a public forum without context. I understand the bad-faith desire to get certain quotes, taken out of context, into another public filing. But Google has no legal justification for doing that, and I will fight back against such an attack and add it to the complaints. I will press criminal charges. I will seek sanctions.

If you are in doubt about anything and believe there are grounds to file the petition that's been threatened, please give me an opportunity to give you any further assurances that there is no controversy regarding my agreement to honor the terms of my arbitration agreement. I DO NOT CHALLENGE THE TERMS OF THE ARBITRATION AGREEMENT AND I WILL HONOR IT. THERE IS NO CONTROVERSY REGARDING THE ARBITRATION AGREEMENT.

### 6. To Non-Google Recipients of this Email: Please Bear Witness.

For any non-Google person I've included on this email, I am reporting to you individually and collectively that I believe I am a crime victim and that Google has committed federal crimes against me and against

the justice system (including extortion, blackmail, obstruction, and harassment – including sending me death threats) and that this crime is ongoing. I am asking anyone with any kind of professional or ethical responsibility or means to report such a crime to please do so. Most of you have had a chance to see some of it, but it's so much worse than what I am able to compile and present and prove. If you can refer me to a legal service that can actually help me, then please do that. If you have a good contact for me at the FBI or any other applicable agency, I'd appreciate that connection. I'm trying to engage the FBI, the State Attorney General, and Local Law Enforcement. I filed reports with the Seattle PD and with the FBI. I need someone to do something about it. Maybe if more reports come in it will get prioritized and investigated. I am in genuine fear for my safety, and I believe that regardless of what others can officially acknowledge, many of you understand at least some of what has gone on, and understand that the things I'm saying are true. Settlement on the prior claims isn't an endgame here. I believe Google will never stop trying to discredit me until they have succeeded, regardless of whether there is a settlement on the civil claims – because settlement can't make the criminal accusations I've made go away, even if I never say another word about them. I believe I won't ever be safe until the criminal complaints are addressed and resolved - one way or another - so that my credibility becomes irrelevant.

If you can't do anything to help me as a crime victim, please at least bear witness that I am not challenging the arbitration agreement I have with Google. If Google files their threatened petition anyway, even as I profess that I have no present intent to sue Google and that I will not violate the arbitration agreement, then it would be my strong belief that Brian Johnsrud, Michael Pfyl, Kent Walker, and most of Google's senior legal team should be disbarred for Moral Turpitude and prosecuted for criminal obstruction. That may already be warranted. But that's not my decision to make and it's really not my goal. I'm trying to protect myself and my family and reaching out wherever I can to ask for help.

Rebecca Spivak

---

**From:** Brian Johnsrud <BJohnsrud@chjllp.com>
**Date:** Thursday, October 3, 2019 at 1:14 PM
**To:** "Rebecca Spivak (rebeccaspivak@outlook.com)" <rebeccaspivak@outlook.com>
**Cc:** Patrick Sherman <PSherman@chjllp.com>
**Subject:** FW: EEOC #551-2019-01509 Spivak v. Google - Updated Charge of Discrimination

Hi Rebecca,

We have encouraged you on several occasions to retain legal counsel, even though you have a law degree. The Arbitrator previously offered you the same encouragement.

The recent charge you filed has no merit and Google will defend against it. Part of that involves making sure it is resolved in the appropriate forum, which in this case is arbitration.

Regarding your other allegations below, please be reminded that the Arbitrator

previously counseled you to avoid this type of conduct, as follows:

> "But if you communicated with them and basically engaged in something that others might call emotional blackmail, which is, if you don't stop resisting my case, I'm going to do myself in; that's totally inappropriate. And they're not the people to help you. Again, as I've told you, you have to get a trained professional to help you. Whether it's on the physical front or emotional front." (July 19, 2019 hearing transcript at 18:1-9).

We also note that the Arbitrator previously informed you that there is nothing improper with Google filing a petition to compel arbitration (see the attached prior order), and that there is nothing improper about us representing Google's interests. For example, the Arbitrator stated:

> "I do have the law firm's communication of yesterday, July 18th. I've read that. While certainly they are vigorously representing their client's interests, there's nothing improper in what they've done there. Again, any attorney faced with this situation and what's gone on in this particular case, would be vigorisly [sic] pursuing to have the case dismissed, and probably most arbitrators would have dismissed the case.
>
> "I've been very accommodating; I've tried to be, and I tried to be sensitive to your concerns.... The people on the other side, the people that you sued, there's no -- there's nothing ethically wrong with them vigorously representing their client's interests." (July 19, 2019 hearing transcript at 17:9-23)

At this time, we are providing you two weeks' notice to confirm that you will honor your arbitration agreement. If you do not confirm that you will proceed in arbitration, you leave Google with no choice but to file a petition to compel arbitration in federal court. And we again encourage you to seek legal counsel who can advise you on these issues.

Finally, we note the obvious irony in you claiming you could not proceed with the prior arbitration but then subsequently filing a charge against Google that should be resolved in arbitration. You are the one filing the charge, not Google.

Best regards,

Brian Lee Johnsrud
**Curley, Hurtgen & Johnsrud LLP**
Counselors at Law
4400 Bohannon Drive, Suite 230
Menlo Park, CA 94025
(d) 650.600.5310
(c) 650.722.2733
bjohnsrud@chjllp.com
www.chjllp.com

---

**From:** Rebecca Spivak [mailto:rebeccaspivak@outlook.com]
**Sent:** Wednesday, October 02, 2019 7:07 PM
**To:** SHANNON DE JONG
**Cc:** Patrick Sherman; kwalker@google.com; Michael Pfyl; Brian Johnsrud
**Subject:** Re: EEOC #551-2019-01509 Spivak v. Google - Updated Charge of Discrimination

Shannon, I would like to add some additional context for the new charge -

In July 2019 I caused my case in arbitration to be dismissed with prejudice because my doctor told me that continuing with arbitration would kill me. Google was well aware of this because I filed a motion based on that medical advice. I am attaching copies of:

1. the Motion for a Protective Order I filed
2. The arbitrator's subsequent order
3. The statement I subsequently made, asserting my health concerns, that triggered the dismissal with prejudice.

Base on my filing of my EEOC charge, Google has put me in the position where I am forced to choose between being subjected to public shame via another frivolous lawsuit filed against me in federal court, or engaging in something that they know will kill me, according to my doctor.

It is a cruel and callous act of illegal retaliation in response to a protected activity that would otherwise be shocking to me if I wasn't in the unfortunate position of

knowing all too well the brutality that Google is capable of. Google will never be held accountable for all that they've done to me, but this is a bright line that I believe doesn't need much of an investigation. I would like to sign the charge as soon as possible.

Thank You
Rebecca

---

**From:** Rebecca Spivak <rebeccaspivak@outlook.com>
**Date:** Wednesday, October 2, 2019 at 5:10 PM
**To:** SHANNON DE JONG <SHANNON.DEJONG@EEOC.GOV>
**Cc:** Patrick Sherman <PSherman@chjllp.com>, "kwalker@google.com" <kwalker@google.com>, Michael Pfyl <michaelpfyl@google.com>, Brian Johnsrud <BJohnsrud@chjllp.com>
**Subject:** Re: EEOC #551-2019-01509 Spivak v. Google - Updated Charge of Discrimination

The last time Google filed a petition to compel arbitration, they made my personal information public. It is an intimidation tactic.

Regardless, I would like to file a charge and have the EEOC make a determination of whether it is retaliation to threaten to or file a petition to compel arbitration on the basis of someone filing a charge with the EEOC.

Forum issues aside, Google has effectively taken away my right to not sue, saying they will sue me unless I proceed with arbitration. The last time they filed a petition to compel arbitration against me, it was very traumatic. This is absolutely an adverse action, and it is illegal retaliation – or, at they very least, I would like the EEOC to make that determination. Please send me the charge. This should be an easy investigation for the EEOC to conduct and to lead to a finding of cause. It's all here.

---

**From:** Brian Johnsrud <BJohnsrud@chjllp.com>
**Date:** Wednesday, October 2, 2019 at 5:01 PM
**To:** 'Rebecca Spivak' <rebeccaspivak@outlook.com>, SHANNON DE JONG <SHANNON.DEJONG@EEOC.GOV>

**Cc:** Patrick Sherman <PSherman@chjllp.com>
**Subject:** RE: EEOC #551-2019-01509 Spivak v. Google - Updated Charge of Discrimination

Ms. Spivak's message is incorrect. Google's message below states clearly that it will file a petition to compel the arbitration of Ms. Spivak's claims if she refuses to bring them in arbitration. Google has a contractual and statutory right to file a petition to compel arbitration of her newly threatened legal claims, and that is not "retaliation."

Brian Lee Johnsrud
**Curley, Hurtgen & Johnsrud LLP**
Counselors at Law
4400 Bohannon Drive, Suite 230
Menlo Park, CA 94025
(d) 650.600.5310
(c) 650.722.2733
bjohnsrud@chjllp.com
www.chjllp.com

---

**From:** Rebecca Spivak [mailto:rebeccaspivak@outlook.com]
**Sent:** Wednesday, October 02, 2019 4:51 PM
**To:** SHANNON DE JONG
**Cc:** Patrick Sherman; Brian Johnsrud; kwalker@google.com; Michael Pfyl
**Subject:** Re: EEOC #551-2019-01509 Spivak v. Google - Updated Charge of Discrimination

Hi Shannon,

Please see below for the basis of a new inquiry that I would like to file with the EEOC.

As you know, I filed a charge with the EEOC on September 26, 2019, which is a protected activity.
I have made no attempts to file a lawsuit in federal court, and I have no yet received a "Right to Sue" letter from the EEOC.
And, of course, a "Right to Sue" is not a requirement that I sue, and I have not

made any determination that I would pursue these claims in any forum.

However, Google has now responded by telling me that, based on my filing of the EEOC charge, unless I proceed with Arbitration (in which they will seek attorney's fees and costs), they will sue me in Federal Court. They are going to sue me because I filed a charge with the EEOC.

There can be no ambiguity here. Google has just retaliated against me for my filing a charge with the EEOC. It is in black and white and in their own words.

I believe I have been retaliated against for engaging in a protected activity.
Please send me a new charge form.

---

**From:** Brian Johnsrud <BJohnsrud@chjllp.com>
**Date:** Wednesday, October 2, 2019 at 4:32 PM
**To:** 'Rebecca Spivak' <rebeccaspivak@outlook.com>
**Cc:** Patrick Sherman <PSherman@chjllp.com>
**Subject:** RE: EEOC #551-2019-01509 Spivak v. Google - Updated Charge of Discrimination

Hi Rebecca,
There is no factual nor legal merit to the allegations in your charge dated September 26, 2019.
Please be advised that Google will defend against any future claims your bring and seek to recover the attorney's fees and costs it incurs in defending against them. To the extent attorney's fees and costs (or sanctions) are awarded in the future, Google will not waive them.
Finally, these new claims you threaten belong in arbitration and we assume you will bring them in that forum, hence your copying of JAMS professionals on your message below. Please confirm that you will do so. To the extent you do not submit them to arbitration, Google will file a petition to compel arbitration in federal court.
Best regards,
Brian

Brian Lee Johnsrud
**Curley, Hurtgen & Johnsrud LLP**
Counselors at Law

4400 Bohannon Drive, Suite 230
Menlo Park, CA 94025
(d) 650.600.5310
(c) 650.722.2733
bjohnsrud@chjllp.com
www.chjllp.com

---

**From:** Rebecca Spivak [mailto:rebeccaspivak@outlook.com]
**Sent:** Saturday, September 28, 2019 9:29 PM
**To:** Jason Clark; Cynthia Victory; Jerline Justo
**Cc:** Brian Johnsrud; Patrick Sherman
**Subject:** FW: EEOC #551-2019-01509 Spivak v. Google - Updated Charge of Discrimination

---

**From:** Rebecca Spivak <rebeccaspivak@outlook.com>
**Date:** Thursday, September 26, 2019 at 10:17 AM
**To:** SHANNON DE JONG <SHANNON.DEJONG@EEOC.GOV>
**Subject:** Re: EEOC #551-2019-01509 Spivak v. Google - Updated Charge of Discrimination

I've attached the signed charge.

Thank you
Rebecca

---

**From:** SHANNON DE JONG <SHANNON.DEJONG@EEOC.GOV>
**Date:** Thursday, September 26, 2019 at 9:05 AM
**To:** Rebecca Spivak <rebeccaspivak@outlook.com>
**Subject:** EEOC #551-2019-01509 Spivak v. Google - Updated Charge of Discrimination

Hello Rebecca,
As a follow up to our phone conversation yesterday, please see attached for the updated drafted charge of discrimination for your case. Please review the enclosed charge form and make any corrections to the charge, if needed. If there

are any corrections to be made in the charge "particulars," please initial each correction, and then sign and date the charge in the lower left hand corner. If you have any significant changes to make, you may email me your recommended changes and I will send you an updated charge. Promptly return the charge to our office by email or to the address in my signature below, within 7 days from the date of this email. If you fail to sign and return the charge of discrimination to our office within 7 days, we will close out your inquiry.

Please be aware that once you return the signed charge and pursuant to our conversations on May 10, 2019 and yesterday, your charge will be dismissed because your complaint does not fall under the jurisdiction of the EEOC and continued investigation would not likely lead to a finding of a violation of the statutes enforced by the EEOC. You will subsequently be issued a 90-day Notice of Right to Sue, which will authorize you to file a private lawsuit against the named employer, if you wish to pursue your claims in court.

Please let me know if you have any questions or comments regarding the drafted charge.

Best,

Shannon De Jong
Investigator

Equal Employment Opportunity Commission
Seattle Field Office
909 1st Avenue, Suite 400
Seattle, WA 98104
Phone: (206) 220-6914
Fax: (206) 220-6911
Email: shannon.dejong@eeoc.gov