UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

Rivka Spivak,

Plaintiff,

v.

Alphabet Inc., et al.,

Defendants.

Case No. 2:20-cv-01480-MJP

EXHIBIT 11

Pre-Hearing Order No. 6

Filed in Support of Plaintiff's Motion to Vacate

Judgment Under Rule 60(d)(3)

# JAMS ARBITRATION
## Case No. 1110018238

RIVKA (REBECCA) SPIVAK,

Claimant,

vs.

GOOGLE, INC., a Delaware corporation,

Respondent.

/

## PRE-HEARING ORDER NO. 6

Pursuant to written notice, a further teleconference regarding eDiscovery and other matters was held on Friday, June 29, 2018, at 10:00 a.m. Claimant Rivka (Rebecca) Spivak ("Spivak") appeared *in propria persona*. Brian L. Johnsrud, Esq., and Patrick M. Sherman, Esq., of Curley, Hurtgen & Johnsrud LLP, appeared on behalf of Respondent Google, Inc. ("Google").

Having read and considered the parties' submittals, and their oral arguments, and good cause appearing, the following further orders are made respecting the conduct of this arbitration:

1. Re: eDiscovery:

   a. Google's Initial eDiscovery Search:

      i. The undersigned hereby orders Exhibit B to Google's letter brief ("Google's Letter Brief Regarding eDiscovery Protocol," dated June 27, 2018) as the protocol to be followed by Google's in its initial eDiscovery search and production;

      ii. This order is without prejudice to Spivak's right to request additional eDisccovery following receipt and review of Google's initial production;

iii. With its initial eDiscovery prodiction, Google shall also provide a declaration, by a qualified person, describing whether it is possible for Google to retrieve or otherwise resurrect any internal electronic communications (relating to this matter) that were sent in the form of "chats" or similar non-email communications, and, if such retrieval or resurrection is possible, the process involved.

b. Spivak's Initial eDiscovery Search:

i. In light of the clarification of Claimant's claims (see Paragraph 3, below), and in light of the likelihood of a stipulation regarding Claimants trading in Facebook shares (see Paragraph 4, below), the undersigned hereby orders Exhibit D to Google's letter brief ("Google's Letter Brief Regarding eDiscovery Protocol," dated June 27, 2018) as the protocol to be followed by Spivak in her initial eDiscovery search and production, *with the following deletions*:

On page 1, in the description of to what the communication must relate, the fourth category is deleted, i.e., "Any other factors or possible causes of Spivak's alleged Emotional Distress, or which reflect Spivak's emotional state or condition."

On page 2, in paragraph 24, "or prescription or doctor or Rachel or Torrez" is deleted.

On page 2, paragraph 32 is deleted.

i. This order is without prejudice to Google's right to request additional eDisccovery following receipt and review of Spivak's initial production;

2. Time for Responses to Prior Requests for Production of Documents:

The deadline for each party to complete the production of documents called for in Paragraph 2 of Pre-Hearing Order No. 5 is hereby extended to **5:00 p.m. on Monday, July 2, 2018**.

Thereafter, the parties are to meet and confer regarding any objections to said productions, as well as any additional requests for production they plan to make in this matter.

3. Clarification of Claimant's Emotional Distress Claims:

Claimant Spivak has clarified that she had not made, and does not intend to make, a claim for emotional distress damages, and that she will not be seeking general damages based on any personal reaction or upset allegedly suffered as a result of Google's conduct in the underlying events. Any change in this position will require either the stipulation of all parties or an order of the undersigned.

4. Proposed Stipulation Re: "After Acquired Evidence":

In the Fourth Affirmative Defense of its Answer to the claims herein, Google alleges that it has "after acquired evidence" that would defeat or reduce Claimant's claims and/or damages herein. The after-acquired evidence relates to Claimant's trading, while a Google employee, in the shares of one of Google's main competitors, Facebook. Google has sought, as part of its eDiscovery request, to obtain the detailed records of that trading activity. Rather than granting that request, the undersigned has requested that Google propose to Claimant a stipulation of facts in lieu of the eDiscovery details. If agreement on such a stipulation cannot be reached, Google may renew its request to discover that information.

5. Further Status Conference Re: eDiscovery:

A further telephonic status conference will be held on **Friday, July 13, 2018, at 10:00 a.m**. to determine the amount of time the parties will reasonably need to complete the eDiscovery allowed in Paragraph 1, above. If prior to that time, the parties have exchanged and agreed upon compliance dates, the conference may be vacated.

DATED: June 29, 2018.

[signature]

Hon. Robert A. Baines
Judge of the Superior Court (Ret.)
Arbitrator

**PROOF OF SERVICE BY EMAIL & U.S. MAIL**

Re: Spivak, Rivka vs. Google Inc.
Reference No. 1110018238

I, Michelle Penuliar, not a party to the within action, hereby declare that on June 29, 2018, I served the attached Pre-Hearing Order No. 6 on the parties in the within action by Email and by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at San Jose, CALIFORNIA, addressed as follows:

Brian L. Johnsrud Esq.
Patrick M. Sherman Esq.
Curley, Hurtgen & Johnsrud LLP
4400 Bohannon Dr.
Suite 230
Menlo Park, CA 94025
Phone: 650-600-5300
bjohnsrud@chjllp.com
psherman@chjllp.com
Parties Represented:
Google Inc.

Ms. Rebecca Spivak
128 N. E. 51st Street
Seattle, WA 98105
Phone: 617 519-1100
rebeccaspivak@outlook.com
Parties Represented:
Rebecca Spivak

I declare under penalty of perjury the foregoing to be true and correct. Executed at San Jose, CALIFORNIA on June 29, 2018.

Michelle Penuliar
mpenuliar@jamsadr.com