UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

Rivka Spivak,

Plaintiff,

v.

Alphabet Inc., et al.,

Defendants.

Case No. 2:20-cv-01480-MJP

EXHIBIT 14

Google's Motion to Dismiss for Failure to Prosecute

Filed in Support of Plaintiff's Motion to Vacate

Judgment Under Rule 60(d)(3)

**CURLEY, HURTGEN & JOHNSRUD LLP**
**COUNSELORS AT LAW**
**4400 BOHANNON DRIVE, Suite 230**
**MENLO PARK, CA 94025**
**www.chjllp.com**

**Brian L. Johnsrud**
**650.600.5310**
**bjohnsrud@chjllp.com**

July 18, 2019

**VIA ELECTRONIC DELIVERY**

Hon. Robert Baines (Ret.)
JAMS
160 W. Santa Clara Street, Suite 1600
San Jose, Ca 95113

Re: *Spivak v. Google* - JAMS Ref. No. 1110018238
**Google's Motion to Dismiss with Prejudice for Failure to Prosecute, and, in the Alternative, Opposition to Spivak's Motion for Indefinite Stay**

Dear Judge Baines:

This case should be dismissed with prejudice because Claimant Spivak has failed to diligently prosecute it. Spivak's own motion acknowledges that further delay would be futile, in that her doctor does not think that it will ever be medically advisable for Spivak to proceed with this arbitration. *See* Motion at 3 ("she does not believe it will ever be healthy for me to re-engage").

Spivak's motion comes only after the Arbitrator suggested (on July 2, 2019) a potential "final" 30 day extension. Google did not oppose that proposed extension if it was "final," but Spivak then stated she did not want an extension. Instead, she broached the topic of settlement again, requested a settlement offer that she had previously declined, and then accepted the renewed offer (on July 9, 2019). Less than a week later, she then claimed to have lacked capacity to sign the agreement, though she had the capacity to timely revoke it (on July 15, 2019). Spivak's new motion for an indefinite stay is simply a continuation of her pattern of delay that causes severe prejudice to Google and its witnesses. This case is four years old. To date, Google does not even have Spivak's initial eDiscovery production, which was due last year.

Spivak claims to be extremely distressed by the prospect of performing the most basic discovery obligations, like producing documents. If the minimal stress associated with such relatively mundane tasks causes a medical emergency, Spivak will certainly be unable (under her theory) to participate in and manage the more demanding aspects of arbitration, such as sitting for her deposition, taking depositions, and proceeding to hearing. In short, under Spivak's theory, further proceedings would be impossible. And Google should certainly not have to wait indefinitely: Spivak brought these claims and she must be prepared to arbitrate them instead of seeking (and obtaining) several extensions of time only to cap those off with a request for an indefinite stay.

Alternatively, and to the extent the Arbitrator is not inclined to dismiss this case with prejudice at this time, Spivak's motion should be denied so that Google can take discovery on the hearsay statements made in her motion. Neither Google nor the Arbitrator should simply take Spivak's word for it given the history of delay and false allegations made by Ms. Spivak that previously resulted in monetary sanctions.

Specifically, if the case is not dismissed now, Spivak should (1) produce all of the medical records relied on in her motion; (2) produce her treating doctor for deposition; (3) participate in an independent medical examination by Google's designated doctor; and (4) in the interim, produce her long overdue eDiscovery production. Importantly, if there are actual facts that support Spivak's motion (as opposed to hearsay), then her case should still be dismissed if as a medical matter she cannot arbitrate the claims she has alleged. The justice system is not designed for litigants to bring claims, delay for years, and then seek indefinite stays.

## I. This Case Should Be Dismissed With Prejudice Because Spivak Has Not Diligently Prosecuted It, And Her Doctor Allegedly Believes It Will Not Ever Be Medically Advisable For Her To Do So.

Arbitration is supposed to be a faster and more streamlined method of dispute resolution. *See Preston v. Ferrer*, 552 U.S. 346, 357 (2008) ("a prime objective" of arbitration is "to achieve streamlined proceedings and expeditious results"). That certainly has not happened here. Spivak initiated these proceedings in July 2015. Since that initial filing four years ago, she has churned through two sets of experienced employment litigators. It is not Google's fault that Spivak cannot keep or find counsel. She has the means to do so, as reflected in prior filings regarding her substantial profits from day-trading Facebook options.

The original 2018 hearing dates for this arbitration have long since passed. *See* Order No. 5. Since Spivak's last set of counsel withdrew over one year ago, Spivak has repeatedly filed baseless motions, been warned and then sanctioned for her unprofessional conduct, refused to provide her overdue eDiscovery production, and sought and received multiple stays.

Spivak's latest delay strategy is to seek "an indefinite medical stay until my doctor believes that this case does not pose a risk to my health and until she gives me medical clearance to continue with it." Motion at 3. She then asserts, in the very next sentence, that her doctor "does not believe it will **<u>ever</u>** be healthy for me to re-engage." Motion at 3 (emphasis added).

Courts in the Ninth Circuit routinely dismiss cases in which pro se litigants fail to diligently prosecute their claims under these circumstances, such as when plaintiffs seek delay due to alleged medical reasons.[1] For example, in *Richard v. Toyota Motor Corp.*, 2018 WL 6118549 (C.D. Cal. 2018), the district court recently dismissed a pro se plaintiff's tort case because she repeatedly delayed and failed to comply with discovery orders due to alleged but uncorroborated

---

[1] Google's counsel looked for factually similar Washington cases and did not find any during its review, though counsel's search was obviously impacted by the short amount of time to respond to Spivak's unnoticed motion. Google cites the leading federal cases from the Ninth Circuit herein, which also apply. *See* Order No. 1 at page 3 ("the laws of the state of Washington applied to events occurring in that state. Federal law, including Title VII, shall also be applied...").

medical problems. The court explained:

> Toyota has attempted to take basic discovery from Richard for an extended period. . . . The Court granted Richard a number of continuances based on her unsupported representations that she was medically unable to respond.... The Court has been extremely solicitous of the fact that Richard is proceeding pro se and that she has asserted a number of health difficulties. . . . Richard has not merely impeded the orderly preparation of the case; she has brought it to a halt....
>
> At this point, there is no sanction short of dismissal to adequately address her discovery defaults and failure to abide by the Court's Order. The Court has no reason to believe that a further continuance will result in compliance. Evidentiary sanctions are meaningless if Toyota is denied the opportunity to prepare its case through basic discovery. The Court's solicitousness of her position has its limits, and they have been reached. *Id.* at *2.

Similarly, in *Rodriguez v. Santa Clara*, 2009 WL 1258492, at *4–5 (N.D. Cal. 2009), the court dismissed a case that had been delayed for one year since the withdrawal of plaintiff's counsel. The Northern District explained:

> Courts in the Ninth Circuit must give consideration to specific factors prior to ordering dismissal of an action for failure to prosecute. The factors are: (1) the court's need to manage its docket; (2) the public interest in expeditious resolution of litigation; (3) the risk of prejudice to defendants from the delay; (4) the availability of lesser sanctions; and, (5) the policy favoring disposition of cases on their merits. [Citation]. **Dismissal is undeniably appropriate where at least three factors strongly support dismissal.**
>
> Here, four out of five of the relevant factors strongly support dismissal.... **This case has not progressed in any significant respect since Rodriguez's second attorney withdrew. Since then... he has repeatedly asked the court to delay setting a trial date to allow him more time to find a lawyer, and the court has obliged him more than once. . . . it cannot permit him to delay the trial of this case forever**. Given that not one lawyer has appeared on plaintiff's behalf in over a year, the court very much doubts that an attorney is likely to take the case as it becomes older, and witness' memories grow dim...
>
> Although defendants are not required to make a strong showing of prejudice (because **a presumption of prejudice is inferred from failure to timely prosecute**) ... as previously noted, the memories of key witnesses (for both plaintiff and defendant) have faded. . . .
>
> The court notes that other, lesser sanctions here would be ineffective because the difficulty plaintiff cites in going to trial is his lack of legal counsel. Monetary fines will not help plaintiff find an attorney. Repeated admonitions from the court have been futile, as plaintiff has (apparently) done all he can to retain counsel....

> the long passage of time lessens the possibility he ever will find one.... Enough is enough.

The same is true here. The Arbitrator has repeatedly urged Spivak to retain new counsel, in part to reduce her stress and her allegedly related medical issues. Spivak has not found new counsel despite having ample time and means to do so. As in the *Rodriguez* case, no meaningful progress has been made in bringing this matter to conclusion since Spivak's latest set of counsel withdrew over a year ago.

Likewise, in *Chaker v. Adams*, 2016 WL 1644691, at *5 (S.D. Cal. 2016), the district court dismissed a pro se plaintiff's case for failure to prosecute due to an alleged medical condition, and her failure to comply with court orders. The court explained:

> The Court further denied Plaintiff's motion for a stay because while she submitted a doctor's note dated December 24, 2014, it did not include any specific medical findings, or treatment plan or doctor's prognosis as to when Plaintiff would be able to prosecute her case. The Court noted that while she may have some physical limitations, her ability to prosecute her case, as demonstrated by her numerous motions/requests and responses over the past few years, has not been limited.... Plaintiff's conduct has impeded resolution of the case. These factors favor dismissal.

Indeed, courts have dismissed cases for failure to prosecute that have been pending for significantly less time than this one. For example, in *Andre v. General Dynamics*, 43 Cal. App. 3d 839, 839–40 (1974), the trial court dismissed a tort case, on its own motion, for failure to prosecute because it had been pending for three years. The Court of Appeal affirmed, holding that the plaintiff made no showing that the delay in obtaining new counsel was beyond her control, and if it was, it would still not establish an abuse of discretion by the trial court in dismissing the case on its own motion for failure to diligently prosecute it.

As in the foregoing cases, Spivak has engaged in a pattern of delay and has disregarded discovery orders. Google has been prejudiced, including through time and expense incurred in responding to Spivak's misguided tactics, with very little to show for it. Google does not yet even have Spivak's initial eDiscovery production, much less take her deposition about alleged events from over four years ago. Spivak's motion for an indefinite stay should be denied for all of the foregoing reasons, and this case should instead be dismissed with prejudice.

## II. Spivak Has Not Presented Any Evidence To Support Her Motion, And Google Should, At A Minimum, Be Permitted To Test Her Uncorroborated Assertions.

If the Arbitrator is inclined to give any consideration to Spivak's motion, it should be denied for lack of evidentiary support. Neither Google nor the Arbitrator should have to take Spivak's word for the relief she seeks. Hers is a hearsay motion and, throughout this arbitration, Spivak has made serious assertions without any supporting evidence. She continues her attacks toward the end of her current motion. Yet, in Order No. 10, the Arbitrator **rejected each and every one of Spivak's allegations**, and instead reached the following conclusions:

- "Spivak has not demonstrated that Google did not receive the emails anonymously, or that Google made alterations to the emails it received." Order No. 10 at 5.

- "Spivak has not demonstrated that Google 'fabricated' evidence that was submitted to the EEOC in 2015; no sanctions are warranted." *Id.* at 6.

- "There was nothing in Google's prior citations to the Code of Conduct that misled the undersigned as to its prohibition on investing in competitors. There… has been no 'fraud' perpetrated on this Arbitrator, and thus no basis for sanctions." *Id.* at 7.

- "Spivak specifically named those supervisors who allegedly engaged in gender-biased conduct towards her; Mohan was not mentioned…. no sanctions are appropriate on this claim of Google's 'concealment' of Neal Mohan's role…." *Id.*

Thus, to the extent the Arbitrator is not inclined to dismiss the case with prejudice at this time, the Arbitrator should, at a minimum, order the following:

1. That Spivak produce the medical records referenced in her motion, starting with the first date on which she claims to have experienced hypertension or any allegedly related symptoms;

2. That Spivak produce her treating doctor(s) for deposition (with the doctor(s) to produce their treating files in advance of the deposition);

3. That Spivak participate in an independent medical examination with Google's designated doctor, who in advance can review and analyze the medical files and testimony from Spivak's treating doctors and who can then perform an independent medical examination of Spivak to assess whether and when she might be able to participate in the arbitration she initiated; and

4. That Spivak immediately provide Google with access to her long overdue eDiscovery production so that Google is not further prejudiced by Spivak's ongoing delay.

If the actual facts, rather than hearsay assertions, show that Spivak is medically unable to move her claims forward, then Google will renew its Motion for Dismissal with Prejudice because further proceedings would be futile. No respondent should be forced to wait indefinitely while the claimant determines when might be a better time (if ever) to advance the claims she asserted.

Finally, Spivak's repeated unprofessional attacks on Google and its counsel are just more of the same baseless allegations that have plagued this matter, and for which she has previously been warned and sanctioned. As the Arbitrator concluded in Order No. 10:

> Given the highly inflammatory nature of Spivak's motion (i.e., accusing the opposing party or its attorneys of altering evidence, fabricating evidence, and committing fraud on the Arbitrator) … sanctions are hereby deemed reasonable, and appropriate. Spivak's motions were not well-taken, and were more in the nature of name-calling attacks than addressing the issues of the case.

> Spivak… obviously understands the nature of the tactics in which she has engaged. She knows how to act professionally, and previously was instructed by the undersigned to conduct her case in a more professional manner, yet has chosen not to do so.

Despite repeated opportunities to course-correct, nothing has changed since that award of sanctions. Spivak's inability or unwillingness to cease her unacceptable behavior independently justifies dismissing this case with prejudice. No reasonable counsel (or pro per) would continue this pattern, yet Spivak continues on with baseless attacks as if she had not been sanctioned and repeatedly instructed to conduct her case in a more professional manner.

Respectfully submitted,

CURLEY, HURTGEN & JOHNSRUD LLP

Brian L. Johnsrud

cc: Claimant Spivak