UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

Rivka Spivak,

Plaintiff,

v.

Alphabet Inc., et al.,

Defendants.

Case No. 2:20-cv-01480-MJP

EXHIBIT 17

Arbitration Hearing Transcript (July 2019)

Filed in Support of Plaintiff's Motion to Vacate

Judgment Under Rule 60(d)(3)

JAMS ARBITRATION

CASE NO. 1110018238

RIVKA (REBECCA) SPIVAK, )
Claimant, )
vs. )JAMS Case No. 1110018238
GOOGLE INC., a Delaware )
corporation, )
Respondent. )
)

TRANSCRIPT OF TELEPHONIC PROCEEDINGS

FRIDAY, JULY 19, 2019

Reported by:
MARYSOL RYDER
CSR No. 14081
PAGES 1 - 23

JAMS ARBITRATION

CASE NO. 1110018238

______________________________

RIVKA (REBECCA) SPIVAK, )
Claimant, )
vs. )JAMS Case No.
GOOGLE INC., a Delaware )1110018238
corporation, )
Respondent. )
______________________________)

TELEPHONIC PROCEEDINGS before Robert A. Baines beginning at 12:00 p.m. and ending at 12:28 p.m. on Friday, July 19, 2019, before MARYSOL RYDER, Certified Shorthand Reporter No. 14081.

BEFORE HONORABLE ROBERT A. BAINES

APPEARANCES:

FOR CLAIMANT:

BY: REBECCA SPIVAK
128 Northeast 51st Street
Seattle, Washington 98105
PH (617) 519-1100
rebeccaspivak@outlook.com

FOR RESPONDENT:

CURLEY, HURTGEN & JOHNSRUD, LLP
BY: PATRICK M. SHERMAN, ESQ.
4400 Bohannon Dr., Suite 230
Menlo Park, California 94025
PH (650) 600-5300
psherman@chjllp.com

TELEPHONIC, FRIDAY, JULY 19, 2019

12:00 p.m. - 12:28 p.m.

-o0o-

THE COURT: Let's get up to speed on the Spivak and Google matter.

Do we have Ms. Spivak on the call?

MS. SPIVAK: I'm here, Your Honor.

THE COURT: Good morning or afternoon.

Do we have Mr. Sherman or other counsel on behalf of Google?

MR. SHERMAN: Yes. Good afternoon, Your Honor. It's Patrick Sherman.

THE COURT: Good afternoon. And we do have a court reporter; is that correct?

THE COURT REPORTER: Yes, Your Honor, Marysol Ryder.

THE COURT: Thank you. Welcome aboard.

We're at an interesting posture here. And let me for the benefit of the record recite procedurally the recent events in this case. As everyone knows, beginning back in early May Ms. Spivak announced that she wasn't sure whether she wanted to continue with this case or not. At that point, I gave her 30 days to make up her mind as to whether she wanted to continue

or not; that turned out to be not enough time; I granted her another 30 days to decide whether to pursue the case or not; we then ended up with a hearing a week ago on July 12th at which point Ms. Spivak indicated she wanted to proceed with the case, and she wanted to set aside the settlement agreement that she just recently entered into; last Friday we setup a process for a hearing to determine whether there was grounds to revoke the settlement agreement; that process turned out to be unnecessary. As Mr. Sherman pointed out, the settlement agreement gave Ms. Spivak a period of time in which to revoke or set aside her agreement; she did that within the time, and so the settlement agreement has now been fully vacated. We're back to the position that we need to move forward with the case.

In the meantime, though, Ms. Spivak has announced that she is physically and mentally unable to proceed with handling the case and seeks me to grant an indefinite stay until she receives a medical clearance. Obviously that vague process is opposed by Google. As we know the case is now four years old since its filing back in July of 2015.

We've had a lot of motions; we've had a lot of delays in the case along the way. The JAMS arbitration rules don't set a mandatory deadline by which a case

must get to arbitration hearing. If we followed a California Code of Civil Procedure for civil cases in the trial court, there's a mandatory five-year statute. If the trial doesn't start within the five years of the filing of the complaint, the case gets dismissed automatically.

If I were to apply that five-year timeframe to this current matter, we are still in a tight timeframe. I realize that is still one more year from now, but the way things have been going on this case, I'll be very surprised if the parties are able to get it prepared and ready to go within that remaining one year.

But having said all that, let me indicate what I'm inclined to do at this point: I'm inclined to give you, Ms. Spivak, 90 day's time, more than I initially thought would be appropriate. But I'm willing to give you 90 day's time to announce whether or not you are ready to proceed with the case.

In other words, I would give you a deadline 90 days from now for you to submit in writing your statement that says one of two things: It either says, Yes, I'm ready to proceed with the case, or it says, No, I'm not ready to proceed with my case. If you announce that you're not ready to proceed with the case at that point, your case will be dismissed at that

point. If on the other hand you announce that you are ready to proceed -- and hopefully that announcement means that you have done what anybody else would do in this situation, which is retain an attorney. Anyway, but if you announce that you are ready to proceed either with or without an attorney, then we will resume the case expeditiously; the outstanding discovery that was ordered back in Order No. 14 back in May would immediately go into effect, and we would move forward with completing discovery and having the case set for hearing.

My take is -- and I realize I'm not in the role of giving you advice, Ms. Spivak. In fact, I can't really give you advice; that's what an attorney is for, not your arbitrator. But I think anybody else confronted with what you are representing as your medical conditions with a doctor telling you that if you proceed with this case you're going to do yourself in physically, mentally or otherwise, I would think any person is going to do one of two things: Either say, It's not worth my life and my health to pursue a civil case, or the person is going to say, I want to pursue it, but I can't handle it personally, so I'm going to hire an experienced attorney to take the stress off me and to do everything that needs to be done to get the

case ready for arbitration.

So I'm almost begging you, but again, it's not my position. But if you want to proceed with the case as you've said that you do and your doctor is telling you that that is gravely dangerous to your health, then, again, make one of the choices: Either determine that your health and your life and your children is more important, or go the easy route and have someone else handle your case if your case is really as valuable as you claim that it is.

There should be no shortage of attorneys willing to take on your case. You can turn the full management over to that attorney, and he or she can, you know, do everything that's stressful in litigation and keep you for the most part of the out loop other than maybe answering some interrogatories or attending a deposition.

Anyway, that's what I'm inclined to do; basically the 90-day period, Ms. Spivak, to announce that you're ready to proceed; not that you just want to proceed, but you can't do it physically. I need a statement that you are ready to proceed, which means I am ready to move forward and do all the tasks that need to be done to move a very old case toward hearing.

I'll stop my recitation and ask -- I'll start

with Ms. Spivak.

Is that something you would like to take advantage of, the process that I've just mentioned?

MS. SPIVAK: Your Honor, I don't think I can get an attorney. An attorney might want to take my case, but it's way too personal to me. It's something I need to do myself.

THE COURT: That's your choice. I recommend against that choice, but that's your choice.

Anyway, my question is, do you want this process?

I'm giving you 90 more days. This is after 60 days I've previously given you to decide whether you wanted to pursue the case. Now I'm giving you 90 more days. So it's going to be a total of five months for you to announce that you're ready to move your case forward to do everything that needs to be done to get it to hearing.

Do you want to take advantage of that process?

MS. SPIVAK: I don't -- I don't think I want more delays. I would rather just keep going.

THE COURT: You say "keep going." Are you ready to proceed with the case then at this point?

MS. SPIVAK: I'm very conflicted because --

THE COURT: I can tell that, but you have to

make a decision at some point. I think the point is now.

Again, I don't understand your decision. Your doctor is saying that the decision that you are just making or proposing to make; that is that you want to keep handling the case yourself. Your doctor, as you've represented, is telling you that that will do you in; it might even be fatal. Yet you're telling me that you want to do that. I'm surprised.

MS. SPIVAK: I understand it doesn't seem reasonable, but it's -- I don't feel like I have any other choice at -- this case has consumed me. I don't know how to take myself out of it, and I understand what my doctor is telling me. I know where my head goes -- you know, I know that this case and pursuing it has brought me to the brink of suicide; I know what my blood pressure is; I know all of these things, but I don't see any -- I don't see how I have any life without it either. And, you know, that's pretty much where I am. I -- I can't let go of it. I really can't.

THE COURT: Well, that leads me back to what I mentioned before. I mean, if you truly see that your decision is in that sort of bind and mode, I think you really could benefit from further therapy. I mean,

because you're seeing matters in ways that I think are eliminating opinions that you have. I think you're putting yourself in a bind that's unnecessary, but that's just my assessment.

But if you're telling me today that you want to proceed with your case and that you're ready to do so, I will accommodate you. I'm not going to deny you the right to pursue your case in the way that you want to pursue it; that's your choice. And if that's your choice, I'll indicate now, I'll simply say that go back and look at Order No. 14 and as of now comply with what I've ordered in that, and then after that's done, we'll have another conference and decide what the next phase of discovery is going to look like.

MS. SPIVAK: Your Honor, the reason I'm in this state in the first place is because Google has engaged --

THE COURT: No, I don't want to hear that. No. Throughout this case you have constantly accused Google of all sorts of wrongdoing. And every time you have done that, we've setup hearings; we've had extensive hearings on all of your claims about Google's wrongdoing, and so far the substance is not there. So that doesn't help our process for you to tell me that you think Google is being unfair.

What we're talking about now is moving your case forward. Your case makes the allegations that it's made in terms of gender discrimination and that's what we need to resolve and that's what I want to resolve. There's nothing I would like more than to have this matter go to hearing, and I can hear the evidence and decide what happened back in 2014/2015.

But to accuse Google of wrongdoing because they are defending against your case I think misses the mark. So far the evidences hasn't been there that they have done anything improper in the course of defending against your claims.

So again, we're back to -- I just want to make sure that you are making the decision that you've announced; that you're ready to proceed with the case.

MS. SPIVAK: Well, um -- well, no, I'm not.

THE COURT: Again, I'll respect your decision. I just need a clear decision because we can't --

MS. SPIVAK: I'm not.

THE COURT: -- maintain the case.

MS. SPIVAK: I can't make that decision.

THE COURT: Then why did you reject what I thought was a generous offer to give you 90 days to not only deal with the medical issues but also to deal with any psychological issues at least to the point where

you don't have to make that decision today. You have 90 days to make the decision as to whether you are going to proceed with your case.

I mean, if you don't -- I'm not going to force it on you. If you don't need or want the 90 days to examine these matters and decide whether to proceed or not, that's your decision. I'm not going to force it on you, obviously.

MS. SPIVAK: It's hard for me because I really spiral when I -- I want progress, and I want -- the uncertainty of the case is very, very difficult for me, and four years of battle -- whatever. It's very, very hard for me to have that uncertainty because I spiral on it. And I mean, I don't -- I don't know that I'll make it through 90 days. So I don't know. I don't know how to get --

THE COURT: My intent of the 90 days was of course for you to get some help. If everything you're telling me is true, there are professionals out there ready, willing and able to help you not only on the physical issues but on the psychological issues. And I'm not recommending any type of therapy; I'm not recommending any type of medication; that's for the experts to advise you on. But you have the intelligence to seek out the right kind of care,

medical and psychological. I, again, urge you to do that.

MS. SPIVAK: I mean, I'm not happy about that, but if that's what I have to do, I'll do it.

THE COURT: I'm not ordering you to do it, but I'm giving an option to explore those realms and see if that doesn't help you as to whether to pursue this case or not.

MS. SPIVAK: Okay.

THE COURT: By "okay," you're meaning you want to take advantage of the 90 days?

MS. SPIVAK: I guess so, yeah. Yes, Your Honor.

THE COURT: Thank you. I'm assuming, Mr. Sherman, you would probably object, but you also understand I'm going to overrule the objection.

MR. SHERMAN: Yes. You've saved me some oxygen.

There is a couple of points I'd like to just get on the record here. One, Your Honor, there's been a decent amount of communication between -- initiated by Ms. Spivak to our firm along the lines of requesting help and the declaration she submitted earlier this morning. I don't mean to delabor those points, but really from our perspective those communications aren't

appropriate or helpful.

Our role just as Your Honor's role is not to help Ms. Spivak. When we received those communications, we've responded urging her to get help from her employer sponsored health plan or her friends or family or anyone else who might be in a position to help her. Part of the difficulty here from my perspective is that I feel to some extent her medical and psychological condition and distress are being used as the sword and the shield here to simultaneously seek sympathy, criticize Google, and also delay the case, and then criticize Google if Google opposes that delay for being harsh.

If Your Honor would consider giving an instruction to seize those types of communications with us, I think that would be in everyone's interest.

THE COURT: I'm unaware of the communications obviously. Unless --

MR. SHERMAN: So the --

THE COURT: This declaration, I have not yet seen that.

Let me just ask, what you're requesting is an instruction to Ms. Spivak to not say during this next 90 days communicate directly with you or your firm; is that right?

MR. SHERMAN: You know, Your Honor, it's not so broad as a complete No-Contact Order. The communication I'm really focused on are ones that appear to ask us for help with her to express her distress to us. We've responded to several of those messages as well. We haven't gone to the arbitrator every time we get one. It's not intended as a criticism of Ms. Spivak. I just puts us in a very difficult position of having someone threatening suicide while at the same time being in an adversarial position to us just as Your Honor I think is made uncomfortable by that.

THE COURT: Understood.

Ms. Spivak, do you understand the impropriety of what you're doing here in terms of laying out your distress and mental health issues to the attorneys for the other side in your case?

MS. SPIVAK: I sent it to them so that they could understand what Google's intimidation tactics were doing to me. And you know, I submitted a motion for protective order, and Google's opposition from a protective order is a motion to dismiss; that was a pretty harsh motion to dismiss. And they've sent that five days after I sent them a, "Please be careful with what you do because I am in this mental state." I sent

them a declaration. It wasn't meant to be a threat. It was meant to say, Please stop whatever is going on because the stakes are really high.

They didn't respond with "go seek medical help." They responded with a completely unjustified out of the blue motion to dismiss. I think was not -- not I think was taking advantage of my mental state. They didn't need to bring that then. You know --

THE COURT: Let me jump in on this. I do have the law firm's communication of yesterday, July 18th. I've read that. While certainly they are vigorously representing their client's interests, there's nothing improper in what they've done there. Again, any attorney faced with this situation and what's gone on in this particular case, would be vigorisly pursuing to have the case dismissed, and probably most arbitrators would have dismissed the case.

I've been very accommodating; I've tried to be, and I tried to be sensitive to your concerns. But there's nothing wrong with your opposition. The people on the other side, the people that you sued, there's no -- there's nothing ethically wrong with them vigorously representing their client's interests. It's not an appropriate tactic to -- if this is what occurred. I don't really know.

But if you communicated with them and basically engaged in something that others might call emotional blackmail, which is, If you don't stop resisting my case, I'm going to do myself in; that's totally inappropriate. And they're not the people to help you.

Again, as I've told you, you have to get a trained professional to help you. Whether it's on the physical front or emotional front.

MS. SPIVAK: I'm not objecting to their resistance. I'm objecting to their active intimidation tactics.

THE COURT: You're seeing it as intimidation; I'm saying it's not. It's appropriate -- appropriate representation of their client. They're not -- it's not aimed necessarily at intimidating you, but it is aimed at having me take some action to end the case.

MS. SPIVAK: Someone is sending me death threats. Someone is sending me death threats. I don't know who.

THE COURT: I don't know either, and I can't deal with that in the course of this call. But if people are making death threats to you, then you report to the authorities. But I think we're getting a little bit off track, but I will make the recommendation if

not an order along the line of Mr. Sherman is requesting, that it's really not appropriate for you to contact the attorneys on the other side in the ways that apparently you have here.

If you want to discuss with them legal matters that are pending, that's one thing. But it sounds like this has gone way beyond discussing legal matters, particularly at this point where there's really nothing pending. I've stated all of my orders back in May, and there's really not much to discuss at this point other than what we're discussing today, which is whether you want to proceed with the case or not.

So let's get back on track. I am going to have adhere to what I proposed at the beginning. And so what I'm going to do -- and let me check my calendar. I'm going to give you, Ms. Spivak, until -- we'll make it Friday, October 18th, by noon time, Pacific time -- I'll put out a written order if there's any question. By noon on October 18th you are to submit to my case management as well as to opposing counsel a very simple, straightforward statement; basically one of two options, which one is, I am ready to proceed with my case." The other opinion is, I'm not ready to proceed with the case.

If you're ready to proceed, then I'll put out

an order. I can tell you now it's basically going to say the discovery steps that I ordered back in May in Order No. 18 need to comply promptly within the timeframe of that order, and then we'd move the case on forward. The alternative is if you do announce by October 18th that you're not ready to proceed, again, I don't need and I don't request that you tell me why you're not ready to proceed. I just need to know whether you are announcing that you are ready to continue pursuing your case.

If you're not, if you're statement is not, "I'm not ready to proceed," that's fine. I'll respect that, and the result will be what I announce. At that point I will dismiss your demand for arbitration with prejudice.

So that's the order. I'll put it in writing so everybody is clear.

Any questions at this point?

MS. SPIVAK: I don't have any questions, Your Honor.

THE COURT: Thank you. Mr. Sherman, any questions?

MR. SHERMAN: No questions. I guess the open piece to some extent in my mind is, you know, the ongoing delay here with the production of her new

discovery. By 90 days from now we'll be coming up on almost a year of it being past due.

THE COURT: Yes, I'm aware.

MR. SHERMAN: That's one of the pieces of relief we'd ask for in our motion is that if the case isn't going to be dismissed that at least be produced immediately given the amount of work that is going to have to be done. So I understand Your Honor to be denying that request, but I'm making it on the record here.

THE COURT: Understood. Let me -- I have the orders here in front of me. I was just looking to see what timeframe. And I used the term that obviously could be subject to different interpretations. But she was ordered, Ms. Spivak was ordered to promptly reactivate the inbox account or otherwise produce all the documents. Promptly does mean promptly. If need be, if come October 18th or sooner if Ms. Spivak announces that she's ready to proceed and able to proceed, I'll put a timeframe on that. I think seven days would be enough time to reactivate that account or to produce the SI documents.

Then once that's -- once those documents are produced, then that leads to another 30 days to review that information before we move into determining

follow-up discovery.

MR. SHERMAN: Thank you, Your Honor.

THE COURT: All right. Well, thank you all. Thanks to our reporter. And I wish everybody good luck. Okay.

(The proceedings ended at 12:28 p.m.)

STATE OF CALIFORNIA ) Ss:
COUNTY OF LOS ANGELES )

I, MARYSOL RYDER, CSR No. 14081, do hereby certify:

I am the person that stenographically recorded the transcript of proceedings held on July 26th, 2019.

The foregoing transcript is a true record of said proceedings.

MARYSOL RYDER, CSR No. 14081

**&**

**&** 3:14

**1**

**1** 1:25
**1110018238** 1:2,6 2:2,7
**128** 3:7
**12:00** 2:14 4:2
**12:28** 2:14 4:2 22:6
**12th** 5:4
**14** 7:8 11:11
**14081** 1:24 2:16 23:4,14
**15097** 23:13
**18** 20:3
**18th** 17:10 19:17 19:19 20:6 21:18
**19** 1:14 2:15 4:1

**2**

**2014/2015** 12:7
**2015** 5:22
**2019** 1:14 2:15 4:1 23:8
**23** 1:25
**230** 3:16
**26th** 23:8

**3**

**30** 4:24 5:2 21:24

**4**

**4400** 3:16

**5**

**519-1100** 3:9
**51st** 3:7

**6**

**60** 9:13
**600-5300** 3:18
**617** 3:9
**650** 3:18

**9**

**90** 6:15,17,20 8:19 9:12,14 12:23 13:2,5,15,17 14:11 15:24 21:1
**94025** 3:17
**98105** 3:8

**a**

**able** 6:11 13:20 21:19
**aboard** 4:18
**accommodate** 11:7
**accommodating** 17:18
**account** 21:16,21
**accuse** 12:8
**accused** 11:19
**action** 18:17
**active** 18:11
**adhere** 19:14
**advantage** 9:3,19 14:11 17:7
**adversarial** 16:10
**advice** 7:13,14
**advise** 13:24
**afternoon** 4:9,12 4:14
**ago** 5:4
**agreement** 5:6,9 5:11,12,13
**aimed** 18:16,17
**allegations** 12:2
**alternative** 20:5
**amount** 14:21 21:7
**angeles** 23:2
**announce** 6:17,24 7:1,5 8:19 9:16 20:5,13
**announced** 4:22 5:17 12:15
**announcement** 7:2
**announces** 21:19
**announcing** 20:9
**answering** 8:16
**anybody** 7:3,15
**anyway** 7:4 8:18 9:10
**apparently** 19:4
**appear** 16:4
**appearances** 3:2
**apply** 6:7
**appropriate** 6:16 15:1 17:24 18:14 18:14 19:2
**arbitration** 1:1 2:1 5:24 6:1 8:1 20:14
**arbitrator** 7:15 16:6
**arbitrators** 17:16
**aside** 5:6,12
**assessment** 11:4
**assuming** 14:14
**attending** 8:16
**attorney** 7:4,6,14 7:24 8:13 9:5,5 17:14
**attorneys** 8:11 16:16 19:3
**authorities** 18:24
**automatically** 6:6
**aware** 21:3

**b**

**back** 4:22 5:14,22 7:8,8 10:22 11:10 12:7,13 19:9,13 20:2
**baines** 2:13 3:1
**basically** 8:19 18:2 19:22 20:1
**battle** 13:12
**begging** 8:2
**beginning** 2:14 4:22 19:14
**behalf** 4:11
**benefit** 4:20 10:25
**beyond** 19:7
**bind** 10:24 11:3
**bit** 18:25
**blackmail** 18:3
**blood** 10:17
**blue** 17:6
**bohannon** 3:16
**bring** 17:8
**brink** 10:16
**broad** 16:2
**brought** 10:16

**c**

**calendar** 19:16
**california** 3:17 6:2 23:1
**call** 4:7 18:2,22
**care** 13:25
**careful** 16:24
**case** 1:2,6 2:2,6 4:21,24 5:3,5,15 5:18,21,24,25 6:5 6:10,18,22,23,24 6:25 7:7,10,18,22 8:1,3,9,9,12,24 9:6 9:14,16,23 10:6,12 10:15 11:6,8,19 12:2,2,9,15,20 13:3,11 14:7 15:11 16:17 17:15 17:16,17 18:4,17 19:12,20,23,24 20:4,10 21:5

**cases** 6:2
**certainly** 17:11
**certified** 2:15
**certify** 23:5
**check** 19:15
**children** 8:7
**chjllp.com** 3:19
**choice** 9:8,9,9 10:12 11:9,10
**choices** 8:6
**civil** 6:2,2 7:21
**claim** 8:10
**claimant** 1:5 2:5 3:4
**claims** 11:22 12:12
**clear** 12:18 20:17
**clearance** 5:19
**client** 18:15
**client's** 17:12,23
**code** 6:2
**come** 21:18
**coming** 21:1
**communicate** 15:24
**communicated** 18:1
**communication** 14:21 16:3 17:10
**communications** 14:25 15:4,15,17
**complaint** 6:5
**complete** 16:2
**completely** 17:5
**completing** 7:10
**comply** 11:11 20:3
**concerns** 17:19
**condition** 15:9
**conditions** 7:17
**conference** 11:13
**conflicted** 9:24
**confronted** 7:16
**consider** 15:14
**constantly** 11:19
**consumed** 10:12
**contact** 16:2 19:3
**continue** 4:23,25 20:10
**corporation** 1:8 2:8
**correct** 4:15
**counsel** 4:10 19:21
**county** 23:2
**couple** 14:19
**course** 12:11 13:18 18:22
**court** 4:5,9,14,15 4:16,18 6:3 9:8,22 9:25 10:22 11:18 12:17,20,22 13:17 14:5,10,14 15:17 15:20 16:13 17:9 18:13,21 20:21 21:3,11 22:3
**criticism** 16:8
**criticize** 15:11,12
**csr** 1:24 23:4,14
**curley** 3:14
**current** 6:8

**d**

**dangerous** 8:5
**day** 8:19
**day's** 6:15,17
**days** 4:24 5:2 6:20 9:12,13,15 12:23 13:2,5,15,17 14:11 15:24 16:24 21:1 21:21,24
**deadline** 5:25 6:19
**deal** 12:24,24 18:22
**death** 18:18,19,23
**decent** 14:21
**decide** 5:2 9:13 11:13 12:7 13:6
**decision** 10:1,3,4 10:24 12:14,17,18 12:21 13:1,2,7
**declaration** 14:23 15:20 17:1
**defending** 12:9,11
**delabor** 14:24
**delaware** 1:7 2:7
**delay** 15:11,12 20:25
**delays** 5:24 9:21
**demand** 20:14
**deny** 11:7
**denying** 21:9
**deposition** 8:17
**determine** 5:8 8:6
**determining** 21:25
**different** 21:14
**difficult** 13:11 16:9
**difficulty** 15:7
**directly** 15:24
**discovery** 7:7,10 11:14 20:2 21:1 22:1
**discrimination** 12:3
**discuss** 19:5,10
**discussing** 19:7,11
**dismiss** 16:22,23 17:6 20:14
**dismissed** 6:5,25 17:16,17 21:6
**distress** 15:9 16:5 16:16
**doctor** 7:17 8:4 10:4,6,14
**documents** 21:17 21:22,23
**doing** 16:15,20
**dr** 3:16
**due** 21:2

**e**

**earlier** 14:23
**early** 4:22
**easy** 8:8
**effect** 7:9
**either** 6:21 7:6,20 8:6 10:19 18:21
**eliminating** 11:2
**emotional** 18:3,9
**employer** 15:5
**ended** 5:3 22:6
**engaged** 11:17 18:2
**entered** 5:7
**esq** 3:15
**ethically** 17:22
**events** 4:21
**everybody** 20:17 22:4
**everyone's** 15:16
**evidence** 12:7
**evidences** 12:10
**examine** 13:6
**expeditiously** 7:7
**experienced** 7:24
**experts** 13:24
**explore** 14:6
**express** 16:4
**extensive** 11:22
**extent** 15:8 20:24

**f**

**faced** 17:14
**fact** 7:13
**family** 15:6

**far** 11:23 12:10
**fatal** 10:8
**feel** 10:11 15:8
**filing** 5:21 6:5
**fine** 20:12
**firm** 14:22 15:24
**firm's** 17:10
**first** 11:16
**five** 6:3,4,7 9:15 16:24
**focused** 16:3
**follow** 22:1
**followed** 6:1
**force** 13:4,7
**foregoing** 23:9
**forward** 5:15 7:9 8:23 9:17 12:2 20:5
**four** 5:21 13:12
**friday** 1:14 2:15 4:1 5:7 19:17
**friends** 15:5
**front** 18:9,9 21:12
**full** 8:12
**fully** 5:14
**further** 10:25

**g**

**gender** 12:3
**generous** 12:23
**getting** 18:24
**give** 6:14,16,19 7:14 12:23 19:16
**given** 9:13 21:7
**giving** 7:13 9:12 9:14 14:6 15:14
**go** 6:12 7:9 8:8 10:20 11:10 12:6 17:4
**goes** 10:15
**going** 6:10 7:18,20 7:22,23 9:15,21,22 11:7,14 13:3,4,7 14:16 17:2 18:4 19:13,15,16 20:1 21:6,7
**good** 4:9,12,14 22:4
**google** 1:7 2:7 4:6 4:11 5:20 11:16 11:20,25 12:8 15:11,12,12
**google's** 11:22 16:19,21
**grant** 5:18
**granted** 5:2
**gravely** 8:5
**grounds** 5:8
**guess** 14:12 20:23

**h**

**hand** 7:1
**handle** 7:23 8:9
**handling** 5:18 10:6
**happened** 12:7
**happy** 14:3
**hard** 13:9,13
**harsh** 15:13 16:23
**head** 10:14
**health** 7:21 8:5,7 15:5 16:16
**hear** 11:18 12:6
**hearing** 5:3,8 6:1 7:11 8:24 9:18 12:6
**hearings** 11:21,22
**held** 23:8
**help** 11:24 13:18 13:20 14:7,23 15:3,4,7 16:4 17:5 18:6,8
**helpful** 15:1
**high** 17:3
**hire** 7:24
**honor** 4:8,13,16 9:4 11:15 14:13 14:20 15:14 16:1 16:11 20:20 21:8 22:2
**honor's** 15:2
**honorable** 3:1
**hopefully** 7:2
**hurtgen** 3:14

**i**

**immediately** 7:9 21:7
**important** 8:8
**improper** 12:11 17:13
**impropriety** 16:14
**inappropriate** 18:5
**inbox** 21:16
**inclined** 6:14,14 8:18
**indefinite** 5:19
**indicate** 6:13 11:10
**indicated** 5:4
**information** 21:25
**initially** 6:15
**initiated** 14:21
**instruction** 15:15 15:23
**intelligence** 13:25
**intended** 16:7
**intent** 13:17
**interest** 15:16
**interesting** 4:19
**interests** 17:12,23
**interpretations** 21:14
**interrogatories** 8:16
**intimidating** 18:16
**intimidation** 16:19 18:11,13
**issues** 12:24,25 13:21,21 16:16

**j**

**jams** 1:1,6 2:1,6 5:24
**johnsrud** 3:14
**july** 1:14 2:15 4:1 5:4,22 17:10 23:8
**jump** 17:9

**k**

**keep** 8:15 9:21,22 10:6
**kind** 13:25
**know** 5:21 8:14 10:13,14,15,15,16 10:17,19 13:14,15 13:16 16:1,20 17:8,25 18:20,21 20:8,24
**knows** 4:21

**l**

**law** 17:10
**laying** 16:15
**leads** 10:22 21:24
**legal** 19:5,7
**life** 7:21 8:7 10:18
**line** 19:1
**lines** 14:22
**litigation** 8:14
**little** 18:24
**llp** 3:14
**look** 11:11,14
**looking** 21:12
**loop** 8:15

**los** 23:2
**lot** 5:23,23
**luck** 22:5

**m**

**m** 3:15
**maintain** 12:20
**making** 10:5 12:14 18:23 21:9
**management** 8:13 19:20
**mandatory** 5:25 6:3
**mark** 12:10
**marysol** 1:23 2:15 4:17 23:4,14
**matter** 4:6 6:8 12:6
**matters** 11:1 13:6 19:5,7
**mean** 10:23,25 13:4,14 14:3,24 21:17
**meaning** 14:10
**means** 7:3 8:22
**meant** 17:1,2
**medical** 5:19 7:17 12:24 14:1 15:8 17:4
**medication** 13:23
**menlo** 3:17
**mental** 16:16,25 17:7
**mentally** 5:17 7:19
**mentioned** 9:3 10:23
**messages** 16:6
**mind** 4:25 20:24
**misses** 12:9
**mode** 10:24
**months** 9:15
**morning** 4:9 14:24
**motion** 16:20,22 16:23 17:6 21:5
**motions** 5:23
**move** 5:15 7:9 8:23,24 9:16 20:4 21:25
**moving** 12:1

**n**

**necessarily** 18:16
**need** 5:15 8:21,23 9:7 12:4,18 13:5 17:8 20:3,7,8 21:17
**needs** 7:25 9:17
**new** 20:25
**noon** 19:17,19
**northeast** 3:7

**o**

**o0o** 4:3
**object** 14:15
**objecting** 18:10,11
**objection** 14:16
**obviously** 5:20 13:8 15:18 21:13
**occurred** 17:25
**october** 19:17,19 20:6 21:18
**offer** 12:23
**okay** 14:9,10 22:5
**old** 5:21 8:24
**once** 21:23,23
**ones** 16:3
**ongoing** 20:25
**open** 20:23
**opinion** 19:23
**opinions** 11:2
**opposed** 5:20
**opposes** 15:12
**opposing** 19:20
**opposition** 16:21 17:20
**option** 14:6
**options** 19:22
**order** 7:8 11:11 16:2,21,22 19:1,18 20:1,3,4,16
**ordered** 7:8 11:12 20:2 21:15,15
**ordering** 14:5
**orders** 19:9 21:12
**outlook.com** 3:10
**outstanding** 7:7
**overrule** 14:16
**oxygen** 14:18

**p**

**p.m.** 2:14,14 4:2,2 22:6
**pacific** 19:18
**pages** 1:25
**park** 3:17
**part** 8:15 15:7
**particular** 17:15
**particularly** 19:8
**parties** 6:11
**patrick** 3:15 4:13
**pending** 19:6,9
**people** 17:20,21 18:5,23
**period** 5:11 8:19
**person** 7:20,22 23:7
**personal** 9:6
**personally** 7:23
**perspective** 14:25 15:8
**ph** 3:9,18
**phase** 11:13
**physical** 13:21 18:9
**physically** 5:17 7:19 8:21
**piece** 20:24
**pieces** 21:4
**place** 11:16
**plan** 15:5
**please** 16:24 17:2
**point** 4:24 5:4 6:14 6:25 7:1 9:23 10:1 10:1 12:25 19:8 19:10 20:14,18
**pointed** 5:10
**points** 14:19,24
**position** 5:14 8:3 15:6 16:9,11
**posture** 4:19
**prejudice** 20:15
**prepared** 6:11
**pressure** 10:17
**pretty** 10:19 16:23
**previously** 9:13
**probably** 14:15 17:16
**procedurally** 4:20
**procedure** 6:2
**proceed** 5:5,18 6:18,22,23,24 7:2 7:5,18 8:3,20,21 8:22 9:23 11:6 12:15 13:3,6 19:12,23,24,25 20:6,8,12 21:19,20
**proceedings** 1:13 2:13 22:6 23:8,10
**process** 5:7,9,20 9:3,11,19 11:24
**produce** 21:16,22
**produced** 21:6,24
**production** 20:25
**professional** 18:8

**professionals** 13:19
**progress** 13:10
**promptly** 20:3 21:15,17,17
**proposed** 19:14
**proposing** 10:5
**protective** 16:21 16:22
**psherman** 3:19
**psychological** 12:25 13:21 14:1 15:9
**pursue** 5:2 7:21,22 9:14 11:8,9 14:7
**pursuing** 10:15 17:15 20:10
**put** 19:18,25 20:16 21:20
**puts** 16:8
**putting** 11:3

**q**

**question** 9:10 19:19
**questions** 20:18,19 20:22,23

**r**

**reactivate** 21:16 21:21
**read** 17:11
**ready** 6:12,18,22 6:23,24 7:2,5 8:1 8:20,22,23 9:16,23 11:6 12:15 13:20 19:22,24,25 20:6,8 20:9,12 21:19
**realize** 6:9 7:12
**really** 7:14 8:9 10:20,25 13:9 14:25 16:3 17:3 17:25 19:2,8,10
**realms** 14:6
**reason** 11:15
**reasonable** 10:11
**rebecca** 1:4 2:4 3:6
**rebeccaspivak** 3:10
**received** 15:3
**receives** 5:19
**recitation** 8:25
**recite** 4:20
**recommend** 9:8
**recommendation** 18:25
**recommending** 13:22,23
**record** 4:20 14:20 21:9 23:9
**recorded** 23:7
**reject** 12:22
**relief** 21:5
**remaining** 6:12
**report** 18:23
**reported** 1:22
**reporter** 2:16 4:15 4:16 22:4
**representation** 18:15
**represented** 10:7
**representing** 7:16 17:12,23
**request** 20:7 21:9
**requesting** 14:22 15:22 19:2
**resistance** 18:11
**resisting** 18:4
**resolve** 12:4,5
**respect** 12:17 20:12
**respond** 17:4
**responded** 15:4 16:5 17:5
**respondent** 1:9 2:9 3:12
**result** 20:13
**resume** 7:6
**retain** 7:4
**review** 21:24
**revoke** 5:9,12
**right** 11:8 13:25 15:25 22:3
**rivka** 1:4 2:4
**robert** 2:13 3:1
**role** 7:13 15:2,2
**route** 8:8
**rules** 5:25
**ryder** 1:23 2:15 4:17 23:4,14

**s**

**saved** 14:17
**saying** 10:4 18:14
**says** 6:21,21,22
**seattle** 3:8
**see** 10:18,18,23 14:6 21:12
**seeing** 11:1 18:13
**seek** 13:25 15:10 17:4
**seeks** 5:18
**seen** 15:21
**seize** 15:15
**sending** 18:18,19
**sensitive** 17:19
**sent** 16:18,23,24 16:25
**set** 5:6,12,25 7:10
**settlement** 5:6,9 5:11,13
**setup** 5:7 11:21
**seven** 21:20
**sherman** 3:15 4:10 4:12,13 5:10 14:15,17 15:19 16:1 19:1 20:21 20:23 21:4 22:2
**shield** 15:10
**shortage** 8:11
**shorthand** 2:16
**si** 21:22
**side** 16:17 17:21 19:3
**signature** 23:13
**simple** 19:21
**simply** 11:10
**simultaneously** 15:10
**situation** 7:4 17:14
**sooner** 21:18
**sort** 10:24
**sorts** 11:20
**sounds** 19:6
**speed** 4:5
**spiral** 13:10,13
**spivak** 1:4 2:4 3:6 4:6,7,8,22 5:4,11 5:16 6:15 7:13 8:19 9:1,4,20,24 10:10 11:15 12:16 12:19,21 13:9 14:3,9,12,22 15:3 15:23 16:8,14,18 18:10,18 19:16 20:19 21:15,18
**sponsored** 15:5
**ss** 23:1
**stakes** 17:3
**start** 6:4 8:25
**state** 11:16 16:25 17:7 23:1

**stated** 19:9
**statement** 6:21 8:22 19:21 20:11
**statute** 6:3
**stay** 5:19
**stenographically** 23:7
**steps** 20:2
**stop** 8:25 17:2 18:3
**straightforward** 19:21
**street** 3:7
**stress** 7:24
**stressful** 8:14
**subject** 21:14
**submit** 6:20 19:20
**submitted** 14:23 16:20
**substance** 11:23
**sued** 17:21
**suicide** 10:16 16:10
**suite** 3:16
**sure** 4:23 12:14
**surprised** 6:11 10:9
**sword** 15:10
**sympathy** 15:11

**t**

**tactic** 17:24
**tactics** 16:19 18:12
**take** 7:12,24 8:12 9:2,5,19 10:13 14:11 18:17
**talking** 12:1
**tasks** 8:23
**telephonic** 1:13 2:13 4:1
**tell** 9:25 11:24 20:1,7
**telling** 7:17 8:4 10:7,8,14 11:5 13:19
**term** 21:13
**terms** 12:3 16:15
**thank** 4:18 14:14 20:21 22:2,3
**thanks** 22:4
**therapy** 10:25 13:22
**thing** 19:6
**things** 6:10,21 7:20 10:17
**think** 7:15,19 9:4 9:20 10:1,24 11:1 11:2,25 12:9 15:16 16:11 17:6 17:7 18:24 21:20
**thought** 6:16 12:23
**threat** 17:1
**threatening** 16:9
**threats** 18:19,19 18:23
**tight** 6:8
**time** 5:1,11,13 6:15,17 11:20 16:7,10 19:17,18 21:21
**timeframe** 6:7,8 20:4 21:13,20
**today** 11:5 13:1 19:11
**told** 18:7
**total** 9:15
**totally** 18:5
**track** 18:25 19:13
**trained** 18:8
**transcript** 1:13 23:8,9
**trial** 6:3,4
**tried** 17:18,19
**true** 13:19 23:9
**truly** 10:23
**turn** 8:12
**turned** 5:1,9
**two** 6:21 7:20 19:22
**type** 13:22,23
**types** 15:15

**u**

**um** 12:16
**unable** 5:17
**unaware** 15:17
**uncertainty** 13:11 13:13
**uncomfortable** 16:12
**understand** 10:3 10:10,13 14:16 16:14,19 21:8
**understood** 16:13 21:11
**unfair** 11:25
**unjustified** 17:5
**unnecessary** 5:10 11:3
**urge** 14:1
**urging** 15:4

**v**

**vacated** 5:14
**vague** 5:20
**valuable** 8:10
**vigorisly** 17:15
**vigorously** 17:11 17:23
**vs** 1:6 2:6

**w**

**want** 7:22 8:3,20 9:5,10,19,20 10:5 10:9 11:5,8,18 12:4,13 13:5,10,10 14:10 19:5,12
**wanted** 4:23,25 5:5,5 9:14
**washington** 3:8
**way** 5:24 6:10 9:6 11:8 19:7
**ways** 11:1 19:3
**we've** 5:23,23 11:21,21 15:4 16:5
**week** 5:3
**welcome** 4:18
**willing** 6:16 8:12 13:20
**wish** 22:4
**words** 6:19
**work** 21:7
**worth** 7:21
**writing** 6:20 20:16
**written** 19:18
**wrong** 17:20,22
**wrongdoing** 11:20 11:23 12:8

**y**

**yeah** 14:12
**year** 6:3,7,9,12 21:2
**years** 5:21 6:4 13:12
**yesterday** 17:10