UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

Rivka Spivak,

Plaintiff,

v.

Alphabet Inc., et al.,

Defendants.

Case No. 2:20-cv-01480-MJP

EXHIBIT 20

Pleadings and related filing from 2025 Motion for Leave to File Claims in State Court

Filed in Support of Plaintiff's Motion to Vacate

Judgment Under Rule 60(d)(3)

FILED
2025 AUG 18 09:00 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 23-2-23572-0 SEA

The Honorable James E. Rogers
Courtroom: E-733
Noted Date: August 29, 2025 9:00 am

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**COUNTY OF KING**

| | |
|---|---|
| **Google LLC**<br>**Plaintiff**<br>**v.**<br>**Rivka ("Rebecca") Spivak**<br>**Defendant** | **No. 23-2-23572-0 SEA**<br>**MOTION FOR LEAVE TO FILE CLAIMS PURSUANT TO INJUNCTION** |

## I. INTRODUCTION

Defendant Spivak brings this motion pursuant to a pre-filing injunction issued by this Court.

Spivak now moves for leave to file claims as required by that order.



Rivka Spivak, Pro Se
128 NE 51st Street, Seattle, WA 98105
617.519.1100

## II. FACTS

1. In Google's July 2025 opposition (docket nos. 66/67), it asserted that the only bar to Spivak bringing these claims is the requirement to obtain this Court's permission. It also did not oppose or contest Spivak's assertion that her claims had never been adjudicated on the merits.
2. At the time of Google's July 2025 opposition, Google was aware, based on Spivak's prior filings, that Spivak's claims included: employment discrimination, retaliation, emotional distress, personal injury, claims implicating her constitutional rights to due process, equal protection, and access to the courts, all privacy torts, and damages related to Google's conduct in connection with this and related legal proceedings.
3. Spivak has also asserted that her minor children have independent claims.
4. On February 12, 2021, Judge Pechman issued a ruling that all of Spivak's claims shared a common nucleus of facts with her employment claims in arbitration.
5. Spivak's employment at Google began on April 10, 2010 and ended on November 20, 2015, with 1361 days of employment in New York and 688 days of employment in Washington. Her initial allegations of gender and pregnancy discrimination reference adverse action beginning in January 2012 and continuing through December 31, 2013, covering more than 700 days in New York. Google's own internal investigation found the New York-based allegations to be founded.



Rivka Spivak, Pro Se
128 NE 51st Street, Seattle, WA 98105
617.519.1100

## III. ARGUMENT

1. <u>This Court's Permission is the Only Bar to Spivak's Claims</u>

Spivak relies on Google's representation that the injunction is the only bar to her claims, and brings this motion in reliance on that representation in the interests of judicial efficiency. Spivak expressly reserves all arguments, claims, and supporting evidence for later briefing or proceedings, as necessary, if this motion is not granted. Nothing in this motion should be construed as a waiver of any claim or argument that could be raised, should Google or the Court assert any other procedural bar or threshold (Hayes v. City of Seattle, 131 Wn. 2d 706 (courts favor judicial efficiency and do not construe reservation of arguments as waiver where expressly reserved)).

2. <u>The Court Should Grant Leave, Consistent with Spivak's Fundamental Rights</u>

A cornerstone of our constitutional system is the right of all citizens to place their grievances before a court of law (Stegriy v. Board of Appeals, 39 Wn. App. 346, 352 (Wash. Ct. App. 1984)). Google has had every opportunity to contest Spivak's assertion that her claims have never been adjudicated on the merits, and has not done so. Washington courts consistently affirm that access to the courts must be protected, and that disputes should be resolved promptly and substantively, rather than foreclosed by procedural barriers (id.). The preference for adjudication on the merits is well established: a final judgment is one that fully determines the rights of the parties, and courts are guided by the principle that controversies should be decided on their substance, not technicalities (id.). Accordingly, leave to file should be granted so that the merits of Spivak's claims may be heard.



Rivka Spivak, Pro Se
128 NE 51st Street, Seattle, WA 98105
617.519.1100

3. <u>The Court Should Provide Clarity on Minors' Claims and Appointment of Counsel</u>

The court should issue guidance on whether the independent claims held by Spivak's minor children must be joined in this civil action, pursuant to the requirements for joinder of parties under the applicable civil rules. If the court determines that joinder is mandatory, Spivak respectfully requests that the court appoint independent counsel to represent her children's interests, as she cannot do so herself

## IV. RELIEF REQUESTED

Spivak requests:

1. That the Court Grant Spivak leave to file the following claims, under New York, Washington, and Federal Law:

    a. Gender Discrimination during her employment
    b. Retaliation during and after her employment
    c. Emotional distress
    d. Personal Injury
    e. Claims implicating her constitutional rights to due process, equal protection, and access to the courts, as protected by the First, Fifth, and Fourteenth Amendments to the U.S. Constitution
    f. All privacy torts
    g. Damages related to Google's conduct in connection with this and related legal proceedings


Rivka Spivak, Pro Se
128 NE 51st Street, Seattle, WA 98105
617.519.1100

Spivak further requests:

2. That she be allowed to state the merits of her claims with supporting evidence, but that any adversarial process related to those claims proceed immediately to the damages stage, and with strict limitations or supervision of discovery;

3. That the court issue a protective order enjoining Google LLC and its counsel and agents from disseminating all sensitive records or emails involving Spivak and ALL records, whether sensitive or not, involving her children, applying to all evidence in its possession or previously filed, whether in this action or any prior action;

4. That the court provide clarification on joinder of claims of minor children and appointment of counsel or other judicial protection for their rights; and

5. That the court issue minute orders for any required clarifications, as appropriate, and provide Spivak with an opportunity to cure any procedural or substantive defects in this motion.

Respectfully Submitted this 17th day of August 2025.

s/ Rivka Spivak
Rivka Spivak, Pro Se
128 NE 51st Street
Seattle, WA 98105
617.519.1100
rebeccaspivak@outlook.com

I certify that this memorandum contains 840 words, in compliance with the Local Civil Rules.

FILED
2025 AUG 25 11:54 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 23-2-23572-0 SEA

The Honorable James E. Rogers
Noted Date: August 29, 2025

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF KING**

GOOGLE LLC,

Plaintiff,

vs.

RIVKA ("REBECCA") SPIVAK,

Defendant.

NO. 23-2-23572-0 SEA

**GOOGLE LLC'S OPPOSITION TO RIVKA SPIVAK'S MOTION FOR LEAVE TO FILE CLAIMS PURSUANT TO INJUNCTION**

## I. INTRODUCTION

Spivak is indefatigable. Ten years after separating from Google, two binding arbitrations, and a federal lawsuit and appeal later, she continues her attempts to assert claims she has resoundingly lost.[1]

The Court issued its Order Granting Google LLC's Motion for Vexatious Litigant Declaration and Preliminary Injunction against Defendant Spivak on January 20, 2024, and its Order granting Google's Motion for Vexatious Litigant Declaration and Permanent Injunction on September 27, 2024. Since then, Spivak has filed (or attempted to file) dozens of papers seeking relief. She has demonstrated to the Court and its staff precisely why the injunctive relief Google secured was necessary. This motion should be denied.

/ / /

/ / /

[1] The history of the prior litigations is laid out in Google's motion for summary judgment, filed June 19, 2024, at pages 2 and 3.



DUANE MORRIS LLP
701 Fifth Avenue
Columbia Tower, 42nd Floor
Seattle, WA 98104

## II. STATEMENT OF FACTS

Spivak's Motion to Set Aside Judgments Pursuant to CR 60(b) for Excusable Neglect and Request for Court-Appointed Counsel, originally noted for July 18, 2025, remains pending without a ruling. Now, additionally, and in accordance with the permanent injunction, she seeks leave to file a complaint asserting employment-based claims that have already been adjudicated against her.

## III. STATEMENT OF ISSUES

1. Is Spivak entitled to leave to file her proposed claims against Google? No.

2. Is Spivak entitled to an order "provid[ing] clarification on joinder of claims of minor children and appointment of counsel or other judicial protection for their rights[?]" No.

## IV. EVIDENCE RELIED UPON

Google relies on all pleadings and filings in this case, and the Court's docket.

## V. AUTHORITY/ARGUMENT

### A. Spivak's Proposed Claims Against Google are Long Barred[2]

Spivak has litigated, and re-litigated, the claims she seeks leave to make here. Spivak's first binding arbitration against Google, JAMS Case No. 1110018238, resulted in dismissal. (RFJN, Ex. C.) Spivak's federal district court case against Google was dismissed with prejudice on February 12, 2021. (RFJN, Ex. E.) Spivak's appeal of that judgment was dismissed by the Ninth Circuit on September 15, 2021. (RFJN, Ex. F.) Spivak then initiated another binding arbitration against Google, JAMS Case No. 5160000362. (RFJN, Ex. G.) That arbitration was likewise dismissed, with prejudice. (RFJN, Ex. 8.) The arbitration award was affirmed and entered into a judgment by the United States District Court for the Western District of Washington on April 18, 2024. (RFJN, Ex. J.)

Spivak's employment claims were substantively addressed in the first arbitration. In every proceeding thereafter, the trier of fact has ruled that her claims were barred by collateral estoppel, res judicata, and the statute of limitations, and dismissed the claims with prejudice. (See, e.g., RFJN,

[2] All documents referenced in this section are attached to the Request for Judicial Notice in Support of Google's Motion for Summary Judgment and Permanent Injunction, filed on July 3, 2024 ("RFJN"). Pinpoint citations are to the page numbering that Google inserted in the Request for Judicial Notice for the Court's convenience

Ex. E, at pp. 108:20-112:12; Ex. H at pp. 128-130.)

Simply put, there is no basis for this Court to revive these claims. They are all barred as a matter of equity or time.

**B. Spivak Is Not Entitled to an Advisory Opinion on the Issue of Joinder**

Spivak also requests that the Court provide an advisory opinion on the proposed joinder of claims to be brought by her minor children. As an initial matter, pro se litigants like Spivak are held to the same standards as attorneys. *Winter v. Dep't of Soc. & Health Servs.,* 12 Wn. App. 2d 815, 844 (2020). The Court's staff has repeatedly reminded her of this, and told her that they cannot give legal advice to her. Nor can the Court.

Spivak has not requested declaratory relief, nor could she meet the standards for obtaining it. *See To–Ro Trade Shows v. Collins,* 144 Wash.2d 403, 411, 27 P.3d 1149 (2001) (setting forth standards for relieve under the Uniform Declaratory Judgments Act, chapter 7.24 RCW.) "Absent these elements, the court 'steps into the prohibited area of advisory opinions.'" (internal citations omitted). Issuing an advisory opinion is allowable "only 'on those rare occasions where the interest of the public in the resolution of an issue is overwhelming.'" (internal citations omitted.) *Id.* at 416. No such "overwhelming" issue of public interest exists here.

The Court should decline to provide the advisory opinion Spivak requests.

## VI. CONCLUSION

Google respectfully requests that the Court deny Spivak's motion in its entirety.

Dated this 25th day of August, 2025.

DUANE MORRIS LLP

*s/ Allison Lane*
Lauren M. Case WSBA No.
lmcase@duanemorris.com
701 Fifth Avenue
Columbia Tower, 42nd Floor
Seattle, WA 94104
Tel: +1 206 467 1065
Fax: +1 415 957 3001

Allison Lane (admitted *pro hac vice*)
alane@duanemorris.com
Spear Tower
One Market Plaza, Suite 2200

San Francisco, CA 94105-1127
Tel: +1 415 957 3000
Fax: +1 415 957 3001

Attorneys for Plaintiff
GOOGLE LLC

FILED
2025 AUG 26 10:19 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 23-2-23572-0 SEA

The Honorable James E. Rogers
Noted Date: August 29, 2025

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF KING**

GOOGLE LLC,

Plaintiff,

vs.

RIVKA ("REBECCA") SPIVAK,

Defendant.

NO. 23-2-23572-0 SEA

**GOOGLE LLC'S NOTICE OF ERRATA RE: OPPOSITION TO RIVKA SPIVAK'S MOTION FOR LEAVE TO FILE CLAIMS PURSUANT TO INJUNCTION**

Page 2, line 23 of Google's brief contains an inadvertent error. It should read, "Spivak's employment claims were substantively addressed in the federal case."

Dated this 26th day of August, 2025.

DUANE MORRIS LLP

*s/ Allison Lane*

Daniel B. Heidtke WSBA No. 51034
dbheidtke@duanemorris.com
701 Fifth Avenue
Columbia Tower, 42nd Floor
Seattle, WA 94104
Tel: +1 512 277 2261
Fax: +1 702 543 3263

Allison Lane (admitted *pro hac vice*)
alane@duanemorris.com
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Tel: +1 415 957 3000
Fax: +1 415 957 3001

Attorneys for Plaintiff
GOOGLE LLC

FILED
2025 AUG 26 12:19 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 23-2-23572-0 SEA

The Honorable James E. Rogers
Courtroom: E-733
Noted Date: August 29, 2025 9:00 am

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**COUNTY OF KING**

| | |
|---|---|
| **Google LLC**<br>**Plaintiff**<br>**v.**<br>**Rivka Spivak**<br>**Defendant** | **No. 23-2-23572-0 SEA**<br><br>**NOTICE OF OBJECTION TO GOOGLE'S NOTICE OF ERRATA** |

## I. NOTICE

Spivak files this Notice to give Google an additional opportunity to correct an incorrect statement in its opposition, prior to Spivak filing her substantive reply. This notice is not intended to serve as Spivak's reply, but rather as an opportunity for Google to timely cure its misstatement.



Rivka Spivak, Pro Se
128 NE 51st Street, Seattle, WA 98105
617.519.1100

On August 26, 2025 at 10:19 am, and following Spivak's email pointing out an incorrect statement in Google's opposition (Docket 121), Google filed a notice of errata stating:

> *Page 2, line 23 of Google's brief contains an inadvertent error. It should read, "Spivak's employment claims were substantively addressed in the federal case."*

Google's notice of errata does not cure the defect in their opposition.

## II. GOOGLE'S FEDERAL CLAIMS CONTRADICT GOOGLE'S ERRATA

On November 10, 2020, Google filed DEFENDANTS GOOGLE LLC AND BRIAN LEE JOHNSRUD'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (FED. R. CIV. PROC. 12(B)(6) in Case No. 2:20-cv-01480-MJP in UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT SEATTLE. In that motion Google makes the following statements:

- *Plaintiff Rivka Spivak ("Plaintiff")'s 90-page Complaint rehashes claims and issues that were, or could have been, decided in a prior arbitration (Motion @10)*
- *Plaintiff's claims should be dismissed with prejudice because they are barred by claim preclusion (Motion @10)*
- *Plaintiff's Attempt to Relitigate Claims And Issues That The Arbitrator Decided Is Precluded Under The Doctrine Of Claim And Issue Preclusion (Motion @ 15)*



Rivka Spivak, Pro Se
128 NE 51st Street, Seattle, WA 98105
617.519.1100

- *Here, Plaintiff's Section 1985, RICO and privacy claims are premised on alleged conduct by Google and Johnsrud in the arbitration and related legal proceedings. The Arbitrator dismissed Plaintiff's claims with prejudice, which constitutes a final judgment on the merits for the purposes of claim preclusion. (Motion @16)*

- *As discussed above, the allegations regarding Google and Johnsrud's conduct during prior proceedings were actually litigated as Plaintiff brough unsuccessful motions for a protective order and for sanctions against Google on these issues. Additionally, these issues were a necessary part of the judgment because as discussed above, the Arbitrator issued a final judgment on the merits of Plaintiff's claims. (Motion @ 16)*

- *Here, all of Plaintiff's claims are premised, as shown above, on allegations that were or could have been brought in the prior proceedings. Plaintiff is therefore precluded from relitigating them in this forum and no amendment of the Complaint could possibly cure this defect*

Google's argument in their Motion to Dismiss (which was granted) is inconsistent with their errata.

## III. JUDGE PECHMAN'S ORDER IN THAT FEDERAL CASE ALSO CONTRADICTS GOOGLE'S ERRATA

Judge Pechman granted Google's motion on February 12, 2021, without addressing the substance of any of Spivak's employment claims. Specifically, in her dismissal, Judge Pechman ruled:



Rivka Spivak, Pro Se
128 NE 51st Street, Seattle, WA 98105
617.519.1100

> *"Spivak's complaint fails to state any viable claims. Issue and claim preclusion and the FAA's time limit bar Spivak's arbitration-related claims.* "

Judge Pechman's order is inconsistent with Google's errata.

## IV. THE ARBITRATOR'S ORDER IN THE ARBITRATION CONTRADICT GOOGLE'S ORIGINAL STATEMENT

A review of the transcript from the arbitration hearing immediately prior to Spivak's withdrawal shows that Spivak's employment had not been addressed substantively on the merits. Notably on July 19, 2019, one day prior to Spivak's withdrawal from Arbitration, Arbitrator Robert Baines stated the following:

> *There's nothing I would like more than to have this matter go to hearing, and I can hear the evidence and decide what happened back in 2014/2015.*

Judge Baines' commentary one day before Spivak's arbitration withdrawal is inconsistent with Google's original statement in its opposition.

## V. OBJECTION

Spivak objects to both Google's original and revised statement and urges Google to cure. Google was right in withdrawing their incorrect statement that Spivak's employment claims were substantively addressed in the arbitration, as such a statement is indefensible given the arbitrator's July 19, 2019 commentary. However, the record shows that Google's argument in the



Rivka Spivak, Pro Se
128 NE 51st Street, Seattle, WA 98105
617.519.1100

federal case and Judge Pechman's dismissal were procedural, resting on claim and issue preclusion. The federal case did *not* substantively address Spivak's employment claims. Google's original and revised statements are both incorrect. Spivak gave Google notice of the first mistake privately by email, but is filing this notice into the docket because Google's errata simply replaces one incorrect statement with another.

Google did not oppose Spivak's repeated assertion in her prior motions that her employment claims have never been adjudicated on the merits, and its current attempt to reframe the record is unsupported and should be withdrawn, especially as it is struggling to find a statement that is not contradicted by the record. Spivak reserves all substantive argument and response for her forthcoming reply.

DATED this 26th day of August, 2025.

s/ Rivka Spivak
Rivka Spivak, Pro Se
128 NE 51st Street
Seattle, WA 98105
617.519.1100
rebeccaspivak@outlook.com

The Honorable James E. Rogers

FILED
2025 AUG 26 02:10 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 23-2-23572-0 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF KING**

| | |
|---|---|
| GOOGLE LLC,<br><br>Plaintiff,<br><br>vs.<br><br>RIVKA ("REBECCA") SPIVAK,<br><br>Defendant. | NO. 23-2-23572-0 SEA<br><br>**NOTICE OF WITHDRAWAL OF COUNSEL FOR GOOGLE LLC** |

TO: ALL PARTIES and THEIR RESPECTIVE COUNSEL OF RECORD

AND TO: THE CLERK OF THE ABOVE-ENTITLED COURT

EACH OF YOU WILL PLEASE TAKE NOTICE that Lauren M. Case hereby withdraws as counsel of record for Plaintiff Google LLC ("Google") for all purposes in the above-captioned proceeding. This withdrawal shall be effective immediately upon filing.

Allison Lane and Daniel B. Heidtke of Duane Morris remain counsel of record for Google. All future papers, pleadings, and correspondence, except original process, relating to Google should be directed to the following counsel:

///

///

///

///

///



DUANE MORRIS LLP
701 Fifth Avenue
Columbia Tower, 42nd Floor
Seattle, WA 98104

Dated this 26th day of August, 2025.

DUANE MORRIS LLP

*s/ Lauren M. Case*
Allison Lane (admitted *pro hac vice*)
alane@duanemorris.com
Lauren M. Case
lmcase@duanemorris.com
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Tel: +1 415 957 3000
Fax: +1 415 957 3001

Daniel B. Heidtke WSBA No. 51034
dbheidtke@duanemorris.com
701 Fifth Avenue
Columbia Tower, 42nd Floor
Seattle, WA 94104
Tel: +1 512 277 2261
Fax: +1 702 543 3263

Attorneys for Plaintiff
GOOGLE LLC

FILED
2025 AUG 27 09:00 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 23-2-23572-0 SEA

The Honorable James E. Rogers
Courtroom: E-733

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**COUNTY OF KING**

| | |
|---|---|
| **Google LLC**<br>**Plaintiff**<br>**v.**<br>**Rivka Spivak**<br>**Defendant** | **No. 23-2-23572-0 SEA**<br>**NOTICE OF GOOGLE'S NONCOMPLIANCE WITH LOCAL COUNSEL SIGNATURE REQUIREMENTS AND REQUEST FOR COURT ACTION** |

TO: The Honorable James E. Rogers
AND TO: All Counsel of Record

## I. INTRODUCTION

Spivak respectfully submits this notice to bring to the Court's attention Google's noncompliance with the local counsel signature requirements. This notice is necessitated by the absence of



Rivka Spivak, Pro Se
128 NE 51st Street, Seattle, WA 98105
617.519.1100

signatures from local counsel in Google's recent filings, the improper signing of filings by out-of-state lead counsel, Lane, in violation of the rules governing pro hac vice practice and local court management, and the withdrawal of local counsel, Lauren Case, on August 26, 2025.

## II. FACTUAL BACKGROUND

1. Until and Through July 11, 2025, all filings by Google were signed by local counsel, in compliance with the requirements for pro hac vice practice in Washington state courts.
2. On July 31, 2025, Spivak filed a motion for protective order, alleging misconduct and specifically implicating lead counsel, Lane (admitted pro hac vice).
3. Since then, Google has failed to respond to that and at least one other motion. In the two responsive documents it did file (an opposition – docket 121, and an errata – docket 123), Lane signed on the signature line directly above the local counsel's signature block, without any actual signature of local counsel.
4. On August 26, 2025, local counsel Case officially withdrew from representation, leaving Heidtke as the only remaining local counsel of record.
5. No responsive filing after July 11, 2025 has included the actual signature of local counsel, despite the continued appearance of local counsel's name on signature blocks.

## III. LEGAL BASIS FOR NOTICE

1. **Local Counsel Signature Requirement**

The King County Superior Court Local Court Management Rules (LCMR) require strict compliance with all local and state rules for filings, including those governing the participation


Rivka Spivak, Pro Se
128 NE 51st Street, Seattle, WA 98105
617.519.1100

and signature of local counsel in pro hac vice matters. The court relies on the signature of local counsel as a certification that the filing complies with all applicable rules and that the attorney is answerable to the court's disciplinary authority.

2. **Implications of Noncompliance**

The absence of a local counsel signature on filings constitutes a procedural defect. The court's rules and the pro hac vice admission order require that local counsel must sign all pleadings, motions, and papers, and be responsible for compliance with local rules and court orders. Filings signed only by out-of-state counsel are not compliant and undermine the court's reliance on local counsel's certification.

## IV. REQUEST FOR COURT ACTION

Spivak is sympathetic to Heidtke's professional dilemma. Nonetheless, Spivak respectfully requests that the Court:

1. Take notice of the procedural noncompliance in Google's recent filings.
2. Direct Google to ensure that all future filings are signed by local counsel of record, in accordance with the requirements of the King County Superior Court Local Court Management Rules and applicable Washington regulations.
3. Require Google to clarify the status of local counsel Heidtke and, if Heidtke is no longer participating, to promptly substitute new local counsel or otherwise comply with the withdrawal and substitution procedures set forth in CR 71 and local rules.
4. Order that any filings submitted without the signature of local counsel be stricken or disregarded until compliance is achieved.


Rivka Spivak, Pro Se
128 NE 51st Street, Seattle, WA 98105
617.519.1100

## V. CONCLUSION

Spivak submits this notice in the interests of the integrity of the proceedings and to ensure compliance with the rules governing pro hac vice practice and local counsel participation. The continued absence of local counsel signatures on filings by Google is a clear violation of the court's rules and undermines the certification upon which the court relies.

Respectfully submitted this 27th day of August, 2025.

s/ Rivka Spivak
Rivka Spivak, Pro Se
128 NE 51st Street
Seattle, WA 98105
617.519.1100
rebeccaspivak@outlook.com

FILED
2025 AUG 27 02:04 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 23-2-23572-0 SEA

The Honorable James E. Rogers
Courtroom: E-733
Noted Date: August 29, 2025 9:00 am

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**COUNTY OF KING**

| | |
|---|---|
| **Google LLC**<br>**Plaintiff**<br>**v.**<br><br>**Rivka ("Rebecca") Spivak**<br>**Defendant** | **No. 23-2-23572-0 SEA**<br><br>**REPLY ISO MOTION FOR LEAVE TO FILE CLAIMS PURSUANT TO INJUNCTION** |

## I. Introduction

Spivak submits this reply to address the procedural and substantive defects in Google's opposition to her Motion for Leave to File Claims Pursuant to Injunction. Google's opposition is procedurally deficient, lacking the required signature of local counsel, and relies on material misrepresentations regarding the adjudication of Spivak's claims. Google



Rivka Spivak, Pro Se
128 NE 51st Street, Seattle, WA 98105
617.519.1100

has previously waived its statutory defenses by failing to contest Spivak's request for leave when first presented, and now seeks to reframe the record to avoid its own waiver. For these reasons, and as detailed below, Spivak respectfully requests that the court strike Google's opposition, grant leave to file claims, rule on the question of mandatory joinder and appointment of counsel for minors, and issue appropriate protective orders.

## II. Lack of Local Signatory

Google's opposition lacks the required signature of local counsel, in violation of Washington's rules of professional conduct and the rules governing pro hac vice practice and local counsel participation. Local counsel's signature certifies compliance and ethical responsibility. Without it, the opposition is procedurally defective—especially where material misrepresentations are alleged and no local attorney vouches for its contents. The court should strike the opposition.

## III. False Statement Regarding Adjudication

Google's opposition relies on a false statement about adjudication of Spivak's claims, which was not cured by errata (Dkt 123, 125). Persisting in material falsehoods can warrant appropriate consequences including striking the filing (see CR 11). The court should strike the opposition, deem Spivak's factual allegations established, grant all requested relief, and consider remedial action.


Rivka Spivak, Pro Se
128 NE 51st Street, Seattle, WA 98105
617.519.1100

## IV. No Merits Adjudication

Google's repeated assertion that Spivak's employment claims were "substantively addressed" is objectively false. (Dkts 123, 125). Google's failure to cure this error undermines the entirety of its opposition.

## V. Abuse of Process

Google's opposition justifies the entire action by claiming Spivak's repeated efforts to obtain relief are unwarranted, based on its insistence that her claims were already substantively addressed. This assertion is indefensible and only strengthens Spivak's request for leave to file claims under category 1(g) in her moving papers. ("Damages related to Google's conduct in connection with this and related legal proceedings.")

## VI. Ad Hominem Attack

Google's claim that Spivak's filings in this action justify injunctive relief and "*demonstrated to the Court and its staff precisely why the injunctive relief Google secured was necessary"* is unsupported and presumes to speak for the court, which has made no such finding. None of Spivak's motions have resulted in prejudiced denials, sanctions, or findings of bad faith. Google's assertion that the court reissued a vexatious litigant designation in September 2024 is false. Google filed Spivak's children's protected information, refused to redact, and now characterizes Spivak's efforts to protect her children's privacy as vexatious. The record does not support Google's narrative, which relies on repeated false statements to create a misleading history.



Rivka Spivak, Pro Se
128 NE 51st Street, Seattle, WA 98105
617.519.1100

## VII. Spivak Has Previously Requested Leave/ Google Has Waived Defenses

Spivak's request for leave is not new. In her motion noted for July 18, 2025 (Dkt. 61), Spivak sought relief on multiple grounds and explicitly requested permission to file her employment claims if the injunction was not vacated, repeatedly asserting that those claims had never been adjudicated on the merits. Google did not oppose this request, raise any statutory defenses, or even identify it as a contested issue. Instead, Google's opposition focused on other arguments, leaving the request for leave unchallenged. Notably, in defending against vacatur of the injunction, Google affirmatively argued that the only bar to Spivak's employment claims was the need for court permission under the injunction, thereby conceding that no other procedural or statutory bar applied to these claims.

Now, Google seeks to oppose a request it previously failed to contest, attempting to reframe the record and avoid its own waiver. The record is clear: Spivak's request for leave under the injunction was made in July 2025, and Google's own arguments at that time denied the existence of procedural bars, materially supporting its position that the injunction was the sole obstacle. Google should be judicially and equitably estopped from switching positions on the applicability of procedural bars to suit its current interests. Its failure to object when the request was first presented constitutes waiver of any defenses it now asserts, including statutory bars. The court should reject Google's revisionist framing and hold it to its prior procedural posture.


Rivka Spivak, Pro Se
128 NE 51st Street, Seattle, WA 98105
617.519.1100

## VIII. Google Misstates This Court's Own Orders

Google's opposition incorrectly claims the court issued a vexatious litigant order twice, including in September 2024. The record shows it was entered once in January 2024 and not reissued. This is a material misrepresentation that distorts the procedural history. Google has a documented pattern of making inaccurate statements in filings and emails, then citing those statements in other forums to create a false narrative. While Spivak does not ask for a finding of contempt, misrepresentation of this court's own orders in filings addressed to this court raises serious concerns about candor and respect for judicial authority. (See RPC 3.3(a)(1) (duty of candor to tribunal); see also CR 11.) The court is entitled to expect accuracy from all parties and should scrutinize any attempt to distort the record.

## IX. Google Cannot Rely on Procedural Integrity It Failed to Defend

Spivak's Motion for Protective Order and Just Relief alleged Google's ongoing obstruction, harassment and intimidation over ten years of litigation. Such allegations call into question the validity of all orders over that time period, as fraud and obstruction are a recognized basis to reverse under civil rule 60 and to provide other equitable relief ((See CR 60(b)(4)). Google filed no opposition to that motion and denied none of Spivak's allegations. Google's instant opposition relies on the validity of the procedural history it has failed to defend. Having declined to deny its misconduct in the procedural history, Google's failure to contest these allegations should estop it from relying on the procedural history to bar Spivak's claims.


Rivka Spivak, Pro Se
128 NE 51st Street, Seattle, WA 98105
617.519.1100

## X. Google's "Advisory Opinion" is a Strawman

Google's opposition mischaracterizes Spivak's request as seeking an advisory opinion, but Spivak's motion asks the court to resolve a procedural question squarely within its authority: whether joinder of minor children's independent claims is mandatory under the civil rules, and whether appointment of counsel is required. Washington courts routinely decide such issues as part of case management; this is not an advisory opinion, but a necessary procedural determination affecting the conduct of litigation and the protection of minors. Google's argument conflates routine judicial rulings with prohibited advisory opinions, relying on inapplicable authority. The court is both empowered and obligated to resolve questions of joinder and representation as they arise, and should reject Google's straw man framing.

## XI. Google's Argument About Declaratory Relief Applicability is Wrong

Although Spivak did not request declaratory relief in her motion, Google's opposition raises and contests the issue, apparently to preclude future relief. If Google has now placed declaratory relief before the court, Spivak opposes its arguments regarding public interest and availability. Washington law requires an actual controversy and a request for relief under the Uniform Declaratory Judgments Act, but when a party injects the issue into litigation, the court may consider it if sufficiently briefed (See RCW 7.24.020 (Uniform Declaratory Judgments Act)). Spivak disputes Google's claim that no public interest exists and expressly reserves the right to seek declaratory relief. Where a major corporation has targeted and harmed the vulnerable minor children of a former employee who complained of


Rivka Spivak, Pro Se
128 NE 51st Street, Seattle, WA 98105
617.519.1100

discrimination, public interest in transparency and accountability is substantial. Spivak reserves the right to seek declaratory relief should the court find the issue properly before it.

## XII. Spivak Reserves Objections to "Binding" Arbitration

Google refers to both prior arbitrations as "binding." Spivak' does not concede immunity from challenge, especially where fraud and obstruction are alleged. Spivak reserves all rights.

## XIII. Google Should Be Equitably Estopped from Future Waiver Arguments

Given Google's repeated attempts to manufacture waiver, it should be equitably estopped from benefitting from this tactic, especially in the absence of local counsel's professional responsibility for this filing. Spivak asserts waiver based on Google's failure to oppose her prior request for leave; in contrast, Google's filings rely on repeated false statements and legal assertions to create waiver by omission. Spivak reserves all rights.

## XIV. Conclusion

Google's opposition relies on revisionist history, strawman arguments, and material misstatements refuted by the record. For the reasons stated herein and in prior filings, Spivak respectfully requests that the court:

1. Grant leave to file the following claims: gender discrimination, retaliation, emotional distress, personal injury, constitutional violations,


Rivka Spivak, Pro Se
128 NE 51st Street, Seattle, WA 98105
617.519.1100

privacy torts, and damages related to Google's conduct in this and related proceedings;

2. Allow Spivak to state the merits of her claims with supporting evidence, and proceed immediately to the damages stage;

3. Issue a protective order enjoining Google and its counsel from disseminating any sensitive records or emails involving Spivak and all records involving her children, whether in this action or any prior action;

4. Provide clarification on joinder of claims of minor children and appointment of counsel or other judicial protection for their rights;

5. Issue minute orders for any required clarifications, and provide Spivak an opportunity to cure any procedural or substantive defects;

6. Grant any other relief the court deems just and proper.

Respectfully Submitted this 27th day of August 2025.

s/ Rivka Spivak
Rivka Spivak, Pro Se
128 NE 51st Street
Seattle, WA 98105
617.519.1100
rebeccaspivak@outlook.com

I certify that this memorandum contains 1523 words, in compliance with the Local Civil Rules.

The Honorable James E. Rogers
Courtroom: E-733
Noted Date: August 29, 2025 9:00 am

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**COUNTY OF KING**

| | |
|---|---|
| **Google LLC**<br>**Plaintiff**<br>**v.**<br>**Rivka Spivak**<br>**Defendant** | **No. 23-2-23572-0 SEA**<br>**SUPPLEMENTAL NOTICE OF GOOGLE'S NONCOMPLIANCE UNDER CR 11 and APR 13(a)** |

**TO:** The Honorable James E. Rogers

**AND TO**: All Counsel of Record

Spivak respectfully supplements her prior notice regarding Google's noncompliance with local counsel signature requirements to bring to the Court's attention an additional, independent procedural defect: the absence of a Washington State Bar Association (WSBA) membership number in the signature block of the attorney signing Google's opposition (Docket 121). Spivak regrets not including this in her prior notice.


Rivka Spivak, Pro Se
128 NE 51st Street, Seattle, WA 98105
617.519.1100

## I. Prior Notice and Signature Block Defect

As previously notified, Google's opposition and errata were signed only by out-of-state counsel admitted pro hac vice, without the signature of local counsel. Upon further review, Spivak notes that the signature block for Docket 121 also fails to include any WSBA membership number, as required by Washington law. Prior filings included Ms. Case's WSBA number; Docket 121 retains her signature block, but both her signature and WSBA number are now absent.

## II. Lack of Any Remaining Counsel Associated with Docket 121

Ms. Case withdrew from this matter on August 26 and no longer appears at all in the Duane Morris attorney directory. The attorney withdrawal notice directs future filings to Mr. Heidke and Ms. Lane, but does not clarify who is responsible for Docket 121, which is noted for a future date. Regardless of the signature defect, it is unclear who the local attorney of record is for Docket 121 following Case's withdrawal. Mr. Heidke has not filed any amendment adding his signature to this filing (and, to avoid any suggestion otherwise, Spivak does not encourage or request that Mr. Heidke—or any Washington-licensed attorney—sign Google's current opposition, as doing so would itself violate Rule 11 given the material misstatements it contains).

## III. Statutory Requirements

Washington Superior Court Civil Rule 11 provides:


Rivka Spivak, Pro Se
128 NE 51st Street, Seattle, WA 98105
617.519.1100

> Every pleading, motion, and legal memorandum of a party represented by an attorney shall be dated and signed by at least one attorney of record in the attorney's individual name, whose address and Washington State Bar Association membership number shall be stated.

Additionally, Admission and Practice Rule 13(a) mandates:

> All pleadings and other papers signed by a lawyer, LLLT, or LPO and filed with a court shall include the lawyer's, LLLT's, or LPO's Bar number in the signature block.

The absence of a WSBA number in the signature block is a clear violation of both CR 11 and APR 13(a), and independently renders the filings noncompliant.

## IV. Request for Court Action

Spivak respectfully requests that the Court:

1. Take notice of the additional procedural defect in Google's filing—the absence of any WSBA membership number in any signature block.

2. Take notice that Google has already had approximately 36 hours of notice that their opposition was defective as to local signature requirements and that it has not addressed the defect or withdrawn the filing—despite the urgency given that the briefing is set for hearing tomorrow.



Rivka Spivak, Pro Se
128 NE 51st Street, Seattle, WA 98105
617.519.1100

3. Direct Google to clarify whether Mr. Heidke, as local counsel, is taking professional responsibility for Docket 121. If no Washington-licensed attorney is willing to do so, the filing should be withdrawn, as it cannot be properly certified under CR 11.

4. Clarify who, if anyone, is professionally responsible for Docket 121 if Google takes no action. The filing is currently signed only by Ms. Lane, who is not admitted to practice in Washington and cannot supply a WSBA number.

5. Direct Google to ensure that all future filings are signed by local counsel of record and include the required WSBA membership number, in accordance with CR 11 and APR 13(a).

6. Strike the opposition at Docket 121 unless the defect is promptly cured, in accordance with the mandatory requirement of CR 11(a): "If a pleading, motion, or legal memorandum is not signed, it **shall** be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant." (emphasis added)

7. Order that any filings submitted without compliance with these requirements be stricken or disregarded until proper compliance is achieved.

Respectfully submitted this 28th day of August, 2025.



Rivka Spivak, Pro Se
128 NE 51st Street, Seattle, WA 98105
617.519.1100

s/ Rivka Spivak
Rivka Spivak, Pro Se
128 NE 51st Street
Seattle, WA 98105
617.519.1100
rebeccaspivak@outlook.com

FILED
2025 AUG 29 01:15 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 23-2-23572-0 SEA

The Honorable James E. Rogers
Courtroom: E-733
Noted Date: September 8, 2025

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**COUNTY OF KING**

| | |
|---|---|
| **Google LLC**<br>**Plaintiff**<br>**v.**<br>**Rivka "Rebecca" Spivak**<br>**Defendant** | **No. 23-2-23572-0 SEA**<br>**NOTICE OF ONGOING HARASSMENT AND MISCONDUCT** |

## I. Introduction

Spivak files this notice to document an email response from Allison Lane, admitted pro hac vice in this case.

On August 29, 2025, Spivak withdrew a motion asking the court to enter a stipulation asserting incompetency. In that now-withdrawn motion, Spivak did not attest to incompetency, but


Rivka Spivak, Pro Se
128 NE 51st Street, Seattle, WA 98105
617.519.1100

offered to stipulate to it in response to ongoing and well-documented harassment by Google, which has repeatedly tried to force such a finding (see Spivak's Motion for Protective Order). Spivak sent a copy of the withdrawal notice to Ms. Lane and Mr. Heidtke by email as a courtesy, since Ms. Lane is ineligible for E-Service. Ms. Lane's immediate response is concerning.

It is worth noting that Spivak had offered the stipulation to Google directly, and Google declined. Therefore, Google should have welcomed Spivak's withdrawal of her motion asking the court to enter the stipulation anyway. However, this was Ms. Lane's response (highlighting added):

---

**From:** Lane, Allison <ALane@duanemorris.com>

**Date:** Friday, August 29, 2025 at 12:47 PM

**To:** Rebecca Spivak <rebeccaspivak@outlook.com>

**Cc:** Heidtke, Daniel B. <DBHeidtke@duanemorris.com>

**Subject:** Re: NTIWD

Danny, given this and her prior schizophrenic filings, what do you think about the errata? I'm on the fence. It's a hyper technical issue that the judge can ignore, and I don't think we should feed into her vortex.

**Allison Lane**

Duane Morris LLP



Rivka Spivak, Pro Se
128 NE 51st Street, Seattle, WA 98105
617.519.1100

On Aug 29, 2025, at 12:39 PM, Rebecca Spivak <rebeccaspivak@outlook.com> wrote:

Best Regards,

Rebecca Spivak

<134 withdrawal of motion for findings dja-prd-ecexap1.kingcounty.gov.pdf>

---

## II. Problems with Lane's Email

Spivak notes that Ms. Lane's email does the following:

1. Harassment: Ms. Lane characterizes Spivak as "schizophrenic" despite not being a qualified diagnostician, and despite no such diagnosis appearing in the record or in any reality. Spivak's filings in this case document Lane's misconduct and Lane has not defended or denied the misconduct.

2. Misstatement of Law / Communication with Other Parties: Lane clearly misstates the law, depending on what "it's" refers to:

    a. If referring to calling a procedural dismissal "substantive" – this is material and not "hyper-technical" – especially when used to support arguments of preclusion


Rivka Spivak, Pro Se
128 NE 51st Street, Seattle, WA 98105
617.519.1100

b. If referring to the lack of signature – this is non-discretionary under multiple rules, and not something the judge can "ignore"

## III. Conclusion

Spivak respectfully requests that the court take notice of Ms. Lane's ongoing harassment, violation of professional rules, and escalation to ad hominem attacks in response to allegations she cannot defend against. Spivak requests all remedies and protection the court deems appropriate—including, if necessary, precluding Ms. Lane from further participation—so as to ensure Spivak's safety and the integrity of these proceedings. Spivak has tried to be restrained, but should not be required to communicate with Ms. Lane given the power imbalance and her pattern of misconduct and harassment, including the targeting of Spivak's children.

Respectfully Submitted this 29th day of August, 2025.

s/ Rivka Spivak
Rivka Spivak, Pro Se
128 NE 51st Street
Seattle, WA 98105
617.519.1100
rebeccaspivak@outlook.com