UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

Rivka Spivak,

Plaintiff,

v.

Alphabet Inc., et al.,

Defendants.

Case No. 2:20-cv-01480-MJP

EXHIBIT 21

Google's 2015 Motion to Stay the Arbitration

Filed in Support of Plaintiff's Motion to Vacate

Judgment Under Rule 60(d)(3)

**CURLEY, HESSINGER & JOHNSRUD LLP**
COUNSELORS AT LAW
4400 BOHANNON DRIVE
SUITE 230
MENLO PARK, CA 94025
www.curleyhessinger.com

**Telephone: 650.600.5300**
**Facsimile: 650.898.1998**

**Brian L. Johnsrud**
**650.600.5310**
**bjohnsrud@curleyhessinger.com**

September 18, 2015

**VIA COURIER**

Honorable Robert A. Baines (Ret.)
JAMS
160 W. Santa Clara Street, Suite 1600
San Jose, CA 95113

Re: *Rivka Spivak v. Google Inc.*
JAMS Ref. No. 1110018238
**Motion for Stay of Arbitration Pending EEOC Investigation**

Dear Arbitrator Baines:

For the reasons set forth below, Respondent Google moves the Arbitrator for a stay of the arbitration pending the exhaustion of Claimant Rivka Spivak's EEOC administrative charge.

## I. INTRODUCTION

Spivak is a current employee who has made a series of gender discrimination and retaliation allegations. Her claims arise under Title VII, the Washington Law Against Discrimination, and the New York State Human Rights Law. Google denies her claims.

After filing an administrative charge with the EEOC, Spivak commenced this arbitration covering the same time frame and making the same allegations. Google requested that Spivak either request an early right to sue letter (which she is permitted to do and has not) or seek the administrative closure of the EEOC charge (which she refused to do). She also refused to stipulate to a stay of arbitration pending the resolution of her EEOC charge. Spivak thus has Google defending her claims in two forums at the same time.

Spivak's multiple-forum strategy results in unnecessary duplication of effort and interferes with the EEOC's investigation and conciliation process. Because Spivak wants to participate in the EEOC process, which she has the right to do, this arbitration should be stayed pending the resolution of her EEOC charge. Spivak could of course request that the EEOC close its file and request a right to sue letter if she wanted to pursue her claims in arbitration. Because staying the arbitration does not prejudice Spivak, and because forcing Google to defend her claims in both

forums prejudices Google, this arbitration should be stayed pending resolution of the EEOC charge.

## II. STATEMENT OF FACTS

On June 23, 2015, Spivak filed a charge of discrimination with the EEOC. (Johnsrud Declaration, Exhibit A). In her charge, Spivak alleges a "continuing action" of discrimination back to February 2012, though she does not identify any specific employment action until May 2014. Spivak alleges that she complained about gender bias in May 2014 and February 2015 and was thereafter subject to alleged retaliatory acts.

Google denies Spivak's allegations and has responded to her EEOC charge. (Johnsrud Declaration, Exhibit B). As set forth in detail in the charge response, Spivak's performance history as a Product Manager is uneven and inconsistent. She has regularly failed to develop productive relationships with engineers (who build the products) and sales operations employees (who leverage the products). She also has failed to consistently produce the documentation necessary to drive product development. These concerns are shared by male and female employees alike. Spivak, however, seems immune to their constructive feedback.

Subsequent to her charge, Spivak commenced these arbitration proceedings. Her Notice of Claims and Remedies Requested confirm that she is pursuing all of the allegations she has made in her EEOC charge. (Johnsrud Declaration, Exhibit C). Following receipt of her Notice of Claims, Google's counsel requested that Spivak's counsel apprise the EEOC of the arbitration proceedings so that a right to sue letter would issue. Spivak's counsel assumed the charge would be closed. The EEOC, however, indicated that it would not necessarily close its file based on a pending arbitration (and it has not done so). Spivak's counsel then stated:

> I would like to make it clear that my client is not asking the EEOC to administratively close her case. She intends to pursue her Title VII claims in arbitration, along with her New York and Washington state law claims.

(Johnsrud Declaration, Exhibit D). While Google does not oppose Spivak's right to pursue a charge with the EEOC, it does not believe it should be forced to simultaneously defend two duplicative actions at the same time. And, because Spivak refused to stipulate to a stay pending the EEOC process (Johnsrud Declaration, Exhibit E), Google files the instant motion.[1]

[1] The parties met and conferred on a briefing schedule for the instant Motion, with Google filing its moving papers on September 18 and Spivak filing her opposition on September 28. Unless the Arbitrator prefers a written reply brief, Google would respond to Spivak's opposition at the hearing, the date for which could be set during the preliminary scheduling call set for September 22, 2015.

## III. LEGAL ARGUMENT

### A. The Administrative Charge Process

The United States Supreme Court very recently summarized Title VII's administrative charge process. *Mach Mining, LLC v. Equal Employment Opportunity Commission*, 135 S.Ct. 1645 (2015). The Court explained:

> Title VII of the Civil Rights Act of 1964, 78 Stat. 241, 42 U.S.C. § 2000e et seq., sets out a detailed, multi-step procedure through which the Commission enforces the statute's prohibition on employment discrimination. The process generally starts when "a person claiming to be aggrieved" files a charge of an unlawful workplace practice with the EEOC. § 2000e–5(b). At that point, the EEOC notifies the employer of the complaint and undertakes an investigation. See *ibid.* If the Commission finds no "reasonable cause" to think that the allegation has merit, it dismisses the charge and notifies the parties. *Ibid.* The complainant may then pursue her own lawsuit if she chooses. See § 2000e–5(f)(1).
>
> If, on the other hand, the Commission finds reasonable cause, it must first "endeavor to eliminate [the] alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." § 2000e–5(b). To ensure candor in those discussions, the statute limits the disclosure and use of the participants' statements: "Nothing said or done during and as a part of such informal endeavors" may be publicized by the Commission or "used as evidence in a subsequent proceeding without the written consent of the persons concerned." *Ibid.* The statute leaves to the EEOC the ultimate decision whether to accept a settlement or instead to bring a lawsuit. So long as "the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission" itself, the EEOC may sue the employer. § 2000e–5(f)(1).

*Id.* at 1649-50.

Courts enforce these administrative exhaustion requirements. As the *Mach Mining* decision explained, "[a]n employee, for example, may bring a Title VII claim only if she has first filed a timely charge with the EEOC, and a court will typically dismiss a complaint for failure to do so. See, *e.g., id.*, at 104–105. Similarly, an employee must obtain a right-to-sue letter before bringing suit, and a court will typically insist on satisfaction of that condition. See, *e.g., McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973)." *Id.* at 1651.

To protect employees from undue delay by the EEOC, however, the agency must issue a right-to-sue letter upon request anytime after 180 days after the charge was filed. *See* 42 USC § 2000e-5(f)(1); 29 CFR § 1601.28(a)(1). Even before expiration of the 180 days, however, the EEOC must issue a right-to-sue letter if it either (a) dismisses the administrative proceedings or (b) determines that it will not complete its processing of the charge within 180 days. 42 USC § 2000e-5(f)(1); 29 CFR § 1601.28(a)(1).

**B. The Arbitrator Should Stay These Arbitration Proceedings Pending The Exhaustion Of Spivak's EEOC Charge.**

Under JAMS Rule 11, the Arbitrator has the authority to determine threshold jurisdiction issues. Here, the Arbitrator certainly has jurisdiction, though should stay such jurisdiction pending the disposition of Spivak's EEOC charge. It is rare that an employee pursues the path chosen by Spivak; namely, simultaneously arbitrating the same claims that she requests the EEOC to investigate. The Ninth Circuit has recognized the option of seeking a stay of litigation pending the EEOC's investigation. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) ("Appellants had ample time to secure 'right to sue' letters prior to filing their first action in November of 1995. Alternatively, they could have sought a stay from the district court pending their administrative proceedings before the EEOC."). And, district courts have granted motions to stay litigation to give effect to the EEOC's administrative process. *E.g., Christenson v. John Zink Co., LLC*, 2007 WL 2286260 (N.D. OK. August 8, 2007).

In the *Christenson* case, the employee filed a complaint in federal court and shortly thereafter completed his administrative charge. Although the employer notified the EEOC of the pending litigation, the EEOC requested that the employer respond to the charge. The employer then moved for a stay of the federal court action. The federal court granted the stay, reasoning:

> [T]he EEOC requested that defendant submit its response, even though litigation was pending. Absent a stay, defendant will have to take part in the EEOC conciliation process and defend itself in this Court at the same time, which could result in unnecessary expenditures on the part of litigants and a waste of judicial resources.
>
> The fact that plaintiff was able to file an action in this Court in March 2007 does not strip the Court of its power to stay proceedings to further the EEOC conciliation process. The Court has inherent power to stay proceedings to conserve its own and the litigants' resources. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

*Id.* at *3.

The *Christenson* court concluded that it would exercise its "equitable discretion to stay proceedings - including discovery - until the conciliation process is completed, or forty-five days from the date of this Opinion and Order, whichever is earlier." *Id.* at *4. The court noted that its 45 day stay order was predicated in part on the fact that "[u]nder the ADEA, in contrast with Title VII, a right to sue letter is not a prerequisite to suit." *Id.*

Other courts addressing this issue have granted stays of litigation to allow the EEOC process to conclude before litigation continues on the same claims. *Urban v. Blossom Hill Health Centre,*

*Inc*., 2000 WL 1262937 (N.D. Ill. Sept. 1, 2000) ("On May 13, 1998, this court granted a motion to stay this action pending [the agency's] completion of its investigation of Plaintiff's sexual harassment charge, which she had cross filed with the Equal Employment Opportunity Commission ('EEOC')."); *see also Silverio v. LQ 511 Corp.*, 2014 WL 1413640 (S.D.N.Y. April 9, 2014) ("Rather than encourage a redundant separate lawsuit, in equity and good conscience, the Court finds that a stay is appropriate under the circumstances."); *Vance v. W.G. Yates & Sons Construction Co.*, 974 F.Supp. 879, 883 (N.D. Miss. 1997) (explaining that, in situations involving an unresolved EEOC charge, a plaintiff should "either delay[] filing suit until receiving her notice of right to sue, or … file[] suit and move[] for a stay pending EEOC resolution, at which time she c[an] move to amend her complaint.").

In this case, Spivak has filed an EEOC charge and plainly stated she wants that investigation and potential conciliation process to move forward. She thereafter filed an arbitration demand which – at a minimum – covers the same allegations set forth in her EEOC charge. Google should not be forced to defend the same allegations at the same time in different forums. As in the *Christenson* case, Google "will have to take part in the EEOC conciliation process and defend itself in this Court at the same time, which could result in unnecessary expenditures on the part of litigants and a waste of judicial resources." A stay of the arbitration does not prejudice Spivak and gives effect to the EEOC process that she wants to move forward. She has already waited years to assert her threatened claims which, as explained in Exhibit B, are quite questionable in terms of their timing and otherwise without merit.

Spivak may argue that her EEOC charge does not cover her claims from 2012 when she was employed in New York. (Johnsrud Declaration, Exhibit E). Spivak's charge, however, alleges discrimination generally back to February 2012 and it is unclear whether the EEOC will investigate her allegations back that far. In any event, the allegations that Spivak makes dating back to 2012 are a true fraction of the allegations in her arbitration demand. Allowing that discrete allegation to proceed would result in the proverbial "tail wagging the dog." The fact is that Spivak filed her arbitration demand when she did to possibly avoid a statute of limitations defense as to her 2012 claims. Now that the arbitration has been filed, she has addressed her concern in that regard, and a stay will not prejudice her in any respect.

## IV. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Arbitrator stay this arbitration pending the resolution of Spivak's EEOC charge.

Very truly yours,

CURLEY, HESSINGER & JOHNSRUD LLP

Brian L. Johnsrud

**PROOF OF SERVICE**

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 4400 Bohannon Drive, Suite 230, Menlo Park, California 94025.

On September 18, 2015, I served the within document(s):

**GOOGLE INC.'S MOTION FOR STAY OF ARBITRATION PENDING EEOC INVESTIGATION; and**

**DECLARATION OF BRIAN L. JOHNSRUD IN SUPPORT OF MOTION FOR STAY OF ARBITRATION PENDING EEOC INVESTIGATION**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Menlo Park, California addressed as set forth below.

☒ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

Steven B. Frank, Esq.
Frank Freed Subit & Thomas LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on September 18, 2015, at Menlo Park, California.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

LYNETTE POLA

**CURLEY, HESSINGER & JOHNSRUD LLP**
COUNSELORS AT LAW
4400 BOHANNON DRIVE
SUITE 230
MENLO PARK, CA 94025
www.curleyhessinger.com

Telephone: 650.600.5300
Facsimile: 650.899.1998

**Brian L. Johnsrud**
**650.600.5310**
**bjohnsrud@curleyhessinger.com**

October 9, 2015

**VIA COURIER**

Honorable Robert A. Baines (Ret.)
JAMS
160 W. Santa Clara Street, Suite 1600
San Jose, CA 95113

Re: *Spivak, Rivka v. Google Inc.*
JAMS Ref. No. 1110018238
**Reply in support of Motion for Stay of Arbitration Pending EEOC Investigation**

Dear Arbitrator Baines:

Respondent Google submits the following Reply Brief in support of its motion for a stay of arbitration pending the resolution of Claimant Rivka Spivak's EEOC charge.

## I. INTRODUCTION

Spivak fails to cite a single case where the court denied a motion to stay pending the exhaustion of the EEOC's investigation and conciliation process. For good and practical reasons, the courts that have addressed an employee's unusual strategy of simultaneously attempting to litigate the same claims being investigated by the EEOC have granted stays. Spivak could have avoided this stay issue by either (1) not asserting claims under Title VII, which mirror her claims under Washington's Law Against Discrimination; (2) stipulating to Google's request for "administrative closure" of her EEOC charge; or (3) requesting an early right-to-sue letter herself. The fact that Spivak has not pursued these options confirms that she sees some tactical advantage to forcing Google to respond to her claims in two forums at the same time. Because the case law and equity counsel against her strategy, the Arbitrator should stay these proceedings pending the resolution of her EEOC charge.

## II. ARGUMENT

Spivak makes four arguments against a stay, none of which has merit.

**A. Spivak's Stock Claim From July 2012 Represents About 5-10% Of Her Allegations And It Is Unclear Whether The EEOC Will Investigate That Claim.**

Spivak argues that the EEOC does not have jurisdiction over her July 2012 stock grant claim because it is time barred. While it is unusual to see an employee argue that her claim is time barred, it remains to be seen whether the EEOC will investigate that allegation, either as background information or as part of some continuing violation theory. Neither Spivak nor Google control the scope of the EEOC's investigation. Spivak, however, certainly did her part to raise the July 2012 stock grant with the EEOC by claiming in her charge that the "earliest" date of discrimination was "February 2012." No one forced Spivak to identify that date, and she has not filed an amended charge.

Even if the July 2012 stock grant claim is time barred, it is a true fraction of Spivak's claims. Beyond this discrete stock claim, she alleges that Google discriminated against her over 3 years in 2 different states through at least 3 different managers. Specifically, Spivak argues that Google discriminated against her by (1) placing her on a performance improvement plan; (2) providing her multiple negative performance reviews; (3) failing to promote her; (4) preventing her from presenting at a major product meeting; and (5) criticizing her for taking a leave. Separately, she alleges that Google retaliated against her by relocating the project on which she worked from Seattle to California.

Accordingly, a quick review of Spivak's Notice of Claims confirms that her July 2012 stock allegation represents maybe 5-10% of her material allegations and thus a minor portion of the discovery and arbitrable issues. Spivak fails to explain why a stay should be denied when 90% or more of her allegations are squarely covered by her pending EEOC charge and the corresponding investigation. It makes no practical sense to proceed with discovery and motions on 5-10% of her case and then re-start discovery and motions as to the balance of her claims once the EEOC process has concluded. Finally, she admits there is no prejudice because she filed her arbitration demand before the statute of limitations expired on her discrete stock claim.

**B. The Likelihood Of An EEOC Lawsuit Is Immaterial To The Duplication Of Effort Involved With The EEOC's Investigation And The Instant Arbitration Proceedings.**

Spivak argues that simultaneous proceedings before the EEOC and in arbitration will not result in duplication of effort because "it is extremely unlikely that the EEOC will bring a lawsuit." (Opp'n, p . 5:6.) Spivak mistakes the likelihood of lawsuit for the likelihood of investigation, the latter of which is a certainty. The EEOC has an express statutory duty to investigate all EEOC charges. 42 U.S.C. § 2000e-5. It has broad investigatory authority, including the right to issue subpoenas:

> In connection with any investigation of a charge filed under section 2000e-5 of this title, the commission or its designated representative shall at all reasonable times have access

> to, for the purposes of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to unlawful employment practices covered by this subchapter and is relevant to the charge under investigation.

42 U.S.C. § 2000e-8(a). As part of its mandatory investigation obligation, the EEOC regularly submits follow up requests for information and documents and often requests to interview witnesses. The EEOC investigates many charges at some length even when it does not bring a lawsuit. Because Google fairly recently submitted its 128 page charge response (inclusive of Exhibits) to Spivak's suspiciously-timed allegations, it is not surprising that (to date) the EEOC has not issued these types of requests. Again, however, neither Spivak nor Google can predict what the EEOC will do when, why, and how in terms of possible witness interviews and information and document follow up.

**C. Spivak's Subsequently Filed Arbitration Interferes With The EEOC Investigation And Conciliation Process.**

Spivak argues that there is "no interference with the EEOC investigation and conciliation process." (Opp'n.at p. 5:10) Spivak correctly notes that "[t]he EEOC's conciliation process is voluntary." (Opp'n. at p. 5:11.) However, to the extent Spivak's charge proceeds down the conciliation path, Google should not be penalized for participating by simultaneously having to defend against Spivak's discovery requests, filing motions, and preparing for hearing in arbitration. The *Christenson* decision cited in Google's moving papers relied in part on this rationale in granting a stay. Spivak cites no contrary authority.

Moreover, Spivak ignores the fact that the EEOC's investigation process is certainly <u>not</u> voluntary. By opposing a stay, Spivak seeks to force Google to respond to her discovery requests (which her counsel already described as "substantial" during the parties' preliminary scheduling call) and prepare for depositions while at the same time responding to EEOC's requests for further information, document, and witness interviews. Spivak should first allow the EEOC process to run its course.

**D. Spivak – Not Google – Is Responsible For Any Delay Associated With A Stay.**

Spivak argues that granting a stay will deny her "a timely hearing on her claims." (Opp'n. at p. 5:18.) This argument is without merit for several reasons:

> First, Spivak waited for years to assert her claims and did so only after engaging in a pattern of bad behavior, as explained in Google's charge response. She cannot now complain about a little bit of delay after sitting on her allegations for in some instances two to three years.
>
> Second, Spivak was not required to assert claims under Title VII, where she does not dispute that administrative exhaustion is required. 42 USC § 2000e-5(f)(1); *Jasch v. Potter*, 302 F.3d 1092, 1094 (9th Cir. 2002). Notably, Spivak has asserted identical

> claims under the Washington Law Against Discrimination (which does not require administrative exhaustion) and she can recover the same (or better) remedies under the WLAD except for punitive damages. *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1196 (9th Cir. 2002) (Title VII damages cap inapplicable to award of damages under Washington Law Against Discrimination).
>
> Third, Spivak actively opposed the administrative closure of her EEOC charge when provided the opportunity to seek such closure. It is somewhat surprising she did so given her dim view of the likelihood of EEOC litigation, which she places at "near zero" though later admits in a footnote that the EEOC files suit in about 8% of the cases it views as meritorious. Spivak assumedly views her case as meritorious and thus opposed the early closure of her charge.
>
> Finally, Spivak does not dispute that – under Title VII – she can request an early right to sue letter, which should help prompt the EEOC to close its file so that parallel proceedings are not being pursued at the same time. Spivak, however, has not done so, presumably because she sees some strategic benefit in attempting to force Google to defend the same allegations in two different forums at the same time.

Finally, and contrary to Spivak's assertion, there is no risk of Google altering or destroying evidence in the event of a stay. As Spivak's declaration confirms, she sent her unpleasant emails to an email alias, identified as "Plusmail." One or more of the individuals on her email alias forwarded some of Spivak's attacks to Google on an anonymous basis. And, if Spivak was in fact troubled by one of her recipients allegedly omitting text, she could have raised this with Google several months ago when Google issued a preservation letter attaching the identical email, and she did not do so. (Supplemental Johnsrud Declaration, Exhibit A.) In any event, Spivak has the original email she sent and has been asked to preserve them *(id)*, and Google certainly understands its preservation obligations. Thus, a stay pending the EEOC administrative process raises no risks of evidence spoliation.

## III. CONCLUSION

For the foregoing reasons, and for those set forth in Google's moving papers, Google respectfully requests that the Arbitrator stay this arbitration pending the resolution of Spivak's EEOC charge.

Very truly yours,

CURLEY, HESSINGER & JOHNSRUD LLP

Brian L. Johnsrud

**PROOF OF SERVICE**

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 4400 Bohannon Drive, Suite 230, Menlo Park, California 94025.

On October 9, 2015, I served the within document(s):

**RESPONDENT GOOGLE, INC.'S REPLY IN SUPPORT OF MOTION FOR STAY OF ARBITRATION PENDING EEOC INVESTIGATION**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Menlo Park, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐ by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

☒ by transmitting via electronic mail the document(s) listed above to each of the person(s) as set forth below.

Steven B. Frank, Esq.
Frank Freed Subit & Thomas LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104

Cynthia S. Victory
Senior Case Manager
JAMS
160 West Santa Clara Street, Suite 1600
San Jose, CA 95113

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on October 9, 2015, at Menlo Park, California.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

LYNETTE POLA