Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RIVKA SPIVAK,

Plaintiff,

vs.

ALPHABET INC, et al.

Defendants.

Case Reference No. 2:20−cv−01480−TL

**DEFENDANT ALPHABET INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE JUDGMENT UNDER RULE 60(d)(3)**



DUANE MORRIS LLP
415-957-3225
One Market Plaza, Suite 2200, San Francisco, CA 94105

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. PROCEDURAL HISTORY ..... 2

A. 2015 To 2019: Plaintiff Files An EEOC Charge And Arbitration Relating To Her Employment With Google; The Arbitration Is Dismissed With Prejudice. ..... 2

B. October 2020 To February 2021: Plaintiff Files This Action Seeking To Re- Litigate Claims, And The Court Dismisses Her Complaint With Prejudice. ..... 2

C. February 2021: Plaintiff Already Argued—And The Court Rejected—The Concealment Theory She Repeats Here. ..... 2

D. March To October 2021: Plaintiff Appeals This Court's Dismissal, Then Abandons Her Appeal. ..... 3

E. March 2023 To 2025: Plaintiff Continues Serial Litigation Against Google, And Washington State Court Declares Her A Vexatious Litigant And Enjoins Her From Further Litigation. ..... 3

F. 2026: Plaintiff Files This Motion To Vacate, Based On Documents She Has Had In Her Possession Since The Inception Of This Action. ..... 4

III. LEGAL ARGUMENT ..... 4

A. This Motion Is A Procedurally Improper Attempt To Relitigate, And A Time- Barred Substitute For The Appeal Plaintiff Abandoned. ..... 4

B. Plaintiff's Allegations Do Not Satisfy Rule 60(d)(3)'s "Fraud On The Court" Standard. ..... 5

1. The Standard For "Fraud On The Court" Is Exacting, And Must Be Proven By Clear And Convincing Evidence. ..... 6

2. Plaintiff's Motion Contains No Newly-Discovered Information: The Alleged "Fraud" Fails Because Of Plaintiff's Own Lack Of Diligence. ..... 7

3. The Alleged "Fraud" Fails Because It Is Based On Intrinsic Matters And Litigation Advantage, Not The Kind Of Misconduct Rule 60(d)(3) Requires. ..... 8

4. The Alleged "Fraud" Fails Because It Was Not Outcome-Determinative. ..... 10

C. The Motion Is Grossly Over-Length And Its Excess Should Be Disregarded. ..... 10

IV. CONCLUSION ..... 11



DUANE MORRIS LLP
415-957-3225
One Market Plaza, Suite 2200, San Francisco, CA 94105

## TABLE OF AUTHORITIES

**Federal Cases**

*Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769 (9th Cir. 2003) .......... 7-8

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944) .......... 7-8

*Hennessey v. Americredit Fin. Servs. Inc.*, No. 3:24-CV-05145-DGE, 2024 WL 4881964 (W.D. Wash. Nov. 25, 2024) .......... 8

*Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097 (9th Cir. 2006) .......... 5

*In re Levander*, 180 F.3d 1114 (9th Cir. 1999) .......... 7, 9

*McCarthy v. Mayo*, 827 F.2d 1310 (9th Cir. 1987) .......... 4

*Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708 (9th Cir. 2001) .......... 9

*Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291 (9th Cir. 1982) .......... 4

*United States v. Estate of Stonehill*, 660 F.3d 415 (9th Cir. 2011) .......... 6, 9

*United States v. Beggerly*, 524 U.S. 38 (1998) .......... 6

*United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157 (9th Cir. 2017) .......... *Passim*

**Rules**

Federal Rule of Civil Procedure 60(b)(3) .......... 6

Federal Rule of Civil Procedure 60(c)(1) .......... 6

Federal Rule of Civil Procedure 60(d)(3) .......... *Passim*

Western District of Washington Local Civil Rule 7(d)(3) .......... 10

Western District of Washington Local Civil Rule 7(e) .......... 10

Western District of Washington Local Civil Rule 7(e)(2)–(3) .......... 10

Western District of Washington Local Civil Rule 7(e)(4) .......... 10

Western District of Washington Local Civil Rule 7(e)(6) .......... 10

Western District of Washington Local Civil Rule 7(f) .......... 10

Western District of Washington Local Civil Rule 7(h)(2) .......... 5



DUANE MORRIS LLP
415-957-3225
One Market Plaza, Suite 2200, San Francisco, CA 94105

## I. INTRODUCTION

Plaintiff Rivka Spivak's styled "Motion to Vacate"—brought ***five and a half years*** after this Court dismissed her claims with prejudice and ***nearly five years*** after the Ninth Circuit issued its mandate after she abandoned her appeal—is another belated and transparent attempt to relitigate settled claims. Plaintiff's Motion is based entirely on evidence she possessed in 2021, and arguments that were or could have been presented to the Court at that time. The Motion should be denied.

Plaintiff invokes a "fraud on the court" theory under Federal Rule of Civil Procedure 60(d)(3) as a magic bullet, but she cannot demonstrate—let alone by clear and convincing evidence—that independent action is required to prevent a grave miscarriage of justice, as required. Her allegations come nowhere near the demanding "fraud on the court" standard: they describe, at most, Google LLC's ("Google")[1] purported non-disclosure of evidence and a disputed characterization of a record that was squarely before the Court in 2021—intrinsic matters that are not "fraud on the court" as a matter of law. Plaintiff suggests that the alleged "fraud" would have resulted in a different outcome, in her favor, but the Court's decision rested on multiple, independent grounds so the alleged "fraud" was not outcome-determinative. Each of these defects is independently fatal.

In the years since the Ninth Circuit mandate issued, Plaintiff pursued a second arbitration against Google (which was dismissed against her), and Washington State Court declared her a vexatious litigant and enjoined her from filing new claims against Google without leave. Plaintiff now seems to have re-set her sights on this federal court action, submitting a grossly-overlength Motion re-packaging appellate arguments as "fraud on the court" in hopes of resuming litigation in this Court. The Court should deny the Motion and let stand the finality of its judgment.

///

///

///

---

[1] Alphabet Inc. is erroneously named as a defendant. Google LLC, a subsidiary of Alphabet Inc., was Plaintiff's employer and the defendant in the prior proceedings. (*See generally* Dkt. No. 3.)


DUANE MORRIS LLP
415-957-3225
One Market Plaza, Suite 2200, San Francisco, CA 94105

## II. PROCEDURAL HISTORY

### A. 2015 To 2019: Plaintiff Files An EEOC Charge And Arbitration Relating To Her Employment With Google; The Arbitration Is Dismissed With Prejudice.

This dispute originates from Plaintiff's employment at Google between 2012 and 2015 and her allegations of pregnancy and gender discrimination and retaliation. *Order on Defendants' Motion to Dismiss and Motion to Strike*, Dkt. No. 56, at 2 (W.D. Wash. Feb. 12, 2021). In June 2015, she filed an EEOC charge and commenced a JAMS arbitration before the Hon. Robert Baines (Ret.). *Id.* at 3. The parties actively litigated the arbitration case for several years. *Id.* at 3-8. On July 22, 2019, at Plaintiff's own request, the Arbitrator dismissed the arbitration with prejudice. *Id.* at 8.

### B. October 2020 To February 2021: Plaintiff Files This Action Seeking To Re-Litigate Claims, And The Court Dismisses Her Complaint With Prejudice.

In October 2020—more than a year after the arbitration ended—Plaintiff filed this action asserting conspiracy under 42 U.S.C. § 1985, RICO, and invasion of privacy, premised on alleged misconduct by Google and its counsel during the EEOC investigation and arbitration. *Order on Defendants' Motion to Dismiss and Motion to Strike*, Dkt. No. 56, at 2 (W.D. Wash. Feb. 12, 2021). Google moved to dismiss (Dkt. No. 31), moved to strike (Dkt. No. 30), and requested judicial notice of the arbitration orders (Dkt. No. 32). *Id.* at 1. On February 12, 2021, this Court granted the motion and ***dismissed all claims with prejudice*** on four independent grounds: claim preclusion (*id.* at 11); issue preclusion (*id.* at 15); the Federal Arbitration Act's time bar, because Plaintiff waited over a year to file this case (*id.* at 16); and, as to her post-arbitration claims, failure to state a plausible claim under Rule 8 (*id.* at 17). Judgment was entered on February 16, 2021. *Judgment*, Dkt. No. 57 (W.D. Wash. Feb. 16, 2021).

### C. February 2021: Plaintiff Already Argued—And The Court Rejected—The Concealment Theory She Repeats Here.

Plaintiff's "fraud on the court" theory in her Motion is not new. In 2021, she argued that she could not have brought her claims earlier and that material facts had been concealed. *Order on Defendants' Motion to Dismiss and Motion to Strike*, Dkt. No. 56, at 14 (W.D. Wash. Feb. 12,


DUANE MORRIS LLP
415-957-3225
One Market Plaza, Suite 2200, San Francisco, CA 94105

2021). The Court further found that Plaintiff raised nearly every single claim of misconduct she presses here in the arbitration, and even sought leave to add specific claims about them. *Id.* at 13. The Court also expressly applied the rule that "fraud intrinsic to an underlying litigation has no impact on that judgment's res judicata effect." *Id.* at 14.

### D. March To October 2021: Plaintiff Appeals This Court's Dismissal, Then Abandons Her Appeal.

Plaintiff appealed the next month. *Notice of Appeal*, Dkt. No. 58 (W.D. Wash. Mar. 1, 2021). On September 15, 2021, the Ninth Circuit granted Google's motion to dismiss the appeal for failure to prosecute, to which "no opposition ha[d] been filed," and dismissed the appeal. *Order Dismissing Appeal*, Dkt. No. 60, at 1 (9th Cir. Sept. 15, 2021). The mandate issued October 7, 2021. *Mandate of the U.S. Court of Appeals*, Dkt. No. 61 (9th Cir. Oct. 7, 2021). The judgment has been final and unappealable for ***nearly five*** years.

### E. March 2023 To 2025: Plaintiff Continues Serial Litigation Against Google, And Washington State Court Declares Her A Vexatious Litigant And Enjoins Her From Further Litigation.

Plaintiff did not cease her litigation efforts against Google. In March 2023, she initiated a ***second*** JAMS arbitration arising from the same employment; Google obtained summary judgment on res judicata, collateral estoppel, and limitations grounds, and that arbitration was dismissed with prejudice on October 24, 2023. *Complaint for Declaration of Vexatious Litigant Status and for Preliminary and Permanent Injunctive Relief (King County Super. Ct. Nov. 29, 2023)*, Dkt. No. 62-23, at 2 (W.D. Wash. Aug. 27, 2026). In November 2023, Google filed a Complaint in King County Superior Court, Case No. 23-2-23572-0 SEA, seeking to have Plaintiff declared a vexatious litigant. *Id.* at 1. The Superior Court granted that relief on January 20, 2024 (preliminary injunction), and September 27, 2024 (permanent injunction), declaring Plaintiff a vexatious litigant and imposing a pre-filing injunction that requires her to obtain a pre-filing order before asserting claims against Google. *Google's Opposition to Plaintiff's Motion for Leave to File Claims Pursuant to Injunction (King County Super. Ct. 2025)*, Dkt. No. 62-21, at 1 (W.D. Wash. Aug. 27, 2026). This Motion is yet another chapter in the serial vexatious litigation that injunction was entered to curb.

///


DUANE MORRIS LLP
415-957-3225
One Market Plaza, Suite 2200, San Francisco, CA 94105

### F. 2026: Plaintiff Files This Motion To Vacate, Based On Documents She Has Had In Her Possession Since The Inception Of This Action.

On August 27, 2026—***more than five years*** after the 2021 judgment—Plaintiff filed the instant 32-page Motion to Vacate under Rule 60(d)(3), contending that Google procured the 2021 judgment by fraud on the court by misrepresenting and withholding arbitration and EEOC records. *Plaintiff's Rule 60(d)(3) Motion to Vacate Judgment*, Dkt. No. 62, at 1-2 (W.D. Wash. Aug. 27, 2026). Every document she relies upon is a 2015-2019 arbitration or EEOC record that was in her own possession (or she participated in) at the time of the 2021 briefing. *Id.* at 3, 7.

## III. LEGAL ARGUMENT

### A. This Motion Is A Procedurally Improper Attempt To Relitigate, And A Time-Barred Substitute For The Appeal Plaintiff Abandoned.

Before reaching Rule 60(d)(3)'s demanding standard, the Court should recognize this Motion for what it is: a belated effort to relitigate rulings Plaintiff already lost and then abandoned on appeal. A motion for relief from a judgment "cannot be used as a substitute for an appeal." *McCarthy v. Mayo*, 827 F.2d 1310, 1318 (9th Cir. 1987). A party who takes "a conscious and deliberate decision not to appeal" is precluded from later raising in a Rule 60 motion an issue that could have been presented to the court of appeals. *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982).

Plaintiff's Motion is not about "fraud" at all; rather, it re-argues the merits of this Court's 2021 preclusion and FAA rulings. She contends that the Arbitrator never adjudicated "Claimset B," that the identity-of-claims test was not satisfied, and that the Court should not have given the arbitration preclusive effect. Those are quintessential ***appellate*** arguments about whether the Court correctly applied claim preclusion, issue preclusion, and the FAA time bar—the very grounds on which it dismissed her case with prejudice. A litigant's disagreement with how a court applied preclusion is a matter for appeal, not a Rule 60(d)(3) motion, and relabeling that disagreement "fraud on the court" does not change its character. *Cf. United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1168-69 (9th Cir. 2017) (fraud that the movant knew of, or through due diligence could have discovered, before judgment is not fraud on the court, and relief is available only to prevent a grave


DUANE MORRIS LLP
415-957-3225
One Market Plaza, Suite 2200, San Francisco, CA 94105

miscarriage of justice).

Plaintiff had every opportunity to litigate these issues, and she did: She opposed Google's motion to dismiss and its request for judicial notice, and she filed a surreply. *Order on Defendants' Motion to Dismiss and Motion to Strike*, Dkt. No. 56, at 1 (W.D. Wash. Feb. 12, 2021). She then appealed, and abandoned that appeal, which the Ninth Circuit dismissed for failure to prosecute. *Order Dismissing Appeal*, Dkt. No. 60 (9th Cir. Sept. 15, 2021). Her time to move for reconsideration expired 14 days after the 2021 Order (W.D. Wash. Local Civil Rule 7(h)(2)), and her time to prosecute an appeal expired years ago. Rule 60(d)(3) is not a mechanism to resurrect the appellate review she forfeited.

The current procedural posture confirms this point. After the judgment and the abandoned appeal in this action, Plaintiff focused on litigation in other forums. She initiated a second JAMS arbitration (which was dismissed with prejudice), and in November 2023, King County Superior Court declared her a vexatious litigant and entered injunctions requiring her to obtain leave of court before asserting any claim against Google. *Plaintiff's Rule 60(d)(3) Motion to Vacate Judgment*, Dkt. No. 62, at 29-30 (W.D. Wash. Aug. 27, 2026); *Google's Opposition to Plaintiff's Motion for Leave to File Claims Pursuant to Injunction (King County Super. Ct. 2025)*, Dkt. No. 62-21 (W.D. Wash. Aug. 27, 2026). Plaintiff now returns to this federal case, effectively seeking reconsideration of a years-old final judgment under a fraud label. However, Rule 60 "is not intended to remedy the effects of a deliberate and independent litigation decision that a party later comes to regret through second thoughts or subsequently-gained knowledge." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1099 (9th Cir. 2006).

Plaintiff's Motion is procedurally improper and should be denied on this basis at the outset.

### B. Plaintiff's Allegations Do Not Satisfy Rule 60(d)(3)'s "Fraud On The Court" Standard.

Even if this Court were to reach the merits of Plaintiff's Rule 60(d)(3) argument, it should be denied. Plaintiff's allegations and evidence do not come anywhere close to meeting the demanding "fraud on the court" standard under Rule 60(d)(3).

///


DUANE MORRIS LLP
415-957-3225
One Market Plaza, Suite 2200, San Francisco, CA 94105

**1. The Standard For "Fraud On The Court" Is Exacting, And Must Be Proven By Clear And Convincing Evidence.**

Fraud on the court must be a "material, intentional misrepresentation that could not have been discovered earlier, even through due diligence." *United States v. Sierra Pacific Indus., Inc.*, 862 F.3d 1157, 1167, 1169 (9th Cir. 2017). Rule 60(d)(3) is reserved for "fraud on the court" and "should be available only to prevent a grave miscarriage of justice." *Id.* at 1167; *United States v. Beggerly*, 524 U.S. 38, 47 (1998). Rule 60(d)(3) only encompasses species of fraud which "defile[s] the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task." *U.S. v. Estate of Stonehill*, 660 F.3d 415, 444 (9th Cir. 2011). It must be proven "by clear and convincing evidence," *Stonehill* at 443, and must constitute "an unconscionable plan or scheme which is designed to improperly influence the court in its decision," and must go "to the central issue in the case." *Sierra Pacific*, 862 F.3d at 1168.

The inquiry turns not on harm to the opposing party, but on harm to "the integrity of the judicial process," which "involves far more than an injury to a single litigant." *Stonehill*, 660 F.3d at 444. Indeed, Rule 60(d)(3)'s "fraud on the court" standard is much more difficult to clear "than the lower showing required for relief under Rule 60(b)(3)." *Sierra Pacific*, 862 F.3d at 1167. If mere failure to furnish relevant information was permissible as fraud under a Rule 60(d)(3) motion, then "the strict 1-year time limit on such motions [under Rule 60(b)(3)] would be set at naught." *Beggerly*, 524 U.S. at 46.

Consistent with this exacting standard, although relief for fraud on the court is not expressly subject to Rule 60(c)(1)'s one-year time limit, it does not follow that such relief is available at any time and without regard to delay. The power to set aside a judgment for fraud on the court is a creature of equity, to be exercised "with restraint and discretion" and "[o]ut of deference to the deep-rooted policy in favor of the repose of judgments." *Stonehill*, 660 F.3d at 443-44; *Sierra Pacific*, 862 F.3d at 1167. For that reason, such relief is "available only to prevent a grave miscarriage of justice." *Beggerly*, 524 U.S. at 47; *Sierra Pacific*, 862 F.3d at 1166. As such, a movant's own lack of diligence can defeat Rule 60(d)(3) relief. Where the moving party "through due diligence could have discovered" the alleged concealment or misrepresentation, the supposed fraud does "not disrupt


DUANE MORRIS LLP
415-957-3225
One Market Plaza, Suite 2200, San Francisco, CA 94105

the judicial process" and is not fraud on the court at all. *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003); *Sierra Pacific*, 862 F.3d at 1168.

**2. Plaintiff's Motion Contains No Newly-Discovered Information: The Alleged "Fraud" Fails Because Of Plaintiff's Own Lack Of Diligence.**

Relief for fraud on the court "is available only where the fraud was not known at the time of settlement or entry of judgment." *Sierra Pacific*, 862 F.3d at 1168. That is not the case here,

Plaintiff's delay is long, unexplained, and fatal to her Motion. Judgment was entered on February 12, 2021. Plaintiff filed this Motion on August 27, 2026—more than ***five*** years later, and roughly ***seven*** years after the 2019 arbitration events on which the Motion is built. Plaintiff does not even attempt to explain why she waited years to seek relief, or contend that she only recently discovered the alleged "fraud on the court." She identifies nothing newly discovered: every document and fact which she claims were withheld under her fraud theory—the arbitration's Pre-Hearing Orders Nos. 1, 6, 9, and 15 (2015–2019), her own EEOC charge, and the 2019 email exchanges among herself, Google, and the EEOC—***was in her possession and known to her*** (or, at a minimum, discoverable through due diligence)—during the 2020-2021 litigation. Each of these documents concerns the very arbitration and EEOC proceedings she litigated. *Plaintiff's Rule 60(d)(3) Motion to Vacate Judgment*, Dkt. No. 62, at 3-7 (W.D. Wash. Aug. 27, 2026). Indeed, this Court already found that "the fundamental facts of the alleged misconduct and claimed interference were known to Plaintiff during the arbitration and she specifically raised them," and that "[t]here are no material facts that Plaintiff claims were concealed." *Order on Defendants' Motion to Dismiss and Motion to Strike*, Dkt. No. 56, at 14 (W.D. Wash. Feb. 12, 2021).

Furthermore, the alleged misrepresentations Plaintiff identifies were at-issue in Google's November 2020 motion to dismiss, which she had a full opportunity to answer and did answer in her briefing. *Order on Defendants' Motion to Dismiss and Motion to Strike*, Dkt. No. 56, at 14 (W.D. Wash. Feb. 12, 2021). Because these issues were already before the Court, they "could and should [have been] exposed" then, and they cannot support fraud-on-the-court relief now. *In re Levander*, 180 F.3d 1114, 1120 (9th Cir. 1999); *Sierra Pacific*, 862 F.3d at 1168.

Plaintiff's reliance on *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944),


DUANE MORRIS LLP
415-957-3225
One Market Plaza, Suite 2200, San Francisco, CA 94105

for the proposition that a movant's lack of diligence never bars relief, is misplaced. The Ninth Circuit has squarely held that *Hazel-Atlas* "does not undermine" the after-discovered-fraud requirement. The fraud in *Hazel-Atlas* came to light only after judgment, and the movant there had in fact diligently tried (and been thwarted) in its efforts to expose the fraud before judgment. *Sierra Pacific*, 862 F.3d at 1168-69. The Ninth Circuit further explained that *Appling* "clarified that where the moving party 'through due diligence could have discovered' the alleged" fraud, it "does not constitute fraud on the court." *Id.* at 1169 (quoting *Appling*, 340 F.3d at 780). Plaintiff is the opposite of the *Hazel-Atlas* movant: she possessed every document she now points to, raised the very same misconduct allegations in the arbitration and in her 2020-2021 briefing, and offers no explanation for waiting over five years. *Hazel-Atlas* thus only confirms that her allegations are not "fraud on the court."

Plaintiff's Motion rests on facts she possessed or could have discovered through due diligence all along, and she offers no excuse for her lack of diligence. These circumstances fall far short of the demanding equitable standard for relief under Rule 60(d)(3) and do not prevent the grave miscarriage of justice that fraud-on-the-court relief requires. The Motion fails for this independent reason.

**3. The Alleged "Fraud" Fails Because It Is Based On Intrinsic Matters And Litigation Advantage, Not The Kind Of Misconduct Rule 60(d)(3) Requires.**

Even if the Court were to reach the merits of the alleged fraud, Plaintiff's allegations do not come anywhere near "fraud on the court" as a matter of law. Plaintiff's entire theory is that Google gained a litigation advantage over her by not placing certain arbitration and EEOC records before the Court and by characterizing that record in a way she disputes. This is at best a quarrel about advocacy strategy, not a corruption of the Court's own processes. That is the paradigm of an injury "to a single litigant," not harm to "the integrity of the judicial process," and it falls outside Rule 60(d)(3) for this reason alone.

Indeed, "[m]ere nondisclosure of evidence is typically not enough to constitute fraud on the court," and matters already before the court "could and should be exposed then." *Sierra Pacific*, 862 F.3d at 1168; *see also Hennessey v. Americredit Fin. Servs. Inc.*, No. 3:24-CV-05145-DGE, 2024


DUANE MORRIS LLP
415-957-3225
One Market Plaza, Suite 2200, San Francisco, CA 94105

WL 4881964 at *8 (W.D. Wash. Nov. 25, 2024) (non-disclosure of documents does not rise to the level of fraud on the court). Even "perjury by a party or witness, by itself, is not normally fraud on the court" unless it is "so fundamental that it undermined the workings of the adversary process itself." *Stonehill*, 660 F.3d at 444-45. The reason for this is because "the plaintiff had the opportunity to challenge the alleged perjured testimony or non-disclosure because the issue was already before the court." *In re Levander*, 180 F.3d at 1119-20. Such matters "could and should be exposed at trial." *Id.* at 1120.

In fact, the Court already considered and rejected the identical concealment argument in 2021, holding that "[t]here are no material facts that Plaintiff claims were concealed," and expressly applying the intrinsic-fraud rule that "fraud intrinsic to an underlying litigation has no impact on that judgment's res judicata effect." *Order on Defendants' Motion to Dismiss and Motion to Strike*, Dkt. No. 56, at 14 (W.D. Wash. Feb. 12, 2021). Rule 60(d)(3) is not a vehicle to relitigate a question the Court has already decided, for such would otherwise convert every disappointed litigant's disagreement with a preclusion ruling into perpetual grounds for reopening the judgment. *Sierra Pacific*, 862 F.3d at 1168.

Further, much of Plaintiff's Motion attacks Google's legal positions, in particular, its reliance on preclusion authority such as *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708 (9th Cir. 2001), which she now says was "inapplicable" and improperly paired with other authority. Plaintiff offers this as purported evidence of Google's intent to deceive. However, a party's legal arguments—even aggressive, or ultimately mistaken ones (Google's were not)—are advocacy, not fraud on the court, and advancing them is not evidence of "an unconscionable plan or scheme . . . designed to improperly influence the court." *Sierra Pacific*, 862 F.3d at 1168. The Court independently evaluated the preclusion question and adopted Google's position on the merits. A dispute over which legal authorities control (*Owens* versus its later treatment in "*Ruiz*") is a quintessential legal argument to be resolved on the merits and on appeal—not evidence that Google defiled the judicial machinery.

In sum, the "fraud" Plaintiff alleges comprises injuries to her own litigation position, debate about legal authorities and the Court's application of them, and other intrinsic issues which do not


DUANE MORRIS LLP
415-957-3225
One Market Plaza, Suite 2200, San Francisco, CA 94105

constitute "fraud on the court" under Rule 60(d)(3) as a matter of law. Google strongly disputes that any alleged fraud occurred, but even taking Plaintiff's arguments at face value, they fall far short of the clear and convincing evidence required for independent action under Rule 60(d)(3).

**4. The Alleged "Fraud" Fails Because It Was Not Outcome-Determinative.**

Even if Plaintiff's arbitration-scope theory were credited, it touches only the preclusion grounds for the Court's 2021 decision. This Court dismissed her post-arbitration Section 1985, RICO, and invasion-of-privacy claims independently under Rule 8 as resting on "implausible allegations and unwarranted inferences," *Order on Defendants' Motion to Dismiss and Motion to Strike*, Dkt. No. 56, at 22 (W.D. Wash. Feb. 12, 2021), and dismissed her arbitration-related claims on the independent FAA time bar as well. *Id.* at 16. Those grounds do not depend on any characterization of what the arbitrator adjudicated, so no alleged misrepresentation about the arbitration could have "affect[ed] the outcome of the case." *Sierra Pacific*, 862 F.3d at 1168.

The absence of any outcome-determinative misrepresentation is, by itself, fatal to Plaintiff's fraud-on-the-court claim and another independent reason to deny the Motion.

**C. The Motion Is Grossly Over-Length And Its Excess Should Be Disregarded.**

The Motion also violates this District's length limits. Under Local Civil Rule 7(e), a motion of this kind (noted on the 21-day calendar under LCR 7(d)(3)), "shall not exceed 4,200 words or, if written by hand or with a typewriter, twelve pages." W.D. Wash. Local Civil Rule 7(e)(2)–(3). Plaintiff's Motion is **32 pages** long and certifies **8,333 words**. *Plaintiff's Rule 60(d)(3) Motion to Vacate Judgment*, Dkt. No. 62, at 1, 31 (W.D. Wash. Aug. 27, 2026). It thus exceeds the applicable limit by nearly double—and exceeds even the highest ceiling the Local Rules allow for any motion, the 8,400-word/24-page limit reserved for dispositive motions and their responses. W.D. Wash. Local Civil Rule 7(e)(4). Over-length briefs are "disfavored" and require prior leave of court, sought by a separate motion filed at least three days in advance. W.D. Wash. Local Civil Rule 7(f). Plaintiff neither sought nor obtained such leave.

The Court "may refuse to consider any text, including footnotes, which is not included within the word or page limits," and should decline to consider Plaintiff's Motion insofar as it exceeds the limit. W.D. Wash. Local Civil Rule 7(e)(6).


DUANE MORRIS LLP
415-957-3225
One Market Plaza, Suite 2200, San Francisco, CA 94105

## IV. CONCLUSION

Plaintiff's Motion asks the Court to set aside a final judgment that has stood for more than five years, on a concealment theory which fails under Rule 60(d)(3) and which the Court already rejected, using documents that were all previously available to Plaintiff, and in a filing that flouts the Court's length limits. Plaintiff's arguments do not come anywhere close to meeting the exacting standard for fraud on the court under Rule 60(d)(3). Google respectfully requests that the Court deny the Motion to Vacate in its entirety.

Dated September 17, 2026

**DUANE MORRIS LLP**

By: /s/Jessica La Londe

Jessica E. La Londe, WSBA No. 563991
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001
Email: jelalonde@duanemorris.com

Attorneys for Defendant ALPHABET INC.

I certify that this memorandum contains 3,974 words, in compliance with the Local Civil Rules.

/s/Jessica La Londe

Jessica E. La Londe, WSBA No. 563991