Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RIVKA SPIVAK,<br>Plaintiff,<br>v.<br>ALPHABET INC, et al.<br>Defendants. | Case No. 2:20-cv-01480-TL<br>PLAINTIFF'S REPLY ISO MOTION TO VACATE JUDGMENT UNDER RULE 60(d)(3)<br>Noted on Motion Calendar: Thursday September 24, 2026 |

## I. REPLY

Alphabet Inc. ("Google"[1])'s Opposition is not substantive. It opens with an irrelevant procedural narrative instead of disputing Plaintiff's factual allegations. That narrative is inaccurate, immaterial, and functions only to avoid the optics of jumping straight into legal

[1] Google Inc. became Alphabet Inc. on October 5, 2015. Plaintiff signed her EEOC charge in June 2015 and filed for arbitration in July 2015, both against Google Inc. Those liabilities transferred to Alphabet Inc., and all subsequent defense and misconduct stemmed from them.


**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

argument. Google's legal argument is likewise largely unresponsive: Google nakedly claims Plaintiff 's motion fails under Rule 60(d)(3) and then fills paragraphs with citations divorced from context or analysis. When Google does attempt analysis, it misstates case law or ignores distinguishing facts. Its delay and diligence arguments rest on misquoted holdings; its outcome-determinative arguments are logically and legally impossible and contradict its prior litigation positions; its word-count objection seeks discretionary relief with unclean hands; and its remaining points are false or hollow. Rule 60(d)(3) is an equitable remedy, and the unchallenged allegations and evidence in Plaintiff's motion more than satisfy the rule and justify its application.

## II. REPLY POINTS

### A. Google Misrepresents and Misquotes Case Law on "Diligence" (page 6, 7)

Google misrepresents *In re Levander* and *Sierra Pacific*. Both decisions rely on *Gleason v. Jandrucko*, 860 F.2d 556 (2d Cir. 1988), for the narrow proposition that perjury or nondisclosure occurring in a context where the party had the opportunity to litigate through discovery, depositions, and trial or settlement is not fraud on the court. Google quotes *Levander* as holding that any issue "already before the Court" must be raised immediately, but that is not what *Levander* says. The sentence Google cites is *Levander*'s summary of *Gleason*, and the actual language in *Levander* is: *perjury is an evil that could and should be exposed* ***at trial*** (emphasis added).

Google cuts the quote short: *Because these issues were already before the Court, they 'could and should [have been] exposed' then, and they cannot support fraud-on-the-court relief now* (Dkt. 66 at 7). Google's omission of the words "at trial" and substitution of "then" materially alters the meaning.



**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

Google argues "Plaintiff had every opportunity to litigate" suggesting parallel circumstances as if Plaintiff had years of active discovery and deposition prior to judgment. But here Plaintiff had no opportunity to take depositions, question witnesses, or receive responsive interrogatories.[2] Google's 12(b)(6) motion and posture terminated the case before **any** discovery could begin**.**

*Levander* and *Sierra Pacific* both involved full discovery and opportunity to robustly investigate suspected fraud. And *Gleason*, on which those cases rely, expressly denied the applicability of its holding to fraud occurring in a pre-discovery posture that prevented the aggrieved party from proceeding. When reviewed without selective editing, Google's cited authority does not support its conclusions.

### B. Google's Assertion That Plaintiff Had Every Opportunity to Litigate Fraud Cannot Be Reconciled with Its Contemporaneous Threats

Google argues that Plaintiff had a full opportunity to litigate the alleged fraud in November 2020 and should have raised its misconduct then. But on November 9, 2020, Google sent Plaintiff a letter threatening Rule 11 sanctions, insisting she was legally obligated to dismiss her complaint with prejudice. Plaintiff could not have covered the legal fees Google threatened against her. On November 10, 2020, Google filed the fraudulent motion to dismiss.

Google now tells this Court that Plaintiff had a full and fair opportunity to litigate her allegations of fraud to include fraud and should have done so. But Google was concurrently

---

[2] Throughout the parties' entire procedural history, Plaintiff has never had this opportunity. Plaintiff has never had the opportunity for discovery-supported litigation in any forum. The only responsive discovery Plaintiff has received was an eDiscovery production in 2018, prior to the arbitrator's July 2019 dismissal and well before the filings in this Court.



**RIVKA SPIVAK,** ***Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

accusing Plaintiff of misconduct and threatening her with financial ruin. A party cannot claim a litigant had a "full and fair opportunity" while simultaneously threatening sanctions that would make litigation impossible. Exhibit 23 is a true and correct copy of Google's Rule 11 letter. Google should be equitably estopped from asserting any timeliness or diligence arguments.

**C. Plaintiff's Motion is Not an Appeal (page 4)**

Plaintiff makes no appellate arguments in her motion or in this reply.

**D. Plaintiff Does Not Argue that the Court Misapplied Preclusion (page 4)**

Plaintiff asserts Google fabricated the procedural history and convinced the Court to accept it as true. Google repeatedly reframes this as allegations that the Court made legal errors. Plaintiff denies all such mischaracterization. Unable to dispute evidence or deny its misrepresentations, Google shifts blame to the Court, demonstrating ongoing scienter.

**E. Plaintiff's Motion is Not Based on a Concealment Theory**

Google misrepresents Plaintiff's motion as narrowly based on concealment. Concealment was only one part of a scheme that included affirmative factual misrepresentations, fabrication of procedural history, and intentional misdirection.

**F. Google's FAA Argument Is Logically and Legally Impossible (page 10)**

Google argues that dismissal based on the FAA's time bar is an independent ground unaffected by fraud because it does not depend on any characterization of what the arbitrator adjudicated. This is logically and legally impossible. The FAA time bar applies only to



**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

challenges to arbitration awards; Google's fabricated procedural history determined which claims were treated as such. An FAA dismissal cannot be "independent" of the misrepresentation of the identity of claims included in the arbitration award.

### G. Google's Rule 8 Argument Cannot Be Reconciled with Its Own Characterization of the Claims (page 10)

Google asserts "This Court dismissed her post-arbitration Section 1985, RICO, and invasion-of-privacy claims independently under Rule 8… Those grounds do not depend on any characterization of what the arbitrator adjudicated."

This fails basic logic. Google concedes, as it must, that Rule 8 was applied only to post-arbitration claims. That necessarily depends on the characterization of which claims were adjudicated. Google cannot simultaneously argue that Rule 8 applies only to post-arbitration claims and that Rule 8 does not depend on the characterization of arbitration claims.

### H. Google's Prior Posture Judicially Estops Its Rule 8 Argument (page 10)

Plaintiff's motion includes unopposed allegations and unchallenged evidence that Google previously represented—to Plaintiff's detriment—that this Court dismissed **all** claims on preclusion grounds and that **all** claims arose from her employment and first arbitration. (Dkt. 62 at 29; Exhibit 22.)

Google also argued in this Court:

> Plaintiff's Section 1985, RICO and privacy claims are premised on alleged conduct by Google and Johnsrud in the arbitration and related legal proceedings. The Arbitrator dismissed Plaintiff's claims with prejudice, which constitutes a final judgment on the merits for purposes of claim preclusion." (Dkt. 31 at 7)

And:



**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

> Here, all of Plaintiff's claims are premised, as shown above, on allegations that were or could have been brought in the prior proceedings. Plaintiff is therefore precluded from relitigating them in this forum and no amendment of the Complaint could possibly cure this defect. (Dkt. 31 at 24)

But this Court's dismissal order applied Rule 8 only to post-arbitration claims that were not precluded. Under Google's prior prevailing litigation posture, no such claims existed. Google should be judicially estopped from now asserting the opposite.

### I. Google's Posture That This Motion Is About Plaintiff Is Disingenuous (page 8)

Google argues that Rule 60(d)(3) is unavailable because the fraud concerns single-litigant injury and this does not harm the integrity of the judicial process. But Plaintiff is not the only party implicated, and Google puts its own significance at issue when it implies that Plaintiff's allegations are insignificant because she is insignificant. Google is fully aware of its global standing and the broad public, judicial, and legislative interest it commands.

Plaintiff's motion includes thirty pages of allegations that Google engaged in fraud and misrepresentation before this and other tribunals to avoid judicial oversight, scrutiny, or adjudication of the discrimination, retaliation, obstruction, and criminal allegations raised against it. Google's framing ignores its own influence and the interests Rule 60(d)(3) protects.

### J. Google Ignores Plaintiff's Introduction of Recent Evidence

Google incorrectly asserts Plaintiff introduces no evidence she did not possess in 2021. Plaintiff introduced evidence from 2023–2025 proceedings (Ex. 19, 20, 22) showing Google's inconsistent litigation positions and providing direct evidence of scienter. Google ignores this



**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

evidence because it cannot deny its truth or materiality, and because it undermines its diligence and timeliness arguments.

### K. Google's Timeliness Argument is Legally Frivolous and Factually Unsupported

As Google notes, Plaintiff did not attempt to justify her "delay" because Rule 60(d)(3) imposes no timeliness requirement. Nevertheless, Google argues that the one-year time limit applicable to Rule 60(b)(3) should be used here. That argument is legally frivolous—time limits do not apply to Rule 60(d)(3) by design. Furthermore, any attempted application fails on the facts. Google is aware of triggering procedural events and new evidence arising strictly within the year prior to the instant motion.

1. A day after Google's local counsel abruptly withdrew from the case that Google brought against Plaintiff in King County, Plaintiff had cause to scrutinize Google's recent filings. She discovered that local counsel had stopped signing filings prior to withdrawing. Plaintiff immediately filed multiple notices of Rule 11 noncompliance. (Exhibit 20)
2. Google's lead attorney sent Plaintiff an email violating multiple Rules of Professional Conduct, disregarding controlling black-letter law, and demonstrating scienter. (Exhibit 20)
3. Plaintiff filed notice in state court stating that based on Google's recent filings and email "Spivak now recognizes that relief is available in federal court." She cited this action and Rule 60. Exhibit 24 is a true and correct copy of this notice.

Plaintiff disputes any diligence requirement, but notes Google's ongoing distortion and denial of the procedural record.



**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

**L. Plaintiff's Motion Is Not an Attack on Google's "Legal Positions"**

Plaintiff asserted the Court was not misled by Google's legal arguments and did not allege it misapplied the law. Plaintiff documented Google's factual misrepresentations and fabrication of the procedural record. Google's reframing of Plaintiff's documentation of its misconduct as a dispute over legal authority is inaccurate.

**M. The Introduction of *Beard* Is Not Advocacy**

Plaintiff's motion quoted Docket 30 to evidence Google's scienter, not to acknowledge and dispute it as a genuine legal position.

> A dismissal with prejudice is a final adjudication on the merits for claim preclusion purposes. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001); *Beard v. Sheet Metal Workers Union*, *Local 150*, 908 F.2d 474, 477 n.3 (9th Cir. 1990) (voluntary dismissal with prejudice would have res judicata effect).

The parenthetical is not "advocacy" or a "legal position" on controlling authority. It is a fabrication. *Beard* does not hold that. *Owens* does not hold that. No case introduced by Google holds that. Google took a stray hypothetical from a footnote in a voluntary dismissal case, stitched it into a parenthetical summarizing an involuntary dismissal case, and invented a rule that neither case supports. This is not advocacy or mistake.

Google introduced false authority — not weak or disputed or distinguishable authority, but **false authority** — to misdirect Plaintiff so she would not provide the Court with the procedural record. Google buries *Beard* entirely, hand-waving its omission of *Ruiz* while pretending *Beard* never happened.

**N. Google's Word-Limit Argument Reflects Gamesmanship, Not Prejudice**


RIVKA SPIVAK, *Pro Se*
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

Plaintiff noted her motion 28 days from filing and adhered to the 28-day motion word limit. Google's accusation that Plaintiff 'flouts' the limits is untrue and reckless. Plaintiff filed in good-faith, believing the 28-day schedule applied. If Google genuinely believed the motion was overlength, it could have objected when Plaintiff had the ability to seek leave or amend and renote. Instead, Google raised no objection, filed its opposition on the 28-day briefing schedule, and then claimed outrage. Google does not argue it has been prejudiced, and its objection is gamesmanship, supporting the Court's discretion to consider the motion as filed.

**O. Conclusion**

Google's opposition does not dispute Plaintiff's detailed and serious factual allegations. Its legal arguments rely on boilerplate, misquoted, misrepresented or inapplicable authority, logical impossibilities, and omissions that cannot overcome the Court's mandate to defend its own integrity and the equitable remedy of Rule 60(d)(3).

Respectfully Submitted on September 24, 2026

s/Rivka Spivak
Rivka Spivak
128 NE 51st Street
Seattle, WA 98105
617.519.1100
rebeccaspivak@outlook.com

I certify that this memorandum in reply contains 2019 words, including footnotes, and excluding the portions exempted by LCR 7(e).

s/Rivka Spivak
Rivka Spivak

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2026, I electronically filed the foregoing Motion and all accompanying exhibits through the Court's CM/ECF system. Under FRCP 5(b)(2)(E), service will be accomplished automatically via CM/ECF upon all counsel of record appearing in this action.

I declare under penalty of perjury under the laws of the United States of America and the state of Washington that the foregoing is true and correct.

Signed at Seattle, Washington this 24th day of September, 2026.

Signed,

s/Rivka Spivak
Rivka Spivak
128 NE 51st Street
Seattle, WA 98105
617.519.1100
rebeccaspivak@outlook.com

[redacted]

[redacted]