Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTER DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RIVKA SPIVAK,<br>Plaintiff,<br>v.<br>ALPHABET INC, et al.<br>Defendants. | Case No. 2:20-cv-01480-TL |

**EXHIBIT 23**

Google's Rule 11 Threat Letter (November 9, 2020)



**RIVKA SPIVAK, *Pro Se***
128 NE 51st Street, Seattle WA 98105
617.519.1100
RebeccaSpivak@outlook.com

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW

Pier 70
2801 Alaskan Way, Suite 300
Seattle, Washington 98121

OFFICE 206.624.8300
FAX 206.340.9599

**Kellen A. Hade**
kellen.hade@millernash.com
206.777.7411 direct line

November 9, 2020

**BY EMAIL AND US MAIL**

Rivka (Rebecca) Spivak
128 NE 51st Street
Seattle, WA 98105
rebeccaspivak@outlook.com

Subject: Rule 11 Obligations, Spivak v. Alphabet Inc., et al.
Case No. 20-cv-01480-MJP (W.D. Wash 2020)

Dear Rebecca Spivak:

As you know, we represent Google LLC[1] and Brian Johnsrud in connection with this matter. Please direct any communication about this case to us. We are writing to advise you that we believe your complaint violates Rule 11 of the Federal Rules of Civil Procedure. If you do not dismiss your claims against Google and Mr. Johnsrud with prejudice and they must incur even more expense defending this case, we will ask the Court to enter sanctions against you.

"Filing a complaint in federal court is no trifling undertaking." Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002). By signing a complaint, a litigant[2] warrants to the Court that:

1. [the complaint] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, and

[1] We also represent Alphabet Inc., which we believe you named erroneously as a defendant. Without conceding their validity, the substance of your allegations makes Google LLC the proper defendant.

[2] Although you are *pro se*, we understand that you graduated from law school and are a former member of the California bar.

2. the claims [therein] are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
3. the factual contentions [therein] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. . .

FRCP 11(b)(1)-(3).

Courts use "frivolous" as shorthand for a complaint that violates Rule 11. *See* Amrani v. U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr., 2019 WL 7290728, at *2 (W.D. Wash. Dec. 30, 2019). And the subjective intent of the litigant is irrelevant. In other words, a frivolous complaint violates Rule 11 even if it is not signed in bad faith. Prof'l Mgmt. Assocs. v. KPMG LLP, 345 F.3d 1030, 1033 (8th Cir. 2003). Courts can sanction litigants for violating Rule 11, including with an award of attorneys' fees. FRCP 11(c).

Your complaint here is frivolous, if for no other reason than because it asserts claims and issues that were already litigated and decided. You concede that you "previously raised allegations that Google and their lawyers," which claims were "dismissed with prejudice" in arbitration. Complaint at ¶¶ 1, 19. Here, your Section 1985, RICO and privacy claims depend on alleged conduct by Google and Mr. Johnsrud in the arbitration and related legal proceedings. A final judgment on these claims was entered against you, and thus these claims are barred by the doctrines of claim and issue preclusion. *See* Prof'l Mgmt. Associs., 345 F.3d at 1033 (finding that the district court abused its discretion by refusing to sanction a plaintiff for filing and maintaining a frivolous lawsuit asserting claims barred by res judicata). You did not seek review of the arbitration under the exclusive procedures set forth in the Federal Arbitration Act, 9 U.S.C. Sec 1, et seq., and may not relitigate that arbitration here.

Setting aside you already unsuccessfully litigated claims made in the complaint, they are also legally and factually frivolous. Even if the complaint somehow alleged a *possible* conspiracy (it does not), no claim exists because the conspiracy is not connected to violation of any actionable federal right. And the conclusory allegation that "Google purposely scared and gaslighted Plaintiff" (Complaint at ¶ 315), is unsupported with factual allegations and untied to Google or Mr. Johnsrud.

We explain in more detail why the complaint is frivolous in the motions to dismiss and to strike that we will file on behalf of Google and Mr. Johnsrud. We

encourage you to read those motions carefully and in light of your Rule 11 obligations. Again, we believe they require you to dismiss your claims against Google and Mr. Johnsrud with prejudice. The failure to do so will compel those defendants to consider possible recourse against you, including by filing a motion for sanctions and attorneys' fees under FRCP 11(c).

Respectfully,

Kellen A. Hade

cc: Google LLC
Brian Johnsrud

4845-4228-9873.1